UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHARU DESAI,<br><br>    Plaintiff<br><br>v.<br><br>UMASS MEMORIAL MEDICAL CENTER, INC.; UMASS MEMORIAL MEDICAL GROUP; UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL, UMASS MEMORIAL MARLBOROUGH HOSPITAL, MAX ROSEN, M.D., DARREN BRENNAN, M.D., STEPHEN TOSI, M.D., AND KARIN DILL, M.D.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.:<br>**4:19-CV-10520-DHH** |

**PLAINTIFF DR. CHARU DESAI'S OPPOSITION TO THE MOTION TO DISMISS FILED BY DEFENDANT UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL**

In this action, Plaintiff Charu Desai, M.D. ("Dr. Desai") seeks damages against the UMass Memorial Medical Center, Inc.,[1] the UMass Memorial Medical Group,[2] the University of Massachusetts Medical School, UMass Memorial Marlborough Hospital, Dr. Max Rosen, Dr. Darren Brennan, Dr. Stephen Tosi, and Dr. Karin Dill for unlawful employment discrimination against her on the basis of age, race, national origin, gender/sex and/or disability, and/or for aiding and abetting discrimination, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1(k); the Americans with Disabilities Act, 42 U.S.C. § 12132, the Age Discrimination in Employment Act, 29 U.S.C. § 216(b), the

---

[1] In her Complaint, Dr. Desai incorrectly named "University of Massachusetts Medical Center, Inc." as a defendant. The correct name is "UMass Memorial Medical Center," and the caption of this matter has been revised accordingly.

[2] In her Complaint, Dr. Desai incorrectly named "University of Massachusetts Medical Group" as a defendant. The correct name is "UMass Memorial Medical Group," and the caption of this matter has been revised accordingly.

Massachusetts Fair Employment Practices Law, M.G.L. c. 151B, § 4 and/or the Massachusetts Equal Pay Act, M.G.L. c. 149, § 105A.  She also brings claims against them for breach of her employment contract and defamation.

On June 24, 2019, the University of Massachusetts Medical School (the "Medical School") moved to dismiss Dr. Desai's claims pursuant to Fed. R. Civ. P. 8 and 12(b)(6), on the grounds that none of the allegations in her Complaint relate to any action taken by, at, or on behalf of the Medical School.  The Medical School cites court decisions and the public record purportedly establishing that the Medical School and UMass Memorial Medical Center are separate entities, and argues that because (it asserts) Dr. Desai's allegations and claims relate only to her work for and employment by UMass Memorial Medical Center, her claims at the Medical School are properly dismissed.  Dr. Desai hereby opposes the Medical School's Motion to Dismiss.

Contrary to the Medical School's assertions, Dr. Desai's allegations and claims do *not* relate only to her work for and employment by UMass Memorial Medical Center.  As set forth in the Complaint itself, Dr. Desai worked at the Medical School (see Complaint ¶¶ 18 & 19). The Complaint alleges that the Medical Center is the clinical partner of the Medical School (see Complaint ¶ 2), that the Medical School is a research and teaching institution partnered with the Medical Group and Medical Center (see Complaint ¶ 8), and that Dr. Desai was a member of the faculty of the Medical School (see Complaint ¶ 9).  Not surprisingly, Dr. Desai's employment contract provides that the Medical School and the Medical Center jointly employed her.  (A true and accurate copy of Dr. Desai's Employment Agreement is attached at **Tab A**.)

It is true that ¶ 10 of the Complaint only identifies Dr. Max Rosen as Chairman of the Department of Radiology at the Medical Center, and not as Chair of the Department of Radiology of *both* the Medical Center and the Medical School.  *Dr. Rosen is in fact, however, the Chairman of the Department of Radiology at both the Medical Center and the Medical School*.  Indeed, on the website of the Medical School's Department of Radiology, Dr. Rosen states, "*Welcome to the Department of Radiology at UMass Medical School and UMass Memorial Medical Center*." (Emphasis supplied.)  A true and accurate

screenshot of the website of the Department of Radiology at the Medical School, with metadata evidencing it was taken on June 27, 2019, is attached at **Tab B.** (This welcome message from Dr. Rosen is also available at https://www.umassmed.edu/radiology/about-us/message-from-the-chair/.)[3]

As Dr. Desai has alleged in the Complaint, Dr. Rosen became Chair of the Department of Radiology in approximately 2012 and in that capacity was Dr. Desai's superior, responsible for setting Dr. Desai's discriminatorily low compensation; refusing to provide equal benefits (such as academic days off and vacation days) as those he provided to her white, male, and younger colleagues; refusing her requests for reasonable accommodations; and terminating Dr. Desai. See Complaint ¶¶ 23-30, 33-47, 50-54, 59-63. The termination letter that Dr. Rosen gave to Dr. Desai (which is signed by him in his capacity as Chairman of the Department of Radiology) is on joint letterhead of UMass Memorial *and* the Medical School, and it states that Dr. Desai's employment with "UMass Memorial Medical Group *and* the University of Massachusetts Medical School will terminate on March 17, 2019." (A true and accurate copy of the termination letter is attached at **Tab C**).

In short, Dr. Desai's allegations and claims do not relate *solely* to her work for and employment by UMass Memorial Medical Center, but to her work for and employment by both the Medical Center *and* the Medical School. Accordingly, Dr. Desai respectfully requests that the Medical School's Motion to Dismiss pursuant to Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure be denied.

To the extent that the Court grants the Medical School's Motion to Dismiss because ¶10 of Dr. Desai's Complaint misidentifies Dr. Rosen as Chair only of the Department of Radiology at the Medical Center and not as Chair of the Department of Radiology at both the Medical Center and the Medical School such that all allegations regarding Dr. Rosen's conduct are attributed only to the Medical Center and not also to the Medical School, Dr. Desai respectfully requests that it do so without prejudice, as she has simultaneously filed an Amended Complaint pursuant to Fed. R. Civ. P. Rule 15(a)(1)(B) to cure this scrivener's error.

---

[3] The Court may take judicial notice of this information pursuant to Fed. R. Evid. Rule 201(b).

Respectfully submitted,

CHARU DESAI
By her attorneys,


/s/ Patricia A. Washienko
PATRICIA A. WASHIENKO (BBO 641615)
pwashienko@fwlawboston.com
BRENDAN T. SWEENEY (BBO 703992)
bsweeney@fwlawboston.com
FREIBERGER & WASHIENKO, LLC
211 Congress Street, Suite 720
Boston, Massachusetts 02110
Telephone:  617-723-0008
Fax:  617-723-0009


Dated:  July 2, 2019