# Exhibit E

**The Commonwealth of Massachusetts
Commission Against Discrimination
484 Main Street, Room 320, Worcester, MA 01608
Phone:  (508) 453-9630 Fax: (508) 755-3861**

Date: 1/7/2019

Charu Desai
32 Whisper Drive
Worcester, MA 01609

**RE: Charu Desai v. UMass Memorial Center, UMass Memorial Medical Group, UMass Medical
School, Marlborough Hospital, Darren Brennan, Stephen E Tosi, Max Rosen, Karin Dill
MCAD Docket Number: 18WEM01247
EEOC/HUD Federal Charge Number: 16C-2018-01520**

Dear Counsel:

Enclosed, please find a copy of an Order issued in the above-referenced matter. Respondents
Marlborough Hospital and Karin Dill may file an answer within 21 days of receipt of this order

Very truly yours,

Karlyn Greene
Investigator

Enclosure

Cc:
Jesse Edwards
Director Diversity and Equal Opportunity
Office of Diversity & Incllusion
UMass Medical School
55 Lake Ave. North
Worcester, MA 01655

Karin Dill
UMass Memorial Medical Center
55 Lake Avenue North
Worcester, MA 01655

Michael P. Murphy, Esquire
MIRICK O'CONNELL
1800 West Park Dr., Suite 400
Westborough, MA 01581-3926

Patricia Washienko, Esq.
Freiberger & Washienko, LLC
211 Congress St, Suite 720
Boston, MA 02110

MCAD Docket Number 18WEM01247, Order Issued Cover Letter

# COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION

CHARU DESAI,

    Complainant

    v.

                                DOCKET NO.  18WEM01247

UNIVERSITY OF MASSACHUSETTS
MEMORIAL MEDICAL CENTER, INC.,
UNIVERSITY OF MASSACHUSETTS
MEMORIAL MEDICAL GROUP,
UNIVERSITY OF MASSACHUSETTS
MEDICAL SCHOOL,
MAX ROSEN, STEPHEN TOSI,
DARREN BRENNAN, MARLBOROUGH
HOSPITAL, KARIN DILL,

    Respondent

## ORDER

Pursuant to 804 CMR 1.09(2) and 1.10 (6) of the Commission's Rules of Procedure, the above referenced complaint is hereby amended to include additional allegations of discrimination based on age (67 years old at the time of the alleged discrimination), race/color (Non-White), national origin (India), sex (female), and disability (heart issues), in violation of M.G.L. c. 151B, section 4, paragraphs 1, 1C, 5, the ADEA, the ADA, and Title VII and to add Marlborough Hospital and Karin Dill as named Respondents to Complainant's aforementioned charges, as set forth in Complainant's Motion to Amend, dated November 29, 2018, attached hereto and incorporated by reference herein. The complaint shall henceforth be captioned *Charu Desai v. University of Massachusetts Memorial Medical Center, Inc., University of Massachusetts Memorial Medical Group, University of Massachusetts Memorial Medical School, Max Rosen, Stephen Tosi, Darren Brennan, Marlborough Hospital, Karin dill*.

SO AMENDED this **7ᵗʰ** day of **January**, 2019.

*Monserrate Quiñones*
Monserrate Quiñones
Investigating Commissioner

COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION

| | |
|---|---|
| CHARU DESAI,<br><br>Complainant,<br><br>v.<br><br>UNIVERSITY OF MASSACHUSETTS<br>MEMORIAL MEDICAL CENTER,<br>UMASS MEMORIAL MEDICAL<br>GROUP, UNIVERSITY OF<br>MASSACHUSETTS MEDICAL<br>SCHOOL, Max Rosen, M.D.,<br>Darren Brennan, M.D.,<br>and Stephen E. Tosi, M.D.<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)    MCAD No.:   18WEM01247<br>)    EEOC No.:   16C-2018-01520<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINANT'S MOTION TO AMEND CHARGE OF DISCRIMINATION

Pursuant to 804 CMR 1.10(6) and 804 CMR 1.05, Complainant Charu Desai ("Dr. Desai" or the "Complainant") hereby moves this Commission to amend her Charge of Discrimination to add Marlborough Hospital and Karin Dill, M.D., as named Respondents. Complainant's Amended Charge of Discrimination is attached hereto.

A. Complainant's Motion To Amend Should Be Granted In Order To Amplify And Clarify Her Charge Of Discrimination

On May 4, 2018, Complainant timely filed the above-captioned Charge of Discrimination. Since then, she has identified two additional Respondents growing out of the same underlying facts and circumstances. The Amendment seeks to add as named Respondents a joint employer who was identified in the original Charge of Discrimination and an individual who played a role in Complainant's termination. This Amendment also adds relevant facts not originally alleged in the Charge of Discrimination. These additional facts provide additional

1

evidence of discrimination based on age, race, national origin, gender, and disability and aiding and abetting discrimination in violation of G.L. c. 151B. These facts relate to or arise out of the subject matter of the original Charge.

It is well settled that a complainant may amend her Charge of Discrimination to clarify and amplify allegations made therein at any time prior to Certification of Public Hearing. See 804 CMR 1.10(6)(a) and (b). Amendments shall relate back to the original filing date. Id. Pursuant to 804 C.M.R. 1.09(2), the Investigating Commission, upon his/her own motion or upon motion of any party, may at any time during any proceeding or investigation make such substitution, joinder, or amendment of parties as justice or convenience may require. Here, and as set forth more fully below, justice requires such substitution. See also Conroy v. Boston Edison Co., 758 F.Supp. 54, 58-59 (D. Mass. 1991) (explaining that amended facts that "grow out of" the original Charge or which "could have reasonably been discovered through agency investigation" are properly allowed and relate back to the original filing date).

1. Marlborough Hospital Should Be Added As A Respondent

This Motion seeks to add as a named Respondent, Marlborough Hospital, which is identified in Complainant's original Charge of Discrimination as one of the hospitals where Complainant worked and as the source of the complaint that led to her termination.

Joint employment is a recognized path to liability under the anti-discrimination statutes. See Commodore v. Genesis Health Ventures, Inc., 63 Mass. App. Ct. 57, 61 (2005). A joint employer under M.G.L. c. 151B is defined as a company "possessing 'sufficient control over the work of the employees' of another company." Id. at 61 (quoting Boire v. Greyhound Corp., 376 U.S. 473, 481 (1964). Courts have also recognized joint employer liability where an employee is under simultaneous control by two employers and performs services for both. See Williams v. Westover Finishing Co., Inc., 24 Mass. App. Ct. 58, 60, (1987).

2

As described in Paragraphs 26 and 27 of her original Charge of Discrimination, Complainant worked as a Radiologist at Marlborough Hospital, and the complaint that ultimately led to her termination originated at Marlborough Hospital. (Paragraph 18 of Respondent's Position Statement confirms that the alleged internal complaint that ultimately led to Complainant's termination came from Marlborough Hospital.) As a direct consequence thereof, Marlborough Hospital had control of the terms and conditions of Complainant's employment and is therefore a joint employer.

In light of the above, it is clear that Marlborough Hospital had control over Complainant's employment with regard to the discriminatory adverse action she suffered. Accordingly, the evidence overwhelmingly supports Marlborough Hospital being added as a Respondent.

   2.   Dr. Karin Dill Should Be Added As A Respondent

This Motion also seeks to add Complainant's supervisor, Karin Dill, M.D. ("Dr. Dill"), who is identified in the original Charge of Discrimination, as a named Respondent because of her actions aiding and abetting discrimination against Complainant.

It is unlawful "[f]or any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so." G.L. c. 151B, § 4(5). In "order for an individual to be held liable for a violation of 151B [she] must have, at the very least, 'interfered' with another's rights in a manner that was in deliberate disregard of those rights." See Woodason v. Town of Norton School Committee et. al, 25 MDLR 62, 64 (2003).

Upon information and belief, Dr. Dill generated a "peer review" of Complainant that contained misrepresentations of Complainant's readings which were then used to terminate Complainant. Dr. Dill's "peer review" of Complainant's CT scan readings consisted of six cases taking place between July 1, 2016 and June 30, 2017. Dr. Dill purportedly concluded that these

six readings all contained "significant deficiencies." See Peer Review of Dr. Charu Desai by Dr. Karin Dill, attached hereto as Exhibit A. Upon review, however, Complainant discovered that the conclusions that Dr. Dill made in five of six cases were incorrect. Moreover, the sixth conclusion Dr. Dill reached (that there was a significant deficiency in the interpretation of a CT scan) was actually based on a case for which *Dr. Dill had done the reading*, not Complainant. Yet Dr. Dill still falsely claimed that the reading contained a deficiency attributable to Complainant.

At Complainant's April 24, 2018 meeting with Dr. Rosen, described in the original Charge of Discrimination, Dr. Rosen presented "evidence" that Complainant's work was of "poor quality." While much of this data was obscured, Complainant recognized some of the cases presented as the same cases that Dr. Dill reviewed in her "peer review." The presence of Dr. Dill's "reviews" in Dr. Rosen's presentation indicates that Dr. Dill cooperated with Dr. Rosen in order to generate the "independent review" that was then used to discriminatorily terminate Complainant. Because Dr. Dill's false conclusions were used as a means to terminate Complainant's employ, Dr. Dill interfered with Complainant's rights and thus aided and abetted discrimination against her. Evidence therefore supports Dr. Dill being added as an individual Respondent.

All of these amendments arise out of the same facts and circumstances described in the original Charge of Discrimination. Allowing this Amendment will cause no prejudice for either party, as Respondents will have an adequate opportunity to respond to Complainant's new, additional allegations. Moreover, this is Complainant's first request to amend her Charge of Discrimination.

## CONCLUSION

Complainant has taken prompt and affirmative steps to enforce her civil rights before this Commission. If the Motion to Amend is not allowed, justice will not be served. Complainant

will be significantly prejudiced by not being able to name all potential respondents and not being allowed to fully prosecute her legal claims against them. She therefore respectfully requests that her Motion to Amend be allowed.

RESPECTFULLY SUBMITTED,

Complainant Charu Desai, M.D.,

By her Attorneys,

Patricia A. Washienko, BBO# 641615
pwashienko@fwlawboston.com
Marc D. Freiberger, BBO # 650377
mfreiberger@fwlawboston.com
Freiberger & Washienko LLC
211 Congress Street, Suite 720
Boston, MA 02110
(617) 723-0008

Dated: November 2l, 2018

## CERTIFICATE OF SERVICE

I, Patricia A. Washienko, hereby certify that, in accord with 804 CMR 1.05(3)(d), I have this day, November 2l, 2018, served a copy of the foregoing document by electronic and first-class mail upon all parties, through counsel:

Michael P. Murphy, Esq.
Mirick O'Connell
1800 West Park Drive, Suite 400
Westborough, MA 01582-3926
mmurphy@mirickoconnell.com

Jesse Edwards
Director, Diversity & Equal Opportunity
55 Lake Avenue North (Room 1-710)
Worcester, MA 01655-0002
Jesse.edwards@umassmed.edu

Patricia A. Washienko