UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-cv-10520-DHH

| | |
|---|---|
| CHARU DESAI<br>      Plaintiff,<br><br>           v.<br><br>UMASS MEMORIAL MEDICAL CENTER,<br>INC., et al.,<br>      Defendants. | **ANSWER TO AMENDED<br>COMPLAINT AND JURY DEMAND** |

Defendants UMass Memorial Medical Center, Inc.; UMass Memorial Medical Group; UMass Memorial Marlborough Hospital; Max Rosen, MD; Darren Brennan, MD; Stephen Tosi, MD; and Karin Dill, MD ("Defendants"), hereby respond to the Plaintiff's Amended Complaint as follows:

## INTRODUCTION

The Introduction to the Amended Complaint characterizes Plaintiff's allegations and, therefore, no response is required. To the extent a further response is required, Defendants deny that Plaintiff was "an extremely highly-regarded radiologist;" deny that she was respected by colleagues and physicians across the institutions named; deny that she was subjected to disparate treatment compared to her white, male, younger, U.S.-born and non-disabled colleagues who performed the same or substantially similar work; deny that she was falsely accused of performance deficiencies; and deny that she was replaced by a white, younger, U.S.-born and non-disabled radiologist with less experience, Maria Barile, MD. Defendants are without information or knowledge to form a belief as to whether Plaintiff was respected by unnamed students and trainees and, therefore, deny the same. Defendants admit Plaintiff's employment

was terminated. Defendants deny all allegations contained in the second paragraph of the Introduction.

## PARTIES, JURISDICTION AND VENUE

1. Defendants are without information or knowledge sufficient to form a belief as to Plaintiff's current residence. Admitted that Plaintiff is an adult female.

2. Defendants admit that UMass Memorial Medical Center, Inc. is a Massachusetts not-for-profit corporation and that it has administrative offices in Worcester, Massachusetts. Defendants admit the allegations in the last sentence of paragraph 2. Except as expressly admitted, all allegations in paragraph 2 are denied.

3. The phrase "at all relevant times" is vague and ambiguous and has not been defined by Plaintiff. Thus, the allegations in paragraph 3 are denied. Defendants admit, however, that Dr. Desai was employed by UMass Memorial Medical Group.

4. Defendants admit the allegations set forth in paragraph 4 as to UMass Memorial Medical Group.

5. The phrase "at all relevant times" is vague and ambiguous and has not been defined by Plaintiff. Thus, the allegations in paragraph 5 are denied. Defendants admit, however, that Dr. Desai was a member of UMass Memorial Medical Group.

6. Admitted.

7. The phrase "at all relevant times" is vague and ambiguous and has not been defined by Plaintiff. Thus, the allegations in paragraph 7 are denied. Defendants admit, however, that Dr. Desai performed duties at Marlborough Hospital, including interpreting radiology studies beginning on or after March 1, 2015. Defendants deny Plaintiff was employed by Marlborough Hospital.

8. The allegations set forth in paragraph 8 are not directed at Defendants and, therefore, no response is required. To the extent a further response is required, Defendants deny that a partnership exists between the Medical School and either the Medical Group or the Medical Center.

9. The allegations set forth in paragraph 9 are not directed at Defendants and, therefore, no response is required. To the extent a further response is required, Defendants are without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 9.

10. The phrase "at all relevant times" is vague and ambiguous and has not been defined by Plaintiff. Thus, the allegations in paragraph 10 are denied. Defendants admit, however, that Dr. Rosen is an adult male resident of Massachusetts and has served as Chair of the Department of Radiology for UMass Memorial Medical Center and the University of Massachusetts Medical School since September 1, 2012. The last sentence of paragraph 10 references a written document which speaks for itself.

11. The phrase "at all relevant times" is vague and ambiguous and has not been defined by Plaintiff. Thus, the allegations in paragraph 11 are denied. Defendants admit, however, that Dr. Tosi is an adult male resident of Massachusetts and has served as Chief Medical Officer of UMass Memorial Health Care and President of the Medical Group. In addition, Dr. Tosi had served as Chief Medical Officer of the Medical Center, but he ceased serving in that role upon the hire of a Medical Center Chief Medical Officer in 2014. Except as expressly admitted, the allegations set forth in paragraph 11 are denied.

12. The phrase "at all relevant times" is vague and ambiguous and has not been defined by Plaintiff. Thus, the allegations in paragraph 12 are denied. Defendants admit, however,

3

that Dr. Brennan is an adult male resident of Massachusetts and has served as Chief of Radiology at Marlborough Hospital.

13. The phrase "at all relevant times" is vague and ambiguous and has not been defined by Plaintiff. Thus, the allegations in paragraph 13 are denied. Defendants admit, however, that Dr. Dill is an adult female resident of Massachusetts and has served as Division Chief of Cardiovascular and Thoracic Imaging for the Medical Center, where she supervised Dr. Desai.

14. Paragraph 14 states a legal conclusion to which no response is required.

## STATEMENT OF FACTS

15. Defendants are without information or knowledge as to Plaintiff's national origin, but upon information and belief, believe her to be of Indian national origin. Defendants admit Plaintiff's date of birth based on information provided by her to her employer. Defendants are without information or knowledge sufficient to form a belief as to the allegations set forth in the third sentence of paragraph 15.

16. Defendants admit the allegations in the first sentence of paragraph 16. Defendants are without information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 16.

17. Defendants are without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 17, as Residents and Chief Residents are employed by the Medical School, and Defendants are without information or knowledge sufficient to form a belief as to Plaintiff's claimed fellowships and what she did in 1983.

4

18. Defendants are without information or knowledge sufficient to form a belief as to the allegations related to the Medical School. Defendants admit Plaintiff became an attending physician in the Division of Thoracic (Chest) Radiology at the Medical Center in January 1992.

19. Admitted.

20. Defendants are without information or knowledge sufficient to form a belief as to the allegations related to the date of appointment/promotion to Clinical Associate Professor of Radiology by the Medical School. Defendants admit Plaintiff did serve as a Clinical Associate Professor, however, and continued to serve as an attending physician after September 1, 2001.

21. Admitted that Plaintiff's duties have included reading plain radiographs and CT scans. Defendants deny the remaining allegations in the first sentence of paragraph 21. Defendants are without information or knowledge sufficient to form a belief as to the allegations related to the Medical School set forth in the second sentence of paragraph 21.

22. Defendants deny the allegations set forth in the first sentence of paragraph 22. The allegations set forth in the second and third sentences reference written documents which speak for themselves. Defendants are without information or knowledge sufficient to form a belief as to the allegation set forth in the fourth sentence of paragraph 22.

23. Defendants deny the allegations set forth in the first sentence of paragraph 23. The allegations set forth in the second sentence reference written documents which speak for themselves. Defendants are without information or knowledge sufficient to form a belief as to allegations as to whether "her expertise in radiology was regularly sought by other

physicians, as to "her knowledge" and as to whether she has ever been sued for malpractice.

## **DEFENDANTS' DISCRIMINATORY PRACTICES MOTIVATED BY PLAINTIFF'S AGE, RACE, NATIONAL ORIGIN, AND/OR GENDER, AND DISCRIMINATORY FAILURE TO ACCOMMODATE HER DISABILITY**

24. Admitted.

25. Denied.

26. Admitted that since Dr. Rosen became Chair, a number of radiologists either voluntarily left employment with UMass Memorial Medical Center for varied reasons or left employment after facing performance-based counseling, including each of the physicians listed in paragraph 26.

27. Admitted that Dr. Makris is in his 50s, Dr. Roychowdhury is in his late 50s and that Dr. Barile, who is in her early 40s and is white, was hired as a fellowship-trained radiologist. Except as expressly admitted, the allegations set forth in paragraph 27 are denied.

28. Denied.

29. Admitted that Dr. Rosen hired Dr. Dill to serve as Division Chief of Cardiovascular and Thoracic Imaging and that Dr. Dill is white, and younger than Plaintiff. Further admitted that Dr. Dill is fellowship trained in cardiac, vascular and thoracic radiology and is a nationally recognized expert in cardiac imaging with far greater skills and expertise than Plaintiff. Except as expressly admitted, all allegations in paragraph 29 are denied.

30. Admitted that a meeting related to compensation was conducted in August 2016 with the above-referenced individuals. Except as expressly admitted, the allegations in paragraph 30 are denied.

31. Defendants deny the allegations in the first sentence of paragraph 31. Admitted that as of August 2016, Dr. Desai was paid more than some radiologists and paid less than some radiologists at UMass Memorial Medical Center.

32. Admitted that the Medical Group hired Dr. Aaron Harman, that Dr. Harman was paid $365,000, and that he is younger than Dr. Desai. Denied that he performs the same or substantially similar work as Dr. Desai, as he is fellowship trained in interventional radiology, whereas Dr. Desai is not, and does not perform interventional radiology. Admitted Dr. Desai was paid $340,000 annually.

## DR. DESAI'S SERIOUS HEALTH CONDITION

33. Defendants are without information or knowledge sufficient to form a belief as to the allegations set forth in the first two sentences of paragraph 33. Denied that Plaintiff requested FMLA leave in 2001.

34. Denied that Plaintiff requested academic days as an accommodation for her heart condition. Admitted Dr. Desai requested twelve academic days, but unrelated to any claimed disability or medical condition. Admitted Dr. Rosen denied the request based on Dr. Desai's refusal to provide support for the request as required by the Radiology Department's Academic and Administrative Time off Policy. Admitted that Dr. Rosen permitted other physicians, including Dr. Dill, irrespective of age, to use academic days consistent with the terms of the policy noted above, provided they complied with the policy. Except as expressly admitted, all allegations set forth in paragraph 34 are denied.

35. Admitted that Dr. Dill was permitted to test a home work station for interpreting cardiac MRI studies, but that the system did not work well and, therefore, it was discontinued. Except as expressly admitted, all allegations in paragraph 35 are denied.

36. Admitted that physicians who met the requirements for academic days in accordance with the applicable policy were approved for such use. Except as expressly admitted, all allegations in paragraph 36 are denied.

37. Admitted Plaintiff was frequently late to work and that Dr. Rosen counseled her on being tardy. Denied that Plaintiff stated her being late was due to a heart condition. Admitted Dr. Rosen was aware Dr. Desai had a pacemaker. Defendants are without information or knowledge sufficient to form a belief as to why and when Plaintiff elected to "use" FMLA. Denied that Plaintiff feared reprisals from Dr. Rosen for use of FMLA. Except as expressly admitted, all allegations in paragraph 37 are denied.

38. Denied that other physicians reporting to Dr. Rosen were late as frequently as Plaintiff. Admitted Dr. Rosen did not reprimand physicians who provided notice to Dr. Rosen for the reason such physicians were not attending work or would be working from home, but Dr. Rosen did counsel physicians for being late who did not provide notice or appropriate justification. Except as expressly admitted, the allegations in paragraph 38 are denied.

39. Denied that Plaintiff asked to be accommodated for "her condition" by being assigned fewer on-call in the Department of Radiology. Admitted Plaintiff complained that she did not want to take call. Admitted Dr. Rosen required her to take call as a full-time radiologist, but suggested she could, at her option, transition to a per-diem role as a way to not have to continue to take call, as several other Radiologists had done. Except as expressly admitted, the allegations in paragraph 39 are denied.

40. Admitted Plaintiff elected not to move to a per-diem role. Except as expressly admitted, all allegations in paragraph 40 are denied.

## DEFENDANTS FALSELY CRITICIZE DR. DESAI'S PERFORMANCE, DEFAME, AND TERMINATE HER

41. The allegations set forth in paragraph 41 reference a written document which speaks for itself.

42. Admitted Plaintiff was informed by Dr. Rosen that her employment was being terminated without cause pursuant to her contract. Admitted Dr. Rosen stated that her work was of poor quality and that on-going professional practice evaluations reference quality concerns. Plaintiff's allegations as to performance reviews pertain to written documents which speak for themselves. Except as expressly admitted, the allegations in paragraph 42 are denied.

43. Denied.

44. Admitted that an independent review was conducted in response to complaints related to the quality of Plaintiff's work. Except as expressly admitted, the allegations in paragraph 44 are denied.

45. Admitted that Dr. Rosen limited Plaintiff from reading Chest CT scans based on quality concerns and that Plaintiff was permitted to continue to read chest x-rays that were more routine in nature. Except as expressly admitted, the allegations in paragraph 45 are denied.

46. Defendants are without information or knowledge sufficient to form a belief as to what Plaintiff did or did not believe and, therefore, denies the same. Admitted Plaintiff met with Dr. Baccei in or about March 2018. Except as expressly admitted, the allegations set forth in paragraph 46 are denied.

47. The allegations in paragraph 47 reference written documents which speak for themselves.

48. Defendants are without information or knowledge sufficient to form a belief as to whether Plaintiff was "absolutely humiliated." Admitted Plaintiff complied with Dr. Rosen's order related to Chest CT scans.

49. Admitted Dr. Barile is white, in her 40s, works full time in the Chest Division and that she began employment prior to Plaintiff's departure. Except as expressly admitted, the allegations set forth in paragraph 49 are denied.

50. Defendants are without information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 50 and, therefore, deny the same.

51. Admitted Dr. Rosen received complaints from Marlborough Hospital concerning the quality of Plaintiff's work and that an independent review confirmed such quality concerns. Except as expressly admitted, the allegations set forth in paragraph 51 are denied.

52. The allegations in the first three sentences of paragraph 52 reference a written document which speaks for itself. The allegation in the last sentence is admitted.

53. The allegations in paragraph 53 reference a written document which speaks for itself.

54. Admitted.

55. Defendants admit the allegations set forth in the first sentence, third sentence, fifth sentence and last sentence of paragraph 55. Defendants are without information or knowledge sufficient to form a belief as to the allegations set forth in the second sentence. Except as expressly admitted, all allegations set forth in paragraph 55 are denied.

56. Defendants are without information or knowledge sufficient to form a belief as to what Dr. Desai allegedly discovered, as set forth in the first sentence of paragraph 56.

Defendants admit that Dr. Dill has reported errors by Plaintiff that were "likely to be significant." Except as expressly admitted, Defendants deny the allegations set forth in paragraph 56.

57. Denied.

58. Denied Dr. Dill misrepresented the work of Plaintiff. Admitted that Dr. Dill has not misrepresented the work of any physician.

59. Defendants deny the allegations set forth in the first sentence of paragraph 59. Defendants are without information or knowledge sufficient to form a belief as to what Plaintiff claims to have or have not received during her employment.

60. Denied.

61. Defendants admit the allegations set forth in the second sentence of paragraph 61. Except as expressly admitted, the allegations set forth in paragraph 61 are denied.

62. Admitted.

63. Admitted.

64. Admitted that Dr. Rosen refused to provide Plaintiff a copy of the information projected on a screen and that he provided Plaintiff with a statistical summary. Except as expressly admitted, the allegations in paragraph 64 are denied.

65. Denied.

66. Admitted that the independent review and presentation to Plaintiff was not completed until March 2018 and, therefore, Plaintiff was permitted to perform CT scan readings through March 2018. Except as expressly admitted, the allegations in paragraph 66 are denied.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11

67. Admitted.

68. Admitted.

69. Admitted.

70. Admitted.

71. Admitted.

## COUNT I
## DISCRIMINATION ON THE BASIS OF RACE, NATIONAL ORIGIN AND GENDER IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-1 et seq.
## (Against Defendants Medical Center, Medical School, Medical Group, Marlborough Hospital, Dr. Rosen, And Dr. Tosi)

72. Defendants reassert their responses to paragraphs 1 through 71 above as if fully set forth herein.

73. Paragraph 73 calls for a legal conclusion to which no response is required.

74. Denied.

75. Denied.

76. Denied.

## COUNT II
## VIOLATION OF THE FEDERAL EQUAL PAY ACT, 29 U.S.C. §§ 206(d), 216.
## (Against Defendants Medical Center, Medical Group, Medical School, Marlborough Hospital, Dr. Rosen, And Dr. Tosi)

77. Defendants reassert their responses to paragraphs 1 through 76 above as if fully set forth herein.

78. Denied.

79. Denied.

80. Denied.

{Client Matter 15602/00540/A6061521.DOCX}

## COUNT III
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12132
### (Against All Defendants)

81. Defendants reassert their responses to paragraphs 1 through 80 above as if fully set forth herein.

82. Paragraph 82 calls for a legal conclusion to which no response is required.

83. Denied.

84. Denied.

85. Denied.

## COUNT IV
## AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 216(b)
### (Against All Defendants)

86. Defendants reassert their responses to paragraphs 1 through 85 above as if fully set forth herein.

87. Paragraph 87 calls for a legal conclusion to which no response is required.

88. Denied.

89. Denied.

90. Denied.

## COUNT V
## VIOLATION OF MASSACHUSETTS' FAIR EMPLOYMENT PRACTICES ACT, M.G.L. c. 151B, § 4
### (Against All Defendants)

91. Defendants reassert their responses to paragraphs 1 through 90 above as if fully set forth herein.

92. Paragraph 92 calls for a legal conclusion to which no response is required.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

## COUNT VI
## VIOLATION OF MASSACHUSETTS' EQUAL PAY ACT M.G.L. c. 149, § 105A
## (Against Defendants Medical Center, Medical Group, Medical School, Marlborough Hospital, Dr. Rosen, And Dr. Tosi)

98. Defendants reassert their responses to paragraphs 1 through 97 above as if fully set forth herein.

99. Denied.

100. Denied.

## COUNT VII
## TORTIOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONS
## (Against Defendants Dr. Rosen, Dr. Brennan, Dr. Tosi, And Dr. Dill)

101. Defendants reassert their responses to paragraphs 1 through 100 above as if fully set forth herein.

102. Paragraph 102 calls for a legal conclusion to which no response is required.

103. Admitted that Drs. Rosen, Brennan, Tosi, and Dill were aware of Plaintiff's employment relationship. Except as expressly admitted, the allegations set forth in paragraph 103 are denied.

104. Denied.

105. Denied.

14

## COUNT VIII
## DEFAMATION
## (Against All Defendants)

106.	Defendants reassert their responses to paragraphs 1 through 105 above as if fully set forth herein.

107.	Denied.

108.	Denied.

109.	Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims, in whole or in part, fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Third Affirmative Defense

Defendants' actions were taken for legitimate, nondiscriminatory and non-retaliatory reasons.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because she has failed to mitigate her alleged damages, if any.

### Sixth Affirmative Defense

{Client Matter 15602/00540/A6061521.DOCX}

Plaintiff's claims are barred, in whole or in part, to the extent that she failed to satisfy any of the statutory prerequisites.

Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent they were not brought within any of the applicable statute of limitations periods.

Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

Ninth Affirmative Defense

Plaintiff's claim of defamation may be dismissed on the grounds that any alleged defamatory statements are true.

Tenth Affirmative Defense

Plaintiff's claim of defamation may be dismissed on the grounds that any alleged defamatory statement is protected by an absolute privilege.

Eleventh Affirmative Defense

Plaintiff's claim of defamation may be dismissed on the grounds that any alleged defamatory statement is protected by a qualified privilege.

Twelfth Affirmative Defense

Plaintiff's equal pay act claims may be dismissed as any differences in pay were based on legitimate factors other than sex.

Thirteenth Affirmative Defense

{Client Matter 15602/00540/A6061521.DOCX}

Plaintiff's equal pay act claims may be dismissed based on Defendants conducting a good-faith audit of pay practices and taking appropriate steps and making reasonable progress to address any differences in pay.

Defendants reserve the right to raise additional affirmative defenses following discovery.

**WHEREFORE**, Defendants, UMass Memorial Medical Center, Inc.; UMass Memorial Medical Group; UMass Memorial Marlborough Hospital; Max Rosen, MD; Darren Brennan, MD; Stephen Tosi, MD; and Karin Dill, MD state that Plaintiff, Charu Desai, is not entitled to any relief sought in the Amended Complaint and respectfully request that Plaintiff's Amended Complaint be dismissed, that Defendants be awarded their costs and attorneys' fees, and that the Court grant such other and further relief as is just and appropriate.

**UMASS MEMORIAL MEDICAL CENTER, INC.; UMASS MEMORIAL MEDICAL GROUP; UMASS MEMORIAL MARLBOROUGH HOSPITAL; MAX ROXEN, MD; DARREN BRENNAN, MD; STEPHEN TOSI, MD; and KARIN DILL, MD**

By their attorneys,

/s/ Robert L. Kilroy
Robert L. Kilroy, BBO # 636853
Reid Wakefield, BBO # 569026
Mirick O'Connell
1800 West Park Drive, Suite 400
Westborough, MA  01581
t 508.860.1474
f 508.983.6261
rkilroy@mirickoconnell.com
rwakefield@mirickoconnell.com

Dated:  July 12, 2019

## CERTIFICATE OF SERVICE

  I, Robert L. Kilroy, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this day.

                /s/ Robert L. Kilroy
                Robert L. Kilroy, Esq.

Dated: July 12, 2019