UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHARU DESAI, | ) |
| Plaintiff | ) |
| v. | ) CIVIL ACTION NO.: |
|  | ) **4:19-CV-10520-DHH** |
| UMASS MEMORIAL MEDICAL CENTER, INC.; UMASS MEMORIAL MEDICAL GROUP; UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL, UMASS MEMORIAL MARLBOROUGH HOSPITAL, MAX ROSEN, M.D., DARREN BRENNAN, M.D., STEPHEN TOSI, M.D., AND KARIN DILL, M.D., | ) |
| Defendants. | ) |

**PLAINTIFF DR. CHARU DESAI'S OPPOSITION TO THE DEFENDANT UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

In this action, Plaintiff Charu Desai, M.D. ("Dr. Desai") seeks damages against the UMass Memorial Medical Center, Inc., the UMass Memorial Medical Group, the University of Massachusetts Medical School, UMass Memorial Marlborough Hospital, Dr. Max Rosen, Dr. Darren Brennan, Dr. Stephen Tosi, and Dr. Karin Dill for unlawful employment discrimination against her on the basis of age, race, national origin, gender/sex and/or disability, and/or for aiding and abetting discrimination, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1(k); the Americans with Disabilities Act, 42 U.S.C. § 12132, the Age Discrimination in Employment Act, 29 U.S.C. § 216(b), the Massachusetts Fair Employment Practices Law, M.G.L. c. 151B, § 4 and/or the Massachusetts Equal Pay Act, M.G.L. c. 149, §

105A. She also brings claims against them for breach of her employment contract and defamation.

On July 12, 2019, the University of Massachusetts Medical School (the "Medical School") moved to dismiss Dr. Desai's Amended Complaint pursuant to Fed. R. Civ. P. 8 and 12(b)(6), on the grounds that none of the allegations in her Amended Complaint relate to any action taken by, at, or on behalf of the Medical School. Citing court decisions and the public record purportedly establishing that the Medical School and UMass Memorial Medical Center (against which entity Dr. Desai also brings claims) are separate entities, the Medical School argues that because (it asserts) Dr. Desai's allegations and claims relate *only* to her work for and employment by UMass Memorial Medical Center, her claims at the Medical School are properly dismissed. Dr. Desai hereby opposes the Medical School's Motion to Dismiss her Amended Complaint.

### A. Legal Standard

A motion to dismiss under Fed. R. Civ. P. 8, should be denied if a plaintiff has shown "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Twombly*, 550 U.S. at 570). Furthermore, "[n]on-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." *Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (2011).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Vernet v. Serrano-Torres*, 566 F.3d 254, 258 (1st Cir. 2009) (quoting *Ruiz*

*v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007)).  The plaintiff is not required to prove his allegations in order to overcome the motion.  The question is simply whether the factual allegations, taken as true, are enough to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  As set forth below, Dr. Desai's factual allegations are sufficient to meet both standards as to all of her claims.

    **B. Argument**

Contrary to the Medical School's assertions, Dr. Desai's allegations and claims do *not* relate only to her work for and employment by UMass Memorial Medical Center.  Rather, as set forth in the Amended Complaint, a copy of which is attached for the Court's convenience, Dr. Desai worked at the Medical School (see Amended Complaint ¶¶ 18 - 20).  The Medical Center is the clinical partner of the Medical School (see Amended Complaint ¶¶ 2, 19); the Medical School is a research and teaching institution partnered with the Medical Group and Medical Center (see Amended Complaint ¶ 8); and Dr. Desai was a member of the faculty of the Medical School (see Amended Complaint ¶¶ 9, 20, 23).  She taught Medical School students when they rotated through the Department of Radiology (see Amended Complaint ¶ 21).  Section 1.14 of Dr. Desai's employment contract specifically states:

> <u>Dual-Employment with Medical School</u>.  The parties acknowledge ***that a certain percentage of the Practitioner's time and salary may be allocated to, and governed by, a so-called "Dual-Employment" arrangement with the Medical School*** (the "Dual-Employment Arrangement").  […]  The Practitioner further acknowledges that if this Agreement is terminated for any reason, ***the related employment relationship with the Medical School shall also terminate*** unless the Practitioner has a new or continuing agreement with the Medical School or is a tenured faculty member.

See Amended Complaint ¶19 and Exhibit B thereto, Section 1.14 (emphasis added).  Dr. Desai was also paid in accord with Appendix B of the employment contract, which provides that:

3

> The Practitioner's compensation for services rendered pursuant to this Agreement, and under a Dual-Employment Arrangement with the Medical School, if applicable, shall be a total base salary, which if annualized would be at the rate of Three-hundred Twenty-Five Thousand Dollars ($325,000) per year, less all legally required and voluntarily-authorized deductions…. ***Practitioners who participate in the Dual-Employment Arrangement with the Medical School may receive paychecks from both the Medical Group and the Medical School***, which together shall equal the base salary referenced above.

See Exhibit B to the Amended Complaint, at Appendix B.

As Dr. Desai has alleged in the Amended Complaint, Dr. Rosen became Chair of the Department of Radiology in approximately 2012 and, in that capacity, was Dr. Desai's superior, *responsible for setting Dr. Desai's discriminatorily low compensation*; refusing to provide equal benefits as those he provided to her white, male, and younger colleagues, *specifically including refusing to provide her equal academic days*; refusing her requests for reasonable accommodations; and terminating Dr. Desai. See Amended Complaint ¶¶ 24-31, 34-48, 51-55, 60-66.

The Amended Complaint also alleges that on April 17, 2018, Dr. Rosen stated to Dr. Desai that it was inappropriate for her to speak with residents about her employment with UMMS:

> I want to confirm your understanding that it is ***inappropriate for you to discuss ANY issues related to your*** UMMMG [UMass Memorial Medical Group] or ***UMMS [University of Massachusetts Medical School] employment*** with the Radiology residents, and that you will avoid doing so going forward.

See Amended Complaint ¶ 53 (emphasis added).  Finally, the termination letter that Dr. Rosen gave to Dr. Desai (which is signed by him in his capacity as Chairman of the Department of Radiology) is on joint letterhead of UMass Memorial *and* the Medical School, and it states that Dr. Desai's employment with "UMass Memorial Medical Group *and* the University of Massachusetts Medical School will terminate on March 17, 2019."  Amended Complaint ¶ 41 and related Exhibit C.

In short, Dr. Desai's allegations and claims do not relate *solely* to her work for and employment by UMass Memorial Medical Center. Rather, her claims and allegations relate to her work for and employment by *both the Medical Center and the Medical School*. Accordingly, Dr. Desai respectfully requests that the Medical School's Motion to Dismiss her Amended Complaint pursuant to Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure be denied.

        Respectfully submitted,

        CHARU DESAI
        By her attorneys,


        /s/ Patricia A. Washienko
        PATRICIA A. WASHIENKO (BBO 641615)
        pwashienko@fwlawboston.com
        BRENDAN T. SWEENEY (BBO 703992)
        bsweeney@fwlawboston.com
        FREIBERGER & WASHIENKO, LLC
        211 Congress Street, Suite 720
        Boston, Massachusetts 02110
        Telephone:  617-723-0008
        Fax:  617-723-0009

Dated: July 25, 2019

CERTIFICATE OF SERVICE

    I, Patricia A. Washienko, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those individuals indicated as non-registered participants on this day.

                                      /s/ Patricia A. Washienko
                                      Patricia A. Washienko

Dated:  July 25, 2019