UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-CV-10520-TSH

| | |
|---|---|
| CHARU DESAI,<br>    Plaintiff,<br><br>v.<br><br>UMASS MEMORIAL MEDICAL<br>CENTER, INC., et al.,<br>    Defendants. | **MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS, UMASS MEMORIAL MEDICAL CENTER, INC., UMASS MEMORIAL MEDICAL GROUP, INC., MAX ROSEN, M.D., AND STEPHEN TOSI, M.D.** |

Defendants, UMass Memorial Medical Center, Inc. (the "Medical Center"), UMass Memorial Medical Group, Inc. (the "Medical Group"), Max Rosen, M.D., and Stephen Tosi, M.D., pursuant to Rule 56 of the Federal Rules of Civil Procedure, move for summary judgment in their favor and against Plaintiff, Charu Desai, M.D., on all counts. In support thereof, Defendants submit their Memorandum of Law and Statement of Material Facts filed contemporaneously herewith.

Plaintiff is a former chest radiologist who was employed by UMass Memorial Medical Group, a physician practice group serving the UMass Memorial Health system. Max Rosen, M.D., is the Chair of the Radiology Department and was Plaintiff's manager. As Chair, Dr. Rosen was responsible for the performance of the radiologists working in the Department and was charged with providing high-quality and safe medical services to patients.

Dr. Rosen received a series of complaints and concerns regarding the quality of Plaintiff's chest CT interpretations, from both the Chest Division Chief as well as a pulmonologist who treated patients who had reads performed by Medical Group radiologists. In response, and in an effort to fairly evaluate Plaintiff's quality, Dr. Rosen arranged to have an

outside, independent expert in chest radiology perform a controlled and blinded review of a sample of Plaintiff's chest CT reads. The findings of this independent expert review revealed significant quality concerns of Plaintiff's reads, in stark comparison to the control group. In reliance on these findings, and in keeping with his obligation to protect patient safety and provide high-quality medical services to patients and providers, Dr. Rosen made the decision to terminate Plaintiff's employment.

In this action, Plaintiff brings several claims against her former employer, the Medical Group, as well as the hospital at which she worked, the Medical Center, her manager, Department Chair Max Rosen, M.D., and the former President of the Medical Group, Stephen Tosi, M.D.[1] Specifically, Plaintiff brings the following claims:[2]

| | | |
|---|---|---|
| Count I: | Discrimination on the basis of sex under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C., § 2000e-2 (Medical Center, Medical Group) | |
| Count II: | Violation of the U.S. Equal Pay Act, 29 U.S.C. § 206(d) (Medical Center, Medical Group, Dr. Rosen, Dr. Tosi) | |
| Count III: | Discrimination on the basis of disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 (Medical Center, Medical Group) | |
| Count IV: | Discrimination on the basis of age under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 (Medical Center, Medical Group) | |
| Count V: | Discrimination on the basis of sex, age, and disability under M.G.L. c. 151B, § 4 (Medical Center, Medical Group, Dr. Rosen, Dr. Tosi) | |

---

[1]   Plaintiff also brings claims against her Division Chief, Karin Dill, M.D., and another hospital for whose patients Plaintiff performed services, Marlborough Hospital. These claims are addressed in separate, respective Motions for Summary Judgment.

[2]   Plaintiff has voluntarily dismissed her claims of race and national origin discrimination against all Defendants, and she has voluntarily dismissed her claims under Title VII, the ADA, and the ADEA against Dr. Rosen and Dr. Tosi. (Doc. 58).

  Count VI: Violation of the Mass. Equal Pay Act, M.G.L. c. 149, § 105A (Medical Center, Medical Group, Dr. Rosen, Dr. Tosi)

  Count VII: Tortious Interference with Advantageous Business Relations (Dr. Rosen, Dr. Tosi)

  Count VIII: Defamation (Medical Center, Medical Group, Dr. Rosen, Dr. Tosi)

  Plaintiff alleges that Defendants discriminated against her by terminating her employment, as well as with respect to several other workplace matters. However, Plaintiff admits that the decision to terminate her employment was made in reliance on the independent expert review, admits that Dr. Rosen had concerns about her quality, and she admits that the decision to perform the independent review had nothing to do with discriminatory animus. Plaintiff bases her claims entirely on the second-guessing of Dr. Rosen's decisions and her own subjective opinions of unfairness, which are insufficient to establish a claim as a matter of law.

  Plaintiff also claims that she was denied reasonable accommodations for a disability. But, Plaintiff admits that she was provided the exact and only accommodation that she requested and needed; occasional time off. Plaintiff now claims that her requests for exceptions to uniformly-enforced Department policies were related to her disability. However, she never advised Defendants of any relationship between these workplace perks and her medical condition, and even if she had, it is undisputable that the accommodation she was granted – the ability to take leave as needed – was effective.

  With respect to Plaintiff's claims of discrimination in her compensation, the Medical Group had performed a review of radiologist compensation and engaged in a good faith effort to address any pay inequities, and thus has a complete affirmative defense to any state law claims. Further, Plaintiff cannot identify any employee who performed comparable work who was paid more than her, and instead cites to employees who perform different jobs or who are paid

additional sums for specific positions they hold in the Department which entail significant leadership and administrative responsibilities, including her own supervisor; positions which Plaintiff did not hold.

Plaintiff claims that Defendants engaged in defamation through their actions in evaluating her quality and making and communicating the consequential employment decisions. However, she admits that Defendants did not disseminate any allegedly defamatory statement to a third party. Further, all statements alleged were either true or were opinion, and, critically, all statements were made confidentially and internally by her employer and are privileged.

Finally, Plaintiff alleges that the termination of her employment constituted tortious interference. However, the decision-makers were privileged to end her employment in the course of their duties, and there is no evidence of the requisite motive of actual malice.

Notably, there are either no allegations made against the Medical Center or Dr. Tosi by Plaintiff, or her claims are without merit and are easily disposed of based on the undisputable facts.

Despite the number and variety of Plaintiff's allegations, based on the incontrovertible facts and Plaintiff's own admissions, there is not a genuine dispute as to any fact that is <u>material</u> to any of Plaintiff's claims. Therefore, Defendants are entitled to summary judgment.

WHEREFORE, Defendant, UMass Memorial Medical Center, Inc., UMass Memorial Medical Group, Inc., Max Rosen, M.D., and Stephen Tosi, M.D., respectfully request that the Court enter summary judgment in their favor and against Plaintiff on all counts.

**Certification of Conference**

Pursuant to D. Mass. Local Rule 7.1(a)(2), prior to the filing of this Motion, on October 7, 2021, counsel for Defendant, Reid M. Wakefield, held a conference by telephone

with counsel for Plaintiff, Patricia A. Washienko, in a good faith attempt to resolve or narrow the issues raised herein, and while certain claims were dismissed and the scope of other claims were agreed to be narrowed by Plaintiff, no agreement could be reached as to the claims addressed in this Motion.

        Respectfully submitted,

        **UMASS MEMORIAL MEDICAL CENTER, INC., UMASS MEMORIAL MEDICAL GROUP, INC., MAX ROSEN, M.D., and STEPHEN TOSI, M.D.**

        By their attorneys,

        /s/ Reid M. Wakefield
        Robert L. Kilroy, Esq., BBO # 636853
        Reid M. Wakefield, Esq., BBO # 569026
        Mirick, O'Connell, DeMallie & Lougee, LLP
        1800 West Park Drive, Suite 400
        Westborough, MA  01581
        Phone 508.860.1474
        Fax 508.983.6261
        rkilroy@mirickoconnell.com
        rwakefield@mirickoconnell.com

Dated:  December 17, 2021

## CERTIFICATE OF SERVICE

I, Reid M. Wakefield, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this day.

        /s/ Reid M. Wakefield
        Reid M. Wakefield, Esq.

Dated: December 17, 2021