UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-CV-10520-TSH

| | |
|---|---|
| CHARU DESAI,<br>    Plaintiff,<br><br>v.<br><br>UMASS MEMORIAL MEDICAL CENTER, INC., et al.,<br>    Defendants. | **MOTION FOR SUMMARY JUDGMENT BY DEFENDANT, <u>MARLBOROUGH HOSPITAL</u>** |

Defendant, Marlborough Hospital, pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves for summary judgment in its favor and against Plaintiff, Charu Desai, M.D., on all counts. In support thereof, Marlborough Hospital submits its Memorandum of Law and Statement of Material Facts, filed contemporaneously herewith.

In this action, Plaintiff brings claims against her former employer, UMass Memorial Medical Group, Inc. (the "Medical Group"), and its officials for discrimination, intentional interference, and defamation. In doing so, Plaintiff indiscriminately names Marlborough Hospital as a defendant, and alleges that it should be liable for the alleged acts of her employer, in which it played no part. Specifically, Plaintiff brings claims against Marlborough Hospital for discrimination on the basis of sex, age, and disability under state and federal law (Counts I, III, IV, & V),[1] discriminatory pay practices (Counts II & VI), and defamation (Count VIII).

Marlborough Hospital was never Plaintiff's employer, but was simply one of multiple medical facilities for whose patients Plaintiff performed services in the course of her duties for

---

[1] Plaintiff voluntarily dismissed her claims of discrimination on the basis of race or national origin. (Doc. 58).

the Medical Group, pursuant to a contract between the Medical Group and Marlborough Hospital. The undisputed evidence shows that Marlborough Hospital did not have the power to hire, fire, or discipline Plaintiff, did not pay her or determine her rate and method of compensation, did not maintain employment records regarding Plaintiff, did not set the work schedule of Plaintiff, and did not direct the work of Plaintiff or control her working conditions. Instead, all of these functions were those of the Medical Group.

Further, Plaintiff alleges no action on the part of Marlborough Hospital at all, let alone any actions which are discriminatory or defamatory. There is no evidence that Marlborough Hospital made or participated in any decision regarding Plaintiff's employment or otherwise took any action against Plaintiff. It did not participate in the decision to terminate Plaintiff's employment, restrict Plaintiff's privileges, set her compensation or pay her, deny her academic time, decline to exempt her from call, decline to provide her with a home workstation, evaluate or deny requests for reasonable accommodation for a disability, or participate in the decision to hire Karin Dill, M.D., as Division Chief. Marlborough Hospital also did not make any false or defamatory statements about Plaintiff of any kind, nor does Plaintiff allege that it did.

Based on the record evidence, there is no genuine issue as to any material fact, and Marlborough Hospital is entitled to summary judgment.

WHEREFORE, Defendant, Marlborough Hospital, respectfully requests that the Court enter summary judgment in its favor and against Plaintiff on all counts.

### Certification of Conference

Pursuant to D. Mass. Local Rule 7.1(a)(2), prior to the filing of this Motion, on October 7, 2021, counsel for Defendant, Reid M. Wakefield, held a conference by telephone with counsel for Plaintiff, Patricia A. Washienko, in a good faith attempt to resolve or narrow the

issues raised herein, and while the scope of certain claims was agreed to be narrowed by Plaintiff, no agreement could be reached as to the claims addressed in this Motion.

Respectfully submitted,

**MARLBOROUGH HOSPITAL**

By its attorneys,

/s/ Reid M. Wakefield
Robert L. Kilroy, Esq., BBO # 636853
Reid M. Wakefield, Esq., BBO # 569026
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone 508.860.1474
Fax 508.983.6261
rkilroy@mirickoconnell.com
rwakefield@mirickoconnell.com

Dated:  December 17, 2021

CERTIFICATE OF SERVICE

I, Reid M. Wakefield, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this day.

/s/ Reid M. Wakefield
Reid M. Wakefield, Esq.

Dated: December 17, 2021