UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-CV-10520-TSH

|  |  |
|---|---|
| CHARU DESAI,<br>          Plaintiff,<br><br>          v.<br><br>UMASS MEMORIAL MEDICAL<br>CENTER, INC., et al.,<br>          Defendants. | **MOTION FOR SUMMARY<br>JUDGMENT BY DEFENDANT,<br>KARIN DILL, M.D.** |

Defendant, Karin Dill, M.D., pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves for summary judgment in her favor and against Plaintiff, Charu Desai, M.D., on all counts. In support thereof, Dr. Dill submits her Memorandum of Law and Statement of Material Facts, filed contemporaneously herewith.

In this action, Plaintiff brings claims against her former employer, UMass Memorial Medical Group, Inc. (the "Medical Group"), and its officials for discrimination, intentional interference, and defamation. Plaintiff also names as a defendant Dr. Dill, her supervisor and Division Chief, and alleges that she took part in these actions in some way. Specifically, Plaintiff brings claims against Dr. Dill for discrimination on the basis of sex, age, and disability under M.G.L. Chapter 151B, § 4 (Count V),[1] tortious interference with advantageous business relations (Count VII), and defamation (Count VIII).

---

[1]   Plaintiff voluntarily dismissed her claims against Dr. Dill under the ADA and the ADEA (Counts III & IV), as well as all claims of discrimination on the basis of race or national origin. (Doc. 58). Thus, the remaining discrimination claim against Dr. Dill is brought under Chapter 151B for sex, age, and disability discrimination.

The undisputed facts show that Dr. Dill played no role in Plaintiff's termination or in any other action taken by the Medical Group with respect to Plaintiff's employment. Dr. Dill did not make or participate in the decision to terminate Plaintiff's employment or the decision to perform the independent quality review which led to her termination. Dr. Dill did not participate in any decision to limit Plaintiff's privileges, evaluate or deny accommodation requests for a disability, or participate in any decisions regarding Plaintiff's academic time, exemption from call, or denial of a home workstation. Plaintiff can further offer no evidence whatsoever that any actions Dr. Dill may have taken were motivated by discriminatory animus.

The actions which Plaintiff claims constitute tortious interference and defamation either indisputably did not occur, or were taken within Dr. Dill's job responsibilities as Plaintiff's supervisor and the Division Chief charged with responsibility for medical quality. Plaintiff can offer no evidence that Dr. Dill tortiously interfered with her employment, as no action by her can be shown to have been taken intentionally to interfere with Plaintiff's employment, nor can it be shown that any alleged actions were taken with actual malice, as required to establish a claim against a supervisor. Likewise, Plaintiff cannot establish a claim for defamation, as any statements by Dr. Dill, to the extent they were made, were statements of opinion and are not actionable, and they were made internally, within the scope of her duties, and are therefore privileged.

Based on the record evidence, there is no genuine issue as to any material fact, and Dr. Dill is entitled to summary judgment.

WHEREFORE, Defendant, Karin Dill, M.D., respectfully requests that the Court enter summary judgment in her favor and against Plaintiff on all counts.

## Certification of Conference

Pursuant to D. Mass. Local Rule 7.1(a)(2), prior to the filing of this Motion, on

October 7, 2021, counsel for Defendant, Reid M. Wakefield, held a conference by telephone

with counsel for Plaintiff, Patricia A. Washienko, in a good faith attempt to resolve or narrow the

issues raised herein, and while certain claims were dismissed and the scope of other claims were

agreed to be narrowed by Plaintiff, no agreement could be reached as to the claims addressed in

this Motion.

Respectfully submitted,

**KARIN DILL, M.D.**

By her attorneys,

/s/ Reid M. Wakefield
Robert L. Kilroy, Esq., BBO # 636853
Reid M. Wakefield, Esq., BBO # 569026
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone 508.860.1474
Fax 508.983.6261
rkilroy@mirickoconnell.com
rwakefield@mirickoconnell.com

Dated:  December 17, 2021

CERTIFICATE OF SERVICE

I, Reid M. Wakefield, hereby certify that this document, filed through the ECF system
will be sent electronically to the registered participants as identified on the Notice of Electronic
Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on
this day.

/s/ Reid M. Wakefield
Reid M. Wakefield, Esq.

Dated:  December 17, 2021