# Exhibit 1

Charu Desai v. University of Massachusetts Memorial Medical Center, Inc. et al.

Civil Action No. 4:19-cv-10520-DHH

University of Massachusetts Chan Medical School's Motion for Summary Judgment

**Medical School's Answers to Dr. Desai's First Set of Interrogatories**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHARU DESAI,<br>      Plaintiff,<br><br>v.<br><br>UNIVERSITY OF MASSACHUSETTS,<br>MEMORIAL MEDICAL CENTER, INC.<br>UNIVERSITY OF MASSACHUSETTS<br>MEMORIAL MEDICAL GROUP,<br>UNIVERSITY OF MASSACHUSETTS<br>MEDICAL SCHOOL, UMASS<br>MEMORIAL HOSPITAL, MAX ROSEN,<br>M.D., DARREN BRENNAN, M.D.,<br>STEPHEN TOSI, M.D., KARIN DILL,<br>M.D.,<br>      Defendants. | Civil Action No. 4:19-cv-10520-TSH |

## UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Subject to the objections set forth herein, defendant University of Massachusetts Medical School ("Medical School") responds to plaintiff's first set of interrogatories as follows:

**Interrogatory No. 1**: Provide the name, current address, telephone number, current position and department of all persons who assisted in drafting the responses to these interrogatories, including in what capacity such persons are authorized by the Medical School to do so.

**Answer No. 1:** James G. Healy, J.D., Deputy Executive Vice Chancellor for Management, Office of Management, University of Massachusetts Medical School, c/o

1

Mark A. Johnson, Associate Counsel, Office of the General Counsel, University of Massachusetts, 333 South Street, Fourth Floor, Shrewsbury, MA, 01545.

**Interrogatory No. 2**:  Identify the name, address, telephone number and current position of all male; white; and/or physicians under age 40 who between January 1, 2012 and the present had duties and responsibilities at the Medical School substantially similar to those of Dr. Desai.

**Answer No. 2:**  OBJECTION:  The Medical School objects to and refuses to respond to this interrogatory because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that the allegations in the complaint do not relate to Dr. Desai's duties and responsibilities at the Medical School, and because it seeks confidential information.

**Interrogatory No. 3**:  Explain the relationship, including but not limited to the administrative and financial features of that relationship, between the Medical School and the Medical Group, Marlborough Hospital, and the Medical School.

**Answer No. 3:**  OBJECTION:  The Medical School objects to this interrogatory because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving its objections, the Medical School states:

The Medical School is one of five (5) campuses of the University of Massachusetts (a State agency).  The University is legally authorized by Mass. General Laws, Chapter 75, and the Medical School is separately authorized within that statute under Section 34.  UMass Memorial Medical Center (the current hospital) and UMass Memorial Medical Group (the group of UMass Memorial physicians) are all affiliated organizations under UMass Memorial Health Care (UMMHC), which is a private, non-State agency, not-for-profit health care provider.  Although UMMHC is permitted to use the word "UMass" in its name (through a License Agreement with the Medical School), UMMHC and the Medical School are completely separate and distinct legal entities.  The current relationship between the Medical School and UMMHC is governed in the first instance by Chapter 163 of the Acts of 1997 (the so-called "Merger Legislation"), which in essence transferred the then UMass Medical Center hospital (then part of the overall Medical School) to a private, not-for-profit hospital system, Memorial Health Care, Inc.  Second, the relationship between these two separate legal entities is governed by a series of

written agreements jointly entered into on March 31, 1998, including but not limited to an Amended and Restated Definitive Agreement, an Academic Affiliation and Support Agreement, and an Occupancy and Shared Services Agreement, as well as other agreements and amendments thereto (collectively referred to as the "Definitive Agreement" documents).  Copies of the above-listed three (3) agreements are included in the Medical School's document production at bates numbers UM0342-UM0503.

**Interrogatory No. 4**:  Explain the process by which the Medical School "accredits" or "reaccredits" as professors the physicians of the Medical Group and/or Medical Center.  If Medical School maintains records pertaining to such accreditation or reaccreditation, which records are separate from the Medical Center and/or Medical Groups records on a physician's clinical practice, please state where the Medical School keeps faculty records relating to the physician's work as a professor.

**Answer No. 4:**  OBJECTION:  The Medical School objects to this interrogatory because it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and vague in its use of the terms "accredits" and "reaccredits."  Without waiving its objections, the Medical School states:

The Medical School does not understand what is meant by the terms "accredit" and "reaccredit" as they may relate to "professors", as the Medical School does not have processes related to same.  The Medical School is accredited by outside entities with respect to the operations of its School of Medicine, Graduate School of Nursing, and Office of Graduate Medical Education.  Physicians who are employed by UMass Memorial Medical Group provide clinical services to patients of UMass Memorial Medical Center.  It is the Medical School's understanding that these UMass Memorial Medical Group physicians, as well as Medical School Residents/Fellows who provide services within UMass Memorial Medical Center, are "credentialed" by a Joint Credentialing Process, which is managed mostly by UMass Memorial Medical Center employees, but with some participation by the Medical School with respect to the licensing and activities of the Medical School's Residents and Fellows.  The Medical School does not evaluate the performance of UMass Memorial Medical Group physicians who provide clinical services.  The performance review of those UMass Memorial Medical Group physicians who also may provide some services as Medical School faculty members is governed by the Medical School's Academic Personnel Policy of the University of Massachusetts Medical School (University Board of Trustee Document T95-022), which is included in the Medical School's document production at bates numbers UM0290-UM0341.

3

**Interrogatory No. 8:**  Describe in detail, how members of Medical Group and/or the Department receive compensation for their services performed at Medical School.

**Answer No. 8:** OBJECTION:  The Medical School objects to this interrogatory because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving its objections, the Medical School states:

UMass Memorial had exclusive authority with respect to Dr. Desai's total salary amount.  Up until several months before Dr. Desai left the employ of UMass Memorial Medical Group, 20% of her salary was paid by the Medical School, but that expense was ultimately transferred and charged back to the hospital group practice (UMass Memorial Medical Group), which was an organizational practice at the time not specific to Dr. Desai.  Accordingly, 80% of Dr. Desai's salary was paid directly to Dr. Desai by UMass Memorial.  Dr. Desai received paychecks from both UMMHC and the Medical School, but the amount paid by the Medical School was then charged back to UMMHC.

**Interrogatory No. 9**:  Describe in detail the circumstances for Dr. Desai's 2001 promotion to Clinical Associate Professor.  Include in your response the names of all persons involved in recommending and approving her promotion.

**Answer No. 9:** OBJECTION:  The Medical School objects to this interrogatory because it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential information.  Without waiving its objections, the Medical School states:

Documents related to the promotion are included among bates numbers UM0085-UM0129 in the Medical School's document production, and the promotion was made in accord with the then-operative Academic Personnel Policy, the current version of which is contained in the Medical School's document production at bates numbers UM0290-UM0341.

**Interrogatory No. 10**:  Identify by name, current address, telephone number, current position and department, all faculty members who received an accommodation for a disability at Medical School.  Include in your response the nature of those accommodations.

    **Answer No. 10:**  OBJECTION:  The Medical School objects and refuses to respond to this interrogatory because it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks confidential information, and calls for a legal conclusion.

**Interrogatory No. 11**:  Describe in detail all Medical School policies, procedures and practices concerning the approval of "Academic Time" and/or "Academic Days" for clinical faculty members.

    **Answer No. 11:**  OBJECTION:  The Medical School objects to this interrogatory because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving its objections, the Medical School states:

    Policies concerning "Academic Time" and/or "Academic Days" are exclusively established and administered by UMass Memorial.

**Interrogatory No. 12**:  Identify for all members of the Department, the "Academic Time" and/or "Academic Days" received and/or scheduled from 2012 to the present.  Include in your response whether those faculty members who received Academic Time and/or Academic Days had submitted a formalized "plan" for the Academic Time/Days that they received.

    **Answer No. 12:**  OBJECTION:  The Medical School objects to this interrogatory because it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential information.  Without waiving its objections, the Medical School states:

    See Answer No. 11.

**Answer No. 16:** OBJECTION: The Medical School objects to and refuses to respond this interrogatory because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

        SIGNED UNDER THE PAINS AND
        PENALTIES OF PERJURY THIS 17th DAY OF
        AUGUST, 2020

        /s/*James G. Healy*_____
        James G. Healy, J.D.,
        Deputy Executive Vice Chancellor for
        Management, Office of Management

As to Objections:

/s/*Mark A. Johnson*_____
Mark A. Johnson, BBO No. 651271
Associate Counsel
University of Massachusetts
Office of the General Counsel
333 South Street, 4th Floor
Shrewsbury, MA 01545

## CERTIFICATE OF SERVICE

I, Mark A. Johnson, certify that I have served a copy of the above document on the above date via email to counsel of record as follows:

Patricia A. Washienko, Esq. (pwashienko@fwlawboston.com), Brendan T. Sweeney, Esq. (bsweeney@fwlawboston.com), Freiberger & Washienko, LLC, 211 Congress Street, Suite 720, Boston, MA 02110 (for plaintiff); and

Robert L. Kilroy, Esq. (rkilroy@mirickoconnell.com), Reid M. Wakefield, Esq. (rwakefield@MirickOConnell.com), Mirick, O'Connell, DeMallie & Lougee, LLP, 1800 West Park Drive, Suite 400, Westborough, MA 01581 (for non-Medical School defendants).

        /s/*Mark A. Johnson*_____
        Mark A. Johnson