# Exhibit 3

Charu Desai v. University of Massachusetts Memorial Medical Center, Inc. et al.

Civil Action No. 4:19-cv-10520-DHH

University of Massachusetts Chan Medical School's Motion for Summary Judgment

**Medical School's Answer to Amended Complaint (Dkt. 32)**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARU DESAI, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4:19-cv-10520-TSH |
| ) | |
| UNIVERSITY OF MASSACHUSETTS, ) | |
| MEMORIAL MEDICAL CENTER, INC. ) | |
| UNIVERSITY OF MASSACHUSETTS ) | |
| MEMORIAL MEDICAL GROUP, ) | |
| UNIVERSITY OF MASSACHUSETTS ) | |
| MEDICAL SCHOOL, UMASS ) | |
| MEMORIAL HOSPITAL, MAX ROSEN, ) | |
| M.D., DARREN BRENNAN, M.D., ) | |
| STEPHEN TOSI, M.D., KARIN DILL, ) | |
| M.D., ) | |
| Defendants. ) | |

## UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL'S ANSWER

Defendant University of Massachusetts Medical School ("Medical School")

answers the complaint filed in the above-captioned case as follows:

1. The Medical School states that the introduction on pages 1-2 of plaintiff's

complaint is comprised of argument and/or legal conclusions to which no

response is required.  To the extent a response is required, the Medical School

states that plaintiff has had a faculty appointment at the Medical School and, as

such, performed teaching activities concerning the Medical School.  The Medical

School denies that it discriminated against plaintiff, denies that it defamed

plaintiff, and denies that it violated any law concerning plaintiff including, but

not limited to, 29 U.S.C. §§ 206(d), 42 U.S.C. §§ 12132, 29 U.S.C. §§ 216(b), M.G.L.

c. 151B § 4, and M.G.L. c. §105A.  The Medical School is without sufficient

Case 4:19-cv-10520-TSH   Document 32   Filed 11/26/19   Page 2 of 23

information to admit or deny the statements made in the first paragraph of the introduction and, therefore, it denies them.  The Medical School denies any allegation contained in the introduction not specifically admitted.

2.  Answering paragraph 1, the Medical School admits that plaintiff is an adult female but is without information sufficient to admit or deny her current residence.  The Medical School denies any allegation contained in paragraph 1 not specifically admitted.

3.  Answering paragraph 2, the Medical School, on information and belief, states that UMass Memorial Medical Center has offices in Worcester, Massachusetts and is a not-for-profit corporation.  The Medical School denies any allegation contained in paragraph 2 not specifically admitted.

4.  Answering paragraph 3, the Medical School, on information and belief, states that plaintiff was employed by UMass Memorial Medical Center and/or University of Massachusetts Medical Center.  The Medical School denies any allegation contained in paragraph 3 not specifically admitted.

5.  Answering paragraph 4, the Medical School, on information and belief, states that UMass Memorial Medical Group has offices in Worcester, Massachusetts and is a not-for-profit organization.  The Medical School denies any allegation contained in paragraph 4 not specifically admitted.

6.  Answering paragraph 5, the Medical School, on information and belief, states that plaintiff worked with UMass Memorial Medical Group.  The Medical School denies any allegation contained in paragraph 5 not specifically admitted.

7.  Answering paragraph 6, the Medical School, on information and belief, states that UMass Memorial Marlborough Hospital is a hospital located in Marlborough, Massachusetts.  The Medical School denies any allegation contained in paragraph 6 not specifically admitted.

8.  The Medical School is without information sufficient to admit or deny the allegations contained in paragraph 7 and, therefore, denies them.

9.  Answering paragraph 8, the Medical School is a public state entity, as set forth in M.G.L. c. 75, et seq., is one of the five campuses of the University of Massachusetts, located in Worcester, Massachusetts, and is – as a matter of law – an entity separate and distinct from the other entity defendants named in plaintiff's complaint.  The Medical School denies any allegation contained in paragraph 8 not specifically admitted.

10. Answering paragraph 9, the Medical School states that plaintiff has had a faculty appointment at the Medical School.  The Medical School denies any allegation contained in paragraph 9 not specifically admitted.

11. Answering paragraph 10, the Medical School states that, on information and belief, Dr. Rosen is an adult male resident of Massachusetts and has had an

employment relationship with the Medical School since 2012. Further answering

paragraph 10, the Medical School states the referenced document and the

footnote concerning the same speaks for itself. The Medical School denies any

allegation contained in paragraph 10 not specifically admitted.

12. The Medical School is without information sufficient to admit or deny the

allegations contained in paragraph 11 and, therefore, denies them.

13. The Medical School is without information sufficient to admit or deny the

allegations contained in paragraph 12 and, therefore, denies them.

14. The Medical School is without information sufficient to admit or deny the

allegations contained in paragraph 13 and, therefore, denies them.

15. For the reasons set forth in its Rule 12 motion, the Medical School denies

paragraph 14 and, in addition, states that paragraph 14 states a legal conclusion

not requiring response.

16. Answering paragraph 15, the Medical School admits that plaintiff is a female, is

without information sufficient to dispute her national origin or birthdate as

alleged, and is without information sufficient to admit or deny the remaining

allegations in paragraph 15. The Medical School denies any allegation contained

in paragraph 15 not specifically admitted.

17. Answering paragraph 16, the Medical School admits that plaintiff is a physician

and board-certified radiologist, but is without information sufficient to admit or

deny the remaining allegations in paragraph 16. The Medical School denies any allegation contained in paragraph 16 not specifically admitted.

18. Answering paragraph 17, the Medical School states that, as a result of 1997 legislation, specifically Chapter 163 of the Acts of 1997, the Medical School became a distinct legal entity in 1997 and, since then, has been one of the five campuses of the University of Massachusetts. Further answering, on information and belief, plaintiff was hired by a predecessor entity to the Medical School on or about January 5, 1992 as a non-tenure track Assistant Professor of Radiology, was promoted by the Medical School to a Clinical Associate Professor on or about September 1, 2001, and, on December 8, 2017, her title was changed to Associate Professor. The Medical School will further respond to admit or deny the alleged facts set forth in paragraph 17 once relevant records have been obtained and reviewed. The Medical School denies any allegation contained in paragraph 17 not specifically admitted.

19. Answering paragraph 18, the Medical School states that, as a result of 1997 legislation, specifically Chapter 163 of the Acts of 1997, the Medical School became a distinct legal entity in 1997 and, since then, has been one of the five campuses of the University of Massachusetts. Further answering, on information and belief, plaintiff was hired by a predecessor entity to the Medical School on or about January 5, 1992 as a non-tenure track Assistant Professor of Radiology, was

5

promoted by the Medical School to a Clinical Associate Professor on or about

September 1, 2001, and, on December 8, 2017, her title was changed to Associate

Professor.  The Medical School will further respond to admit or deny the alleged

facts set forth in paragraph 18 once relevant records have been obtained and

reviewed.  The Medical School denies any allegation contained in paragraph 18

not specifically admitted.

20. Answering paragraph 19, the Medical School states the document attached to

plaintiff's complaint as Dkt. No. 23-2 speaks for itself.  The Medical School denies

any allegation contained in paragraph 19 not specifically admitted.

21. Answering the first sentence of paragraph 20, the Medical School states that

plaintiff was promoted by the Medical School to a Clinical Associate Professor on

or about September 1, 2001, and, on December 8, 2017, her title was changed to

Associate Professor.  The Medical School is without sufficient information to

admit or deny the allegations contained in the second sentence of paragraph 20

and, therefore, it denies them.

22. The Medical School is without sufficient information to admit or deny the

allegations contained in the first sentence of paragraph 21 and, therefore, it

denies them.  Answering the second sentence of paragraph 21, the Medical

School states that plaintiff taught and trained medical students.  The Medical

School denies any allegation contained in paragraph 21 not specifically admitted.

23. Answering the second, third, and fourth sentences of paragraph 22, the Medical School admits that plaintiff was chosen Teacher of the Year in 2017 and, further answering, states that its reviews of plaintiff are documents which speak for themselves.  The Medical School is without sufficient information to admit or deny any allegations set forth in the first sentence of paragraph 22 and, therefore, it denies them.

24. Answering the first sentence of paragraph 23, the Medical School does not have sufficient information to admit or deny what plaintiff has alleged she knows or does not know and, therefore the Medical School denies the first sentence of paragraph 23.  Answering the remainder of paragraph 23, the Medical School is without sufficient information to admit or deny the allegations contained therein and, therefore, it denies them.

25. On information and belief, the Medical School admits the allegation set forth in paragraph 24.

26. The allegations set forth in paragraph 25 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 25.

27. The allegations set forth in paragraph 26 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to

admit or deny them and, as such, they deny the allegations contained in paragraph 26.

28. The allegations set forth in paragraph 27 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 27.

29. The allegations set forth in paragraph 28 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 28.

30. The allegations set forth in paragraph 29 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 29.

31. The allegations set forth in paragraph 30 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 30.

32. The allegations set forth in paragraph 31 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to

Case 4:19-cv-10520-TSH   Document 53   Filed 12/17/21   Page 10 of 24

admit or deny them and, as such, they deny the allegations contained in paragraph 31.

33. The allegations set forth in paragraph 32 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 32.

34. The Medical School is without information sufficient to admit or deny the allegations set forth in paragraph 33 and, as such, they deny them.

35. The Medical School is without information sufficient to admit or deny the allegations set forth in paragraph 34 and, as such, they deny them.

36. The Medical School is without information sufficient to admit or deny the allegations set forth in paragraph 35 and, as such, they deny them.

37. The Medical School is without information sufficient to admit or deny the allegations set forth in paragraph 36 and, as such, they deny them.

38. The Medical School is without information sufficient to admit or deny the allegations set forth in paragraph 37 and, as such, they deny them.

39. The Medical School is without information sufficient to admit or deny the allegations set forth in paragraph 38 and, as such, they deny them.

40. The Medical School is without information sufficient to admit or deny the allegations set forth in paragraph 39 and, as such, they deny them.

41. The Medical School is without information sufficient to admit or deny the allegations set forth in paragraph 40 and, as such, they deny them.

42. Answering paragraph 41, the Medical School states the referenced document plaintiff attached to her complaint as Dkt. No. 23-3 speaks for itself.  The Medical School denies any allegation contained in paragraph 41 not specifically admitted.

43. The allegations set forth in paragraph 42 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 42.

44. The allegations set forth in paragraph 43 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 43.

45. The allegations set forth in paragraph 44 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 44.

46. The allegations set forth in paragraph 45 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to

admit or deny them and, as such, they deny the allegations contained in paragraph 45.

47. The allegations set forth in paragraph 46 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 46.

48. The allegations set forth in paragraph 47 do not appear to concern the Medical School, reference documents which speak for themselves and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 47.

49. The allegations set forth in paragraph 48 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 48.

50. The allegations set forth in paragraph 49 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 49.

51. The allegations set forth in paragraph 50 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to

Case 4:19-cv-10520-TSH  Document 32  Filed 11/26/19  Page 12 of 23

admit or deny them and, as such, they deny the allegations contained in paragraph 50.

52. The allegations set forth in paragraph 51 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 51.

53. The allegations set forth in paragraph 52 do not appear to concern the Medical School, reference documents which speak for themselves and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 52.

54. Answering paragraph 53, the Medical School states that referenced documents speak for themselves.  The Medical School denies any allegations contained in paragraph 53 not specifically admitted.

55. The allegations set forth in paragraph 54 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 54.

56. The allegations set forth in paragraph 55 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to

admit or deny them and, as such, they deny the allegations contained in paragraph 55.

57. The allegations set forth in paragraph 56 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 56.

58. The allegations set forth in paragraph 57 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 57.

59. The allegations set forth in paragraph 58 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 58.

60. The allegations set forth in paragraph 59 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 59.

61. The allegations set forth in paragraph 60 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to

admit or deny them and, as such, they deny the allegations contained in paragraph 60.

62. The allegations set forth in paragraph 61 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 61.

63. The allegations set forth in paragraph 62 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 62.

64. The allegations set forth in paragraph 63 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 63.

65. The allegations set forth in paragraph 64 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 64.

66. The allegations set forth in paragraph 65 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to

Case 4:19-cv-10520-TSH   Document 32   Filed 11/26/19   Page 15 of 23

admit or deny them and, as such, they deny the allegations contained in paragraph 65.

67. The allegations set forth in paragraph 66 do not appear to concern the Medical School and, additionally, the Medical School is without information sufficient to admit or deny them and, as such, they deny the allegations contained in paragraph 66.

68. The Medical School admits paragraph 67.

69. The Medical School admits paragraph 68.

70. The Medical School admits paragraph 69.

71. The Medical School admits paragraph 70.

72. The Medical School admits paragraph 71.

73. The Medical School states that paragraph 72 does not contain averments calling for admission or denial and, as such it denies paragraph 72.

74. The Medical School states paragraph 73 is comprised solely of legal conclusion to which no response is required and, to the extent it does require response, the Medical School denies it.

75. To the extent paragraph 74 makes allegations concerning the Medical School, such allegations are denied.  The Medical School denies any allegation contained in paragraph 74 not specifically admitted.

76. To the extent paragraph 75 makes allegations concerning the Medical School, such allegations are denied. The Medical School denies any allegation contained in paragraph 75 not specifically admitted.

77. To the extent paragraph 76 makes allegations concerning the Medical School, such allegations are denied. The Medical School denies any allegation contained in paragraph 76 not specifically admitted.

78. The Medical School states that paragraph 77 does not contain averments calling for admission or denial and, as such it denies paragraph 77.

79. To the extent paragraph 78 makes allegations concerning the Medical School, such allegations are denied. The Medical School denies any allegation contained in paragraph 78 not specifically admitted.

80. To the extent paragraph 79 makes allegations concerning the Medical School, such allegations are denied. The Medical School denies any allegation contained in paragraph 79 not specifically admitted.

81. To the extent paragraph 80 makes allegations concerning the Medical School, such allegations are denied. The Medical School denies any allegation contained in paragraph 80 not specifically admitted.

82. The Medical School states that paragraph 81 does not contain averments calling for admission or denial and, as such it denies paragraph 81.

83. The Medical School states paragraph 82 is comprised solely of legal conclusion to which no response is required and, to the extent it does require response, the Medical School denies it.

84. To the extent paragraph 83 makes allegations concerning the Medical School, such allegations are denied. The Medical School denies any allegation contained in paragraph 83 not specifically admitted.

85. To the extent paragraph 84 makes allegations concerning the Medical School, such allegations are denied. The Medical School denies any allegation contained in paragraph 84 not specifically admitted.

86. To the extent paragraph 85 makes allegations concerning the Medical School, such allegations are denied. The Medical School denies any allegation contained in paragraph 85 not specifically admitted.

87. The Medical School states that paragraph 86 does not contain averments calling for admission or denial and, as such it denies paragraph 86.

88. The Medical School states paragraph 87 is comprised solely of legal conclusion to which no response is required and, to the extent it does require response, the Medical School denies it.

89. To the extent paragraph 88 makes allegations concerning the Medical School, such allegations are denied. The Medical School denies any allegation contained in paragraph 88 not specifically admitted.

Case 4:19-cv-10520-TSH   Document 52   Filed 11/26/19   Page 18 of 23

90. To the extent paragraph 89 makes allegations concerning the Medical School, such allegations are denied.  The Medical School denies any allegation contained in paragraph 89 not specifically admitted.

91. To the extent paragraph 90 makes allegations concerning the Medical School, such allegations are denied.  The Medical School denies any allegation contained in paragraph 90 not specifically admitted.

92. The Medical School states that paragraph 91 does not contain averments calling for admission or denial and, as such it denies paragraph 91.

93. The Medical School states paragraph 92 is comprised solely of legal conclusion to which no response is required and, to the extent it does require response, the Medical School denies it.

94. To the extent paragraph 93 makes allegations concerning the Medical School, such allegations are denied.  The Medical School denies any allegation contained in paragraph 93 not specifically admitted.

95. To the extent paragraph 94 makes allegations concerning the Medical School, such allegations are denied.  The Medical School denies any allegation contained in paragraph 94 not specifically admitted.

96. To the extent paragraph 95 makes allegations concerning the Medical School, such allegations are denied.  The Medical School denies any allegation contained in paragraph 95 not specifically admitted.

97. To the extent paragraph 96 makes allegations concerning the Medical School, such allegations are denied. The Medical School denies any allegation contained in paragraph 96 not specifically admitted.

98. To the extent paragraph 97 makes allegations concerning the Medical School, such allegations are denied. The Medical School denies any allegation contained in paragraph 97 not specifically admitted.

99. The Medical School states that paragraph 98 does not contain averments calling for admission or denial and, as such it denies paragraph 98.

100. To the extent paragraph 99 makes allegations concerning the Medical School, such allegations are denied. The Medical School denies any allegation contained in paragraph 99 not specifically admitted.

101. To the extent paragraph 100 makes allegations concerning the Medical School, such allegations are denied. The Medical School denies any allegation contained in paragraph 100 not specifically admitted.

102. The Medical School states that paragraph 101 does not contain averments calling for admission or denial and, as such it denies paragraph 101.

103. The Medical School states paragraph 102 is comprised solely of legal conclusion to which no response is required and, to the extent it does require response, the Medical School denies it.

104.     To the extent paragraph 103 makes allegations concerning the Medical School, such allegations are denied.  The Medical School denies any allegation contained in paragraph 103 not specifically admitted.

105.     To the extent paragraph 104 makes allegations concerning the Medical School, such allegations are denied.  The Medical School denies any allegation contained in paragraph 104 not specifically admitted.

106.     To the extent paragraph 105 makes allegations concerning the Medical School, such allegations are denied.  The Medical School denies any allegation contained in paragraph 105 not specifically admitted.

107.     The Medical School states that paragraph 106 does not contain averments calling for admission or denial and, as such it denies paragraph 106.

108.     To the extent paragraph 107 makes allegations concerning the Medical School, such allegations are denied.  The Medical School denies any allegation contained in paragraph 107 not specifically admitted.

109.     To the extent paragraph 108 makes allegations concerning the Medical School, such allegations are denied.  The Medical School denies any allegation contained in paragraph 108 not specifically admitted.

110.     To the extent paragraph 109 makes allegations concerning the Medical School, such allegations are denied.  The Medical School denies any allegation contained in paragraph 109 not specifically admitted.

111.     The Medical School denies that plaintiff is entitled to the relief she requests in the "Wherefore" section on page 22 of Docket No. 23.

112.     The Medical school states that the "headers" included by plaintiff in Docket No. 23 do not contain averments calling for admission or denial.  To the extent any of the above-described "headers" do contain such averments, the Medical School denies them.

<u>AFFIRMATIVE DEFENSES</u>

<u>First Affirmative Defense</u>

The court is without subject matter jurisdiction concerning some or all of plaintiff' claims.

<u>Second Affirmative Defense</u>

Plaintiff' complaint fails to state, in whole or in part, a claim upon which relief may be granted.

<u>Third Affirmative Defense</u>

Plaintiff's claims are barred, in whole or in part, by her own acts and/or omissions or by the acts or omissions of persons or entities over whom the Medical School exercised no control and for whose acts the Medical School is not liable.

<u>Fourth Affirmative Defense</u>

Plaintiff's claims are barred, in whole or in part, by her failure to make proper presentment of certain of his claims in accord with M.G.L. c. 258, § 4.

<u>Fifth Affirmative Defense</u>

Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified

immunity.

<u>Sixth Affirmative Defense</u>

Plaintiff's claims are barred, in whole or in part, to the extent she did not mitigate

any alleged damages.

<u>Seventh Affirmative Defense</u>

Plaintiff's claims are barred, in whole or in part, to the extent she failed to

exhaust her administrative remedies.

<u>Eighth Affirmative Defense</u>

Plaintiff's claims are barred, in whole or in part, by applicable statutes of

limitation.

Respectfully submitted this 25th day of November, 2019.

UNIVERSITY OF MASSACHUSETTS
MEDICAL SCHOOL
By its attorney,

<u>/s/ Denise Barton</u>
Denise Barton, BBO No. 675245
Deputy General Counsel
University of Massachusetts
Office of the General Counsel
333 South Street, 4th Floor
Shrewsbury, MA 01545
(774) 455-7300
dbarton@umassp.edu

Case 4:19-cv-10520-TSH   Document 32   Filed 11/26/19   Page 23 of 23

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true copy of the above document on all counsel of record by the Electronic Court Filing System (ECF) of the United States District Court for the District of Massachusetts.

/s/  *Denise Barton*
Denise Barton