# Exhibit 11

Charu Desai v. University of Massachusetts Memorial Medical Center, Inc. et al.

Civil Action No. 4:19-cv-10520-DHH

University of Massachusetts Chan Medical School's Motion for Summary Judgment

**Medical Group's Answers to Dr. Desai's First Set of Interrogatories**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-cv-10520-DHH

| | |
|---|---|
| CHARU DESAI,<br>Plaintiff,<br><br>v.<br><br>UMASS MEMORIAL MEDICAL<br>CENTER, INC., et al.,<br>Defendants. | **DEFENDANT, UMASS MEMORIAL MEDICAL GROUP'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Pursuant to the provisions of Rule 33 of the Federal Rules of Civil Procedure, Defendant, UMass Memorial's Medical Group, hereby answers the Plaintiff's First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1. Defendant objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege, attorney work product doctrine, and/or information that is not otherwise subject to discovery pursuant to the Federal Rules of Civil Procedure.

2. Defendant objects to the Interrogatories to the extent that they seek to impose obligations upon Defendant that exceed those imposed by the Federal Rules of Civil Procedure.

3. Defendant objects to the Interrogatories to the extent that they seek information not relevant to the subject matter of this litigation and/or are not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to the Interrogatories to the extent that they contain vague, ambiguous, conclusory, and/or undefined terms.

**INTERROGATORY NO. 3.** Explain the relationship, including but not limited to the administrative and financial features of that relationship, between the Medical Group and the Medical Center, Marlborough and the Medical School.

**ANSWER NO. 3.** Defendant objects to Interrogatory No. 3 as overbroad, unduly burdensome, and as vague and ambiguous as to the phrase "administrative and financial features of that relationship."

**INTERROGATORY NO. 4.** Describe in detail the factors and criteria that Medical Group considers when determining salaries.

**ANSWER NO. 4.** Defendant objects to Interrogatory No. 4 as overbroad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Defendant directs Plaintiff to documents produced in response to document requests which identify factors and criteria for salaries of radiologists within the applicable statute of limitations period.

**INTERROGATORY NO. 5.** List all criteria and factors which the Medical Group and/or Department states are necessary for hire and/or promotion. For instance, these criteria may include, but are not limited to, the number of patients seen in a set time period.

**ANSWER NO. 5.** Defendant objects to Interrogatory No. 5 as overbroad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Defendant states that hiring decisions in the Radiology Department are determined based on determination of need, as well as determination of who is best qualified for the position being hired into. Promotion decisions, if any, are determined based on operational need for a position, combined with a determination of whether the individual under consideration for promotion is best qualified to meet the operational need. Academic faculty appointments are governed by the Medical School.

**INTERROGATORY NO. 6.** Describe in detail the 2016 meeting between Drs. Tosi and Rosen and Drs. Adib Karam, Gopal Vijayaraghanavan, Joseph Makris, and Christopher Cerniglia concerning the pay disparity between newly hired and senior Radiologists in the department referred to in paragraphs 40 and 41 of the Medical Group's response to Plaintiff's Charge of Discrimination, filed with the MCAD and dated July 17, 2018 (hereinafter "Position Statement").

**ANSWER NO. 6.** Defendant states that there was a meeting with the above-named radiologists at their request to discuss concerns they raised as to compensation. A meeting took place on August 4, 2016, which lasted perhaps an hour, at the Executive Conference Room located at the Biotech One building, with these radiologists, and to the best of Defendant's belief, Practice Administrator Randa Mowlood, the Medical Group's Chief Operating Officer Michelle Streeter, and Dr. Tosi attended. The fact that more recently hired radiologists were offered higher starting salaries than some radiologists already employed by the Medical Group was discussed, and it was acknowledged that such hiring decisions reflected the realities of a competitive market

for radiologists at the time of hire. The Medical Group agreed that Department compensation needed to be addressed, and its leadership committed to reviewing the compensation concerns further.

**INTERROGATORY NO. 7.** Describe in detail the analysis conducted by the "outside consultant" referred to in paragraph 41 of the Position Statement. Include in your response the identity of the outside consultant, the methodology by which the consultant conducted his or her analysis, and identify any documents relied upon to support the consultant's conclusions.

**ANSWER NO. 7.** Defendant states that the Medical Group decided to conduct a local market survey with the assistance of the Medical Group's Finance Department. Donna Sides, Compensation Specialist, engaged a consultant to conduct a local market survey of regional academic radiologist departments regarding compensation information, as well as contacted participants directly. Defendant directs Plaintiff to documents produced in response to her document requests related to the survey and analysis.

**INTERROGATORY NO. 8.** Identify all radiologists in the Department who had their compensation adjusted as a result of the above-referenced "analysis."

**ANSWER NO. 8.** Defendant objects to Interrogatory No. 8 as overbroad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Defendant directs Plaintiff to documents produced in response to Plaintiff's document requests as to similarly-situated radiologists to Dr. Desai within the statute of limitations period.

**INTERROGATORY NO. 9.** Identify the name, address, telephone number and current position of all members of the Department who receive a reasonable accommodation from 1992 to the present. Including in your response the nature of those reasonable accommodations.

**ANSWER NO. 9.** Defendant objects to Interrogatory No. 9 as overbroad, unduly burdensome and as seeking information that is private and confidential as to third parties. Without waiving the foregoing objection and limiting its response to radiologists seeking accommodations due to a medical condition since 2012, Defendant states that a radiologist sought an accommodation in the form of an adjusted work schedule due to an eye condition in approximately 2014, and another radiologist sought an accommodation in the form of remote work due to mobility limitations in 2020. These requested accommodations were granted. Defendant is not aware of any other radiologist, including Dr. Desai, ever seeking an accommodation for a medical condition, with the exception of FMLA-qualifying leave sought by Dr. Desai for years, which was uniformly granted.

**INTERROGATORY NO. 10.** Identify the name, address, telephone number and current position of all members of the Department who received a personal workstation.

**ANSWER NO. 10.** Defendant objects to Interrogatory No. 10 as seeking private and confidential information in the form of address and telephone numbers. Without waiving the foregoing objection, Defendant states that the following individuals were provided a personal workstation from 2012 to the date of Dr. Desai's termination of employment – each of whom may be contacted through undersigned counsel: Aly Abayazeed, M.D., Satish Dundamadappa,

the response to cases filed against the Medical Group alleging discrimination within the past five years, Defendant states, "None."

Signed under the pains and penalties of perjury this __17__ day of December, 2020.

_____
Max Rosen, MD

As to objections:

_____
Robert L. Kilroy, Esq., BBO #636853
Reid M. Wakefield, BBO #569026
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581-3926
Phone 508.860.1474
Fax 508.983.6261
rkilroy@mirickoconnell.com
rwakefield@mirickoconnell.com

Dated: December 18, 2020

## CERTIFICATE OF SERVICE

I, Robert L. Kilroy, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Patricia A. Washienko, Esq. and Brendan T. Sweeney, Esq., Frieberger & Washienko LLC, 211 Congress Street, Suite 720, Boston, MA 02110 and Mark Johnson, Esq., University of Massachusetts Office of the General Counsel, One Beacon Street, 31st Floor, Boston, MA 02108.

_____
Robert L. Kilroy, Esq.

Dated: December 18, 2020