# Exhibit 12

Charu Desai v. University of Massachusetts Memorial Medical Center, Inc. et al.

Civil Action No. 4:19-cv-10520-DHH

University of Massachusetts Chan Medical School's Motion for Summary Judgment

**Dr. Rosen's Answers to Dr. Desai's First Set of Interrogatories**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-cv-10520-DHH

| | |
|---|---|
| CHARU DESAI,<br>  Plaintiff,<br><br>v.<br><br>UMASS MEMORIAL MEDICAL<br>CENTER, INC., et al.,<br>  Defendants. | **DEFENDANT, MAX ROSEN, M.D.'S<br>ANSWERS TO PLAINTIFF'S FIRST<br>SET OF INTERROGATORIES** |

Pursuant to the provisions of Rule 33 of the Federal Rules of Civil Procedure, Defendant Max Rosen, M.D., hereby answers the Plaintiff's First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1. Defendant objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege, attorney work product doctrine, and/or information that is not otherwise subject to discovery pursuant to the Federal Rules of Civil Procedure.

2. Defendant objects to the Interrogatories to the extent that they seek to impose obligations upon Defendant that exceed those imposed by the Federal Rules of Civil Procedure.

3. Defendant objects to the Interrogatories to the extent that they seek information not relevant to the subject matter of this litigation and/or are not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to the Interrogatories to the extent that they contain vague, ambiguous, conclusory, and/or undefined terms.

interventional work, and while she was able to assist in a limited capacity in other areas of specialty, she was not specialty trained in another area, and was informed the Medical Group could not keep her employed given her narrow scope. Dr. Rosen assisted her with getting a fellowship at Mass General Hospital in emergency radiology, and she subsequently became employed with another academic department full-time. She continues to perform per diem for the Department.



**INTERROGATORY NO. 10.**  Describe in detail the circumstances of Dr. Dill's review of Dr. Desai's work. Include in your response the basis for her review, any involvement you had in that review, the relationship of that review to the independent review commissioned by you, the methodology and results of the review, and the relationship the review had to your termination of Dr. Desai.

**ANSWER NO. 10.**  Defendant states that Dr. Dill reviewed Dr. Desai's work in the normal course of Dr. Dill's job duties and responsibilities as Division Chief. Dr. Dill did not perform any targeted review or any specific review that resulted in the decision to perform an independent review or that led to the decision to terminate Dr. Desai. Defendant directs Plaintiff to documents produced related to the independent review. Answering further, Defendant states that the results of the independent review was a driving factor in the decision to terminate Plaintiff's employment.

**INTERROGATORY NO. 11.**  Describe in detail the circumstances of the complaint you received from the President of the Medical Staff for Marlborough Hospital, Dr. Kim Robinson.

**ANSWER NO. 11.**  Defendant states that Dr. Robinson verbally expressed concerns regarding the quality of Dr. Desai's reads, and he held a meeting on January 31, 2017, which included, among other topics, a discussion of her concerns. Dr. Robinson advised that she had trouble trusting the accuracy of Dr. Desai's reads of CT scans at Marlborough Hospital and did not value her interpretations. Answering further, Defendant refers Plaintiff to documents produced in response to her document requests.

**INTERROGATORY NO. 12.**  Describe in detail your decision to retain Dr. Diana Litmanovich to review Dr. Desai's work.

**ANSWER NO. 12.**   Defendant chose to retain Dr. Diana Litmanovich to ensure an independent, non-biased, and fair review of a randomly-selected group of 25 CT cases for Dr. Desai in order to assess the quality of her work.  Dr. Litmanovich was chosen to ensure any review would be blind and un-biased as to Dr. Desai as the radiologist being reviewed.  Dr. Litmanovich was chosen based on Defendant's view of her as an expert in the field of chest radiology and his assessment as her being a physician with a reputation for integrity.

**INTERROGATORY NO. 13.**   Describe in detail the circumstances of your request to the file room clerk to "pull twenty-five files of Dr. Desai's work on CT scans and another 25 files from other radiologists," as described in paragraph 21 of the Position Statement.

**ANSWER NO. 13.**   Defendant chose to have 25 cases pulled randomly for review of Dr. Desai's cases to ensure an appropriate, yet random, sampling of cases so as to permit a qualitative assessment by the independent reviewer.  Defendant directed that 25 cases for other radiologists be pulled simply to provide a comparative base and to further ensure fairness of the review process.

**INTERROGATORY NO. 14.**   Identify any and all documents relied upon and explain the methodology employed in Dr. Litmanovich's review of Dr. Desai's CT scan readings.

**ANSWER NO. 14.**   Defendant directs Plaintiff to documents produced in response to her document requests.

**INTERROGATORY NO. 15.**   State the basis for your reprimand of Dr. Desai, "that she should not discuss her employment with residents," as described in paragraph 20 of the Position Statement.

**ANSWER NO. 15.**   Plaintiff was directed not to discuss her employment with residents based on a concern that residents had expressed discomfort with her doing so.

**INTERROGATORY NO. 16.**   Identify any and all documents that you presented or relied upon in preparation for your April 24, 2018 meeting with Dr. Desai.

**ANSWER NO. 16.**   Defendant directs Plaintiff to documents produced in response to her document requests.



**INTERROGATORY NO. 18.** Provide the case name, docket number, and date of filing of any and all cases filed against you, other than the instant case, for the period of 1992 through the present, with(a) the MCAD and/or the EEOC; (b) or with the state and/or federal courts of Massachusetts. Including your description the ultimate disposition of the case, whether tried, mediated, or settled prior to trial.

**ANSWER NO. 18.** Defendant objects to Interrogatory No. 18 as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections and limiting the response to allegations of discrimination, Defendant states, "None."

**INTERROGATORY NO. 19.** Identify all person(s) whom you intend to call to give expert testimony. With respect to each person, please state the subject matter on which he or she will testify, the substance of facts and opinions comprising his or her expected testimony, and a summary of the grounds for the opinion.

**ANSWER NO. 19.** Defendant objects to Interrogatory No. 19 as premature, as Defendant has not yet identified any person(s) whom he intends to call to give expert testimony.

Signed under the pains and penalties of perjury this __17__ day of December, 2020.

_____
Max Rosen, M.D.

As to objections:

_____
Robert L. Kilroy, Esq., BBO #636853
Reid M. Wakefield, BBO #569026
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581-3926
Phone 508.860.1474
Fax 508.983.6261
rkilroy@mirickoconnell.com
rwakefield@mirickoconnell.com

Dated: December 18, 2020