UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARU DESAI, <br>     Plaintiff, <br><br> v. <br><br> UNIVERSITY OF MASSACHUSETTS, MEMORIAL MEDICAL CENTER, INC. UNIVERSITY OF MASSACHUSETTS MEMORIAL MEDICAL GROUP, UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL, UMASS MEMORIAL HOSPITAL, MAX ROSEN, M.D., DARREN BRENNAN, M.D., STEPHEN TOSI, M.D., KARIN DILL, M.D., <br>     Defendants. | Civil Action No. 4:19-cv-10520-TSH |

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT BY DEFENDANT MARLBOROUGH HOSPITAL

Pursuant to Federal Rules of Civil Procedure 56 and Local Rule 56.1, Plaintiff Charu Desai ("Dr. Desai") hereby submits the following memorandum of law in opposition to the Motion for Summary Judgment by Defendant Marlborough Hospital ("Marlborough" or "Defendant"). As shown in Dr. Desai's responses to Defendant's Statement of Material Facts and her own statement of additional material facts, Marlborough Hospital exerted control over the manner and means of Dr. Desai's work performance (or at the very least there are disputes of fact as to the extent it did so), and its senior executives took malicious action against her. Therefore, Dr. Desai requests this Honorable Court deny Defendant's motion for summary judgment.

I.     SUMMARY JUDGMENT STANDARD

Summary judgment is only appropriate when there is no genuine dispute of as to any of the material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a);

Mass. R. Civ. P. 56 (c). In determining whether there is a genuine dispute of material fact, the court must credit all evidence of the party opposing the motion and draw all reasonable inferences in her favor. *Azimi v. Jordan Meats, Inc.* 456 F.3rd 228, 241 (1st Cir. 2006); *Attorney General v. Bailey*, 386 Mass. 367, 371 (1982). The court must acknowledge and credit the nonmovant's factual assertions. *Tolan v. Cotton*, 572 U.S. 650, 660 (2014). Indeed, at the summary judgment stage, the court should disregard all evidence favorable to the moving party that the jury is not required to believe, even if it is uncontradicted. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 151 (2000).

Assessment of witness credibility is the provenance of the jury at trial. *Reeves*, 530 U.S. at 150 (the court "may not make credibility determinations or weigh the evidence"); *Attorney General v. Bailey*, 386 Mass. 367, 370 (1982) ("The court does not pass upon the credibility of witnesses or the weight of the evidence [or] make [its] own decision of facts."). Summary judgment is thus disfavored where the defendants' motives and intent are at issue. *Poller v. Columbia Broadcasting Sys.,* 368 U.S. 464, 473 (1962); *Guinan v. Boston College*, 2006 U.S. Dist. LEXIS 75505, 10-11 (D. Mass. Sept. 29, 2006); *Sullivan v. Liberty Mut. Ins. Co.*, 444 Mass. 34, 38 (2005).

There is rarely "smoking gun" direct evidence in employment discrimination matters. Thus, to evaluate claims based on circumstantial evidence, courts apply a three-stage burden shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990); *Bulwer v. Mount Auburn Hosp.*, 473 Mass. 672, 681 (2016). Under that framework, a plaintiff must first establish a *prima facie* case; defendants must then articulate a legitimate, non-discriminatory reasons for the contested action. To prevail, plaintiff must at the third stage establish pretext (for state law claims) and pretext and

proof of discriminatory intent (for federal claims). *Lipchitz v. Raytheon Co.*, 434 Mass. 493, 502 (2001) (permitting jury to infer discriminatory animus and causation from proof that an employer has advanced a false reason for the adverse employment decision); *Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 16 (1st Cir. 1994) (to prevail under federal law, plaintiff must muster proof that stated reason for adverse employment decision is not only a sham, but a sham intended to cover up the proscribed type of discrimination).

This "pretext plus" approach does not necessarily require the introduction of additional evidence, however. *Dichner v. Liberty Travel*, 141 F.3d 24, 30 (1st Cir. 1998). It is permissible for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation: "The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the *prima facie* case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993).

II.     ARGUMENT

Dr. Desai has pleaded eight claims against Marlborough Hospital: sex, age, and disability discrimination under federal and state law (Counts I, III, IV, and V), violations of the federal and state Equal Pay Acts (Counts II and VI), and defamation (Count VIII). Marlborough Hospital moves on just two grounds for summary judgment on all of Dr. Desai's claims: first, it argues that it did not employ Dr. Desai and it therefore cannot be liable for the discrimination to which she was subject; and second, it asserts that that she alleges no facts to support her claims against Marlborough. Both issues are very much in dispute. As set out below, some of the most senior leaders of Marlborough Hospital acted and exerted control over Dr. Desai's work performance and

took affirmative unlawful action against her.

"The most important factor in determining the existence of an employment relationship is 'that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor.' What is at issue is not merely the right to dictate the outcome of the work, but the right to control the 'manner and means' by which the hiree accomplishes that outcome." *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 228 (2d Cir. 2008) (internal citations omitted) (Gertner, J., sitting by designation). Here, there is considerable evidence that Marlboro exerted control over the manner and means by which Dr. Desai performed her work.

Marlborough Hospital is a hospital/campus of the UMass Memorial Medical Center and member of UMass Memorial Healthcare and UMass Memorial Healthcare, Inc. PSOF ¶¶ 318-325, 326-344, 299-317.[1] It defines itself as a UMass Memorial Healthcare System hospital, as evidenced by the following: "for those who hold privileges at more than one Care System hospital, this will ensure that you have only one reappointment application process to cover all member hospitals going forward." Dr. Desai provided services for the entire Care System. Radiologists that Dr. Rosen hired in the Department of Radiology express on their resumes that they work for Marlborough Hospital or University of Massachusetts/Marlborough Campus. UMM 09970, UMM 25639, both attached as Exhibit XX to the Affidavit of Patricia Washienko ("Washienko Aff.").

Dr. Desai was granted privileges by Marlborough Hospital. Although Defendants describe

---

[1] Plaintiff's exhibits in support of her Statement of Material Facts In Dispute ("PSOF") are identified by Book number then Exhibit letter – *i.e.*, Ex. 1A means Exhibit Book 1, Exhibit A. All the Exhibits are attached to the Affidavit of Patricia Washienko. For simplicity, the exhibits are all referred to herein simply by reference to Book number and Exhibit letter.

Dr. Brennan as responsible only for staffing for the reading of studies at Marlborough Hospital in his role as Chief of Radiology for Marlborough Hospital, see Rosen Aff. at ¶ 16, Exhibit C, Dr. Rosen stated that Divisions Chiefs are responsible for, among other things, clinical operations and quality assurance and improvement. Certainly, he had the authority to and did in fact direct radiologists, including Dr. Desai, to prioritize interpretation of the cases at Marlborough Hospital. PSOF ¶ 59. In addition, exercising authority in quality matters, Dr. Darren Brennan exchanged emails with Dr. Rosen regards Dr. Robinson's complaints, which he described as mostly unjustified. Rosen Dep. at 141:23-142:11, Exhibit C; PSOF ¶ 110.

Dr. Robinson is a pulmonologist at Marlborough Hospital who formally complained about the quality of Dr. Desai's chest CT scan interpretations on January 31, 2017. PSOF ¶ 105. She served as the President of the Marlborough Hospital Medical Staff, which is a position selected by the physicians of the Marlborough Hospital medical staff. PSOF ¶ 310, Rosen Aff. at ¶ 48, Exhibit C.

Dr. Robinson also served on the Patient Care Assessment Committee (*i.e.*, Board of Trustees) that in July 2017, approved without restriction Dr. Desai's credentialing and reappointment. PSOF ¶ 309. (So, too, did Mr. Roach, Mr. Brown, and Dr. Cavagnaro, who were also present at the January 2017 meeting at which Dr. Robinson voiced allegedly serious concerns regarding Dr. Desai's work quality. PSOF ¶¶ 307, 309; EXHIBIT AAA. As part of that process, the Committee reviewed Dr. Desai's recredentialing application, which included Dr. Brennan's evaluation of Dr. Desai as "excellent" in twelve categories, including clinical competence. She actively participated in the approval of Plaintiff's reappointment and re-credentialing. PSOF ¶ 192.

Mr. Steven P. Roach, President of Marlborough Hospital and HealthAlliance-Clinton Hospital, routinely signed Medical Staff appointment/reappointment letters for radiology

physicians, including Dr. Desai, on behalf of the Marlborough Hospital Patient Care Assessment Committee (Board of Trustees). Exhibit DDDD.  He directly approved, via signed letter on July 11, 2017, Dr. Desai's reappointment to the Medical Staff of Marlborough Hospital without conditions for the term effective July 31, 2017, to July 31, 2019. She retained full clinical privileges at Marlborough Hospital up until the final day of her employment on March 17, 2019.

Communications from Marlborough Hospital state that there is "no derogatory information on file" regarding Dr. Desai based on a review of her credentials record at Marlborough Hospital. UMM 03258, UMM 03594.  PSOF ¶ 199 and Exhibit EEEE. The PCAC approved Dr. Desai's credentialing and reappointment for another full two-year term ending in July 2019.  The continued unrestricted reappointment and lack of derogatory information on file for Dr. Desai serves as a direct contradiction to the complaints lodged by Dr. Robinson. PSOF ¶ 194.

Dr. Robinson's endorsement of Dr. Desai and approval for clinical privileges at Marlborough Hospital without restriction in July 2017, despite her formalization of quality concerns earlier that year PSOF ¶ 113, demonstrates that Dr. Rosen's stated reason for the adverse employment decision to terminate Dr. Desai was a sham intended to cover up his true motive, which was an age based discriminatory animus against Dr. Desai. Both Drs. Robinson and Dr. Rosen demonstrate malicious intent and participated in events that led to De. Desai's termination. PSOF ¶¶ 106, 110, 112-114.

Nevertheless, Dr. Robinson had the authority to act on behalf of Marlborough Hospital, and Dr. Desai's employment at the Medical Center and Marlborough Hospital was terminated as a result of Dr. Robinson's direct actions. What followed Dr. Robinson's formalization of complaints regarding Dr. Desai's work quality was Dr. Rosen's conduct of a sham independent

6

review of her CT scan interpretations, the results of which Dr. Rosen claims was the reason for Dr. Desai's termination of employment. PSOF ¶¶ 82, 83.

Notwithstanding the fact that Marlborough Hospital reappointed Dr. Desai, it took no action to correct Dr. Rosen's inappropriate suspension of Dr. Desai's ability to interpret CT reads nor to prevent Dr. Desai's termination. Instead, Marlborough Hospital passively acceding to the foreseeable consequences of Dr. Robinson's complaints. Even though Dr. Cavagnaro actively participated in the approval of Plaintiff's reappointment and recredentialing, he supported Dr. Rosen in the termination of Dr. Desai. PSOF ¶ 309. He attended the meeting at which Dr. Desai was informed of her termination at which Dr. Rosen verbalized that his reason for terminating Dr. Desai was her purported poor work quality. PSOF ¶ 149.

Dr. Brian Brochu, MD, became Chief of Marlborough Hospital following Dr. Brennan's resignation from the position, and held that position from 2018 up until the date of Dr. Desai's termination. He also served on Marlborough Hospital's Credentials Committee. PSOF ¶¶ 315, 336. In his role as Chief of Marlborough Hospital in 2018, Dr. Brochu never discussed, or formalized to Dr. Desai any complaints regarding the quality of her work. Dr. Desai's credentialing was approved in 2017 with no restrictions to her privileges at Marlborough Hospital or University of Massachusetts Medical Center for another two-year term. Desai Aff. 59, Exhibit A.

On April 4, 2019, Marlborough Hospital accepted Plaintiff's resignation as a Member of the Department of Radiology with regret. UMM 03638, attached as Exhibit XX to Washienko Aff. PSOF ¶ 196. Neither its approval of her reappointment or privileges, nor its regret, however, undid the damage that Dr. Robinson initiated, leading to Dr. Desai's termination.

III.     CONCLUSION

For the reasons set forth above, summary judgment for the Defendant University of Massachusetts Medical School should be denied.

Respectfully submitted,

CHARU DESAI
By Her Attorney,


/s/ Patricia A. Washienko
Patricia A. Washienko, BBO# 641615
pwashienko@fwlawboston.com
Freiberger & Washienko LLC
211 Congress St, Suite 720
Boston, MA 02110
Tel: (617) 723-0008

Dated: February 11, 2022

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 11, 2022, Plaintiff's Opposition to Defendants Marlborough Hospital's Motion for Summary Judgment, was served by electronic mail only to counsel for the above-named Defendants:

Robert L. Kilroy, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581-3926
(508) 860-1477
rkilroy@mirickoconnell.com

Mark Johnson, Esq.
University of Massachusetts Office of the General Counsel
One Beacon Street, 31st Floor
Boston, MA 02108
(617) 287-4064
MAJohnson@umassp.edu


/s/ Patricia Washienko
_____
Patricia A. Washienko