UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-cv-10520-TSH

| | |
|---|---|
| CHARU DESAI,<br>    Plaintiff,<br><br>v.<br><br>UMASS MEMORIAL MEDICAL CENTER, INC., et al.,<br>    Defendants. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE ORAL ARGUMENT ON MOTION FOR SUMMARY JUDGMENT** |

Defendants, UMass Memorial Medical Center, Inc., UMass Memorial Medical Group, Inc., Marlborough Hospital, Max Rosen, MD; Karin Dill, MD; Stephen Tosi, MD; and the University of Massachusetts Chan Medical School hereby oppose Plaintiff's Motion to Continue Oral Argument on Motion for Summary Judgment, and respectfully request that Plaintiff's Motion be denied and the currently-scheduled hearing date of March 28, 2022, remain in place. In support of this Opposition, Defendants state as follows:

1.  Plaintiff filed this action with the Court over three (3) years ago on March 19, 2019.

2.  Per the Court's order, Defendants were required to file their motions for summary judgment on or before December 17, 2021. (*Dkt. 60*).

3.  Per the Court's order, Plaintiff was required to file any opposition to the filed motions for summary judgment on or before January 14, 2022. (Id.).

4.  On December 18, 2021, Plaintiff filed an Ex Parte Motion to Extend Deadline for Filing her Oppositions to Defendants' Four Motions for Summary Judgment ("Ex Parte Motion"). (*Dkt. 76*).

5. The Court granted Plaintiff's Ex Parte Motion and set the due date for all oppositions as February 1, 2022. (*Dkt. 77*).

6. On January 31, 2022, Plaintiff filed an Emergency Assented to Motion for Brief Extension of Time to File Oppositions to Defendants' Motions for Summary Judgment ("Motion for Brief Extension"). (*Dkt. 80*).

7. The Court granted Plaintiff's Motion for Brief Extension and set the new opposition due date as February 8, 2022. (*Dkt. 81*).

8. Plaintiff completed the filing of her opposition papers on February 11, 2022, after the deadline set by the Court.

9. On February 16, 2022, the Court set the hearing date for Defendants' Motions for Summary Judgment as March 28, 2022. (*Dkt. 98*).

10. On March 4, 2022, Defendants filed Reply Briefs to Plaintiff's Opposition to Motions for Summary Judgment.

11. As of March 4, 2022, the record for summary judgment purposes was complete. That is, each party's recitation of facts, supporting exhibits, and legal argument were before the Court in final form and readily available to each party for access and/or electronic download through the Court's ECF system. In addition, each party's motions, memoranda of law, statements of fact, and exhibits were properly served on all parties. As such, the complete summary judgment record for preparation for oral argument on March 28, 2022, was readily available to Plaintiff and her counsel – whether prior or successor counsel.

12. As set forth in Plaintiff's Motion for Attorney Timothy Kolman's *Pro Hac Vice* Admittance – a copy of which was served on Defendants' on March 23, 2022 – Plaintiff's successor counsel has been in communication with Plaintiff, Charu Desai, MD, since February

24, 2022 and likely well before that date.  As stated by Attorney Timothy D. Rodden Jr.:

"Undersigned counsel discussed this Motion to Admit Pro Hac Vice with counsel for Plaintiff, Dr. Charu Desai on February 24, 2022, and Plaintiff advised that she wished to have Attorney Timothy Kolman represent her in her case at Civil Action No. 19-10520-TSH."  Thus, as of February 24, 2022, at the latest, successor counsel was aware of the hearing date having been set for March 28, 2022 by the Court.

13. With full knowledge of the hearing date, as well as with full access to Defendants' motions for summary judgment and Plaintiff's opposition papers as of February 24, 2022, Plaintiff and her successor counsel made a determination that Plaintiff would terminate Attorney Patricia Washienko's services and retain current successor counsel.  According to Plaintiff, Attorney Washienko's services were terminated on March 3, 2022, even prior to the filing of Defendants' Reply Briefs, but with full knowledge of the Court's order setting the hearing date for March 28, 2022.  Successor counsel had complete access to the Reply Briefs upon their being filed on March 4, 2022.

14. Despite the fact that Plaintiff terminated Attorney Washienko's services on March 3, 2022, and had clearly been in communication with successor counsel for a week or more prior to that date, successor counsel did not enter their appearance in this case until March 16, 2022.

15. In addition, despite the fact that Plaintiff decided to retain Timothy Kolman, Esq. – an attorney practicing in Pennsylvania – as her lead counsel on February 24, 2022, successor counsel did not seek Attorney Kolman's Pro Hac Vice admittance until a month later.[1]

16. As set forth in Plaintiff's Motion, Attorney Kolman "is scheduled to empanel a jury in a pre-trial conference on another matter on March 28, 2022 and is, therefore, unavailable

---

[1] Defendants anticipate based on email communications from Plaintiff's counsel, Timothy Rodden, Esq., that the Motion for Pro Have Vice admittance will be filed with the Court by Plaintiff on March 23, 2022.

on March 28, 2022," for this Court's scheduled hearing. Presumably, successor counsel was aware of this conflict prior to agreeing to be retained by Plaintiff to handle her case at this late stage of litigation.

17. On March 16, 2022, Attorney Washienko filed a Motion to Withdraw as Counsel for Plaintiff based on "an irretrievable breakdown in the attorney-client relationship." (*Dkt. 109*).

18. Attorney Washienko represented to the Court in her Motion to Withdraw as Counsel that Plaintiff "had retained alternate/successor counsel to represent her in this matter moving forward, including representing her at the Hearing on Defendants' Motions for Summary Judgment, scheduled to be held on March 28, 2022." (Id.) (emphasis added).

19. Successor counsel had already filed Notices of Appearance with the Court prior to Attorney Washienko's filing of her Motion to Withdraw as Counsel.

20. Defendants understandably presumed the representation to the Court by Plaintiff's then-existing team of attorneys as to being prepared to represent Plaintiff at the hearing scheduled for March 28, 2022, was accurate, and, therefore, had no objection to Attorney Washienko's request to withdraw as counsel.

21. As this case has been pending for over three years, as successor counsel was retained by Plaintiff with full knowledge of the Court-ordered hearing date on March 28, 2022, and as successor counsel has had unfettered access to the Court's ECF system and, therefore, has had access to the full summary judgment record before the Court since agreeing to be retained by Plaintiff, Defendants respectfully submit that any migration of case document issues that form the basis for the request to continue the date of hearing by 45 days is irrelevant. The parties will be limited in argument at hearing to the record before the Court.

22. Simply stated, Plaintiff, with advice of successor counsel, chose to switch legal counsel after receiving Defendants' motions for summary judgment. In so doing, Plaintiff and successor counsel undoubtedly understood the challenge of preparing for hearing and understood that Attorney Kolman's empanelment at a pre-trial conference out-of-state does not necessarily take precedence over this Court's order with respect to the previously scheduled hearing date. Thus, any prejudice facing Plaintiff is prejudice of her own making.

WHEREFORE, Defendants, UMass Memorial Medical Center, Inc., UMass Memorial Medical Group, Inc., Marlborough Hospital, Max Rosen, MD; Karin Dill, MD; Stephen Tosi, MD; and the University of Massachusetts Chan Medical School respectfully request that Plaintiff's Motion to Continue Oral Argument on Motion for Summary Judgment be denied and that the hearing on Motions for Summary Judgment proceed on March 28, 2022, as previously ordered by the Court..

Respectfully submitted,

**UMASS MEMORIAL MEDICAL CENTER, INC.; UMASS MEMORIAL MEDICAL GROUP; MARLBOROUGH HOSPITAL, MAX ROSEN, MD; KARIN DILL, MD; and STEPHEN TOSI, MD,**

By their attorneys,

/s/ *Robert L. Kilroy*
Robert L. Kilroy, Esq., BBO # 636853
Reid M. Wakefield, Esq., BBO # 569026
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone 508.860.1474
Fax 508.983.6261
rkilroy@mirickoconnell.com
rwakefield@mirickoconnell.com

UNIVERSITY OF MASSACHUSETTS CHAN MEDICAL SCHOOL

By its attorneys,

 _/s/ Mark A. Johnson_____
 Denise Barton, BBO No. 675245
 Chief Deputy General Counsel
 Mark A. Johnson, BBO No. 651271
 Associate Counsel
 University of Massachusetts
 Office of the General Counsel
 333 South Street, 4th Floor
 Shrewsbury, MA 01545
 (774) 455-7300
 dbarton@umassp.edu
 majohnson@umassp.edu

Dated:  March 23, 2022

CERTIFICATE OF SERVICE

I, Robert L. Kilroy, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this day.

/s/ *Robert L. Kilroy*
Robert L. Kilroy, Esq.

Dated:  March 23, 2022