UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-CV-10520-TSH

CHARU DESAI,
    Plaintiff,

v.

UMASS MEMORIAL MEDICAL
CENTER, INC., et al.,
    Defendants.

**JOINT MOTION FOR CLARIFICATION OF ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Parties, Plaintiff, Charu Desai, M.D., and Defendants, UMass Memorial Medical Group, Inc. (the "Medical Group") and Max Rosen, M.D., jointly move for clarification from the Court on its Order and Memorandum on Defendants' Motions for Summary Judgment (doc. 121). In support thereof, the Parties state as follows:

### I.  Parties' Introduction

1. In this action, Plaintiff brought eight counts against several Defendants. On December 17, 2021, Defendants filed four Motions for Summary Judgment, on all counts,[1] on behalf of UMass Memorial Medical School (doc. 73), Karin Dill, M.D. (doc. 70), Marlborough Hospital (doc. 67), and UMass Memorial Medical Center, Inc., UMass Memorial Medical Group, Inc., Max Rosen, M.D., and Stephen Tosi, M.D. (doc. 64). Plaintiff opposed Defendants' Motions.

---

[1]  Prior to the filing of Defendants' Motions, Plaintiff voluntarily dismissed all claims against Darren Brennan, M.D., all claims of race and national origin discrimination against all Defendants, and her claims under Title VII (Count I), the ADA (Count III), and the ADEA (Count IV) against Dr. Rosen, Dr. Tosi, and Dr. Dill (doc. 58). Following the filing of Defendants' Motions, Plaintiff voluntarily dismissed her claims under the state and federal Equal Pay Acts (Counts II and VI) and for defamation (Count VIII) (doc. 119).

2. On May 31, 2022, the Court entered its Order and Memorandum on Defendants' Motions for Summary Judgment ("Order") (doc. 121). By its Order, the Court granted the Motions by Marlborough Hospital, Dr. Dill, and the Medical School in full, dismissing all claims against them by Plaintiff. The Court granted the Motion by the other Defendants in part, and denied it in part. In its Order, the Court granted summary judgment on all claims against Dr. Tosi and the Medical Center, leaving only the Medical Group and Dr. Rosen remaining as Defendants.

3. As to the claims against the remaining Defendants, the Court granted summary judgment on all counts except Count IV (ADEA) and Count V (M.G.L. c. 151B) against the Medical Group and Count V and Count VII (Intentional Interference) against Dr. Rosen. In so doing, the Court dismissed all federal claims except age discrimination under the Age Discrimination in Employment Act (ADEA) against the Medical Group, specifically granting summary judgment on Plaintiff's claims under Title VII of the Civil Rights Act (Title VII) for sex/gender discrimination and under the Americans with Disabilities Act (ADA) for disability discrimination.

4. As to Plaintiff's state-law claim for discrimination under M.G.L. c. 151B, Count V, the Parties believe that the Court's Order is ambiguous, and it is unclear to them which claims the Court intended to dismiss and which remain for trial. The Plaintiff does not intend to pursue her potential claims for discrimination in relation to her terms of employment, including but not limited to a failure to promote, denial of exception to the call policy, denial of academic time, denial of a home workstation, as well as her claim of a failure to accommodate her disability were dismissed by the Court, so there is no need for clarification with regards to those potential

claims. However, with regard to Plaintiff's claim of unlawful termination of her employment, it is unclear on which protected classes the Court intended for Plaintiff's claims to survive.

5. Plaintiff pursues claims of discrimination in her termination on the basis of her age, sex/gender, and disability. It is clear from the Court's Order that Plaintiff may proceed with her claim of discrimination on the basis of her age under both state and federal law, but may not proceed with claims of sex and disability discrimination under federal law. However, there is a question by the Parties: **Whether the Court entered summary judgment on Plaintiff's claims of discrimination as to her termination on the basis of her sex and disability under state law (Count V).**

6. The Parties set forth their respective positions on this question below, and respectfully request that the Court clarify its Order on the subject of which bases of discrimination under state law relating to Plaintiff's termination remain for trial in this action.

7. This Motion is being made in good faith, based on a conference between the Parties, in an effort to efficiently prepare for trial and save the time and expenses of the Parties and to conserve judicial resources.

**II.      Plaintiff's Position**

It is Plaintiff's position that the Court's decision on Defendant's Motion for Summary Judgement leaves available for trial all theories of recovery under M.G.L. ch. 151B as against the Medical Group and Dr. Rosen.  That is, Plaintiff is not limited to age-based discrimination but can also prove a violation of M.G.L. ch. 151B under theories of discrimination based on gender, race, and/or disability.

Plaintiff's position is informed by a plain-text reading of the Court's Order.  Indeed, the Court expressly denied summary judgment regarding Count V against the Medical Group and

Dr. Rosen. (Order, p. 2 and 23.) Count V, in turn, propounds several theories of discrimination, including discrimination based on age, gender, disability, and national origin. (Amended Complaint and Jury Demand, ¶93 (doc. #23).) Therefore, where the Court held that Count V survived summary judgment and where Count V alleges discrimination based on age, gender, disability and/or national origin in violation of M.G.L. Ch. 151B, it stands to reason that all of the aforementioned theories of discrimination necessarily survived summary judgment.

Plaintiff's position is also supported by an educated reading of the Court's written decision, wherein the Court acknowledges and abides by Massachusetts' position as a "pretext only" jurisdiction in its analysis of Plaintiff's claims under M.G.L. ch. 151B. This is clear when the Court wrote:

> [I]t would not be unreasonable for a jury to conclude… that the Medical Group had plans to terminate Dr. Desai's full-time employment regardless of how Dr. Litmanovich's review turned out, thus making Dr. Rosen's assessment of Dr. Litmanovich's review -- the proffered non-discriminatory reason -- pretextual. Accordingly, summary judgment on Dr. Desai's state discrimination claim (Count V) against the Medical Group is denied.[2]

(Order, p. 10.)

The only instance in which the Court weighed the evidence of the Defendants' motivation was in the Court's analysis of Plaintiff's federal discrimination claims, which required a "pretext plus" analysis. It is in this portion of the Court's analysis where ambiguity—if there be any—creeps in, insofar as the Court denied summary judgment as to Plaintiff's federal age discrimination claim (Count IV) but granted summary judgment as to Plaintiff's other federal law claims of discrimination based on gender, disability and national origin.

However, where a "pretext plus" analysis was not applied to the claims under M.G.L. ch. 151B (i.e., Count V), and where such analysis would have been inappropriate under

---

[2] The Court adopts the same argument as for Dr. Rosen under the theory that any discriminatory action of the Medical Group was taken or approved by Dr. Rosen.

Massachusetts law, it is Plaintiff's position that the Court did not accidentally stumble into the correct analysis but did so knowingly and intentionally.  As such, Plaintiff believes that this Honorable Court intended that in addition to Plaintiff's federal claim for age discrimination, Plaintiff's claims under M.G.L. ch. 151B for age-, gender- and/or disability-based discrimination also survive.

### III. Defendants' Position

Defendants understand the Court to have granted summary judgment in its favor as to Plaintiff's claims for discrimination with the sole exception of discrimination in the termination of Plaintiff's employment on the basis of age. Indeed, based on the Court's conclusion that no reasonable jury could find otherwise, Plaintiff cannot meet her burden of proof at trial that she was terminated due to sex or disability discrimination.

In its Order, the Court acknowledges that Plaintiff's claim is subject to the three-stage burden-shifting scheme appropriate at summary judgment for cases where there is no direct evidence of discrimination. See Order, p. 8. The Court addresses the distinction between federal and state law as to the third phase of this burden-shifting scheme, and holds that "[f]or her claim under Massachusetts law, Dr. Desai must show that the Medical Group's proffered reason was pretextual." Order, p. 8. The Court cites cases to support the proposition that a plaintiff can defeat summary judgment under M.G.L. c. 151B by showing pretext in the form of disputed facts as to whether the employer's reason for the adverse decision was not the real reason. See Order, p. 8 (citing Miceli v. JetBlue Airways Corp., 914 F.3d 73, 82 (1st Cir. 2019) and Gannon v. City of Boston, 73 N.E.3d 748, 757 (Mass. 2017)).

As evidence of pretext, the Court cites an email chain related to Plaintiff's employment status and determines that "it would not be unreasonable for a jury to conclude" that the Medical

Group's cited reason for the termination of Plaintiff's employment following the independent review was pretextual. See Order, p. 10. However, as set forth in the Court's Order, this evidence is insufficient on its own to allow Plaintiff to meet her burden of proof at trial.

At trial, Plaintiff will be required to prove that her employment was terminated "because of" her age, gender, and/or disability. See M.G.L. c. 151B, § 4; Lipchitz v. Raytheon Co., 434 Mass. 493, 501, 503-504 (2001); Gannon v. Boston, 476 Mass. 786, 798 (2017) ("[T]he burden of proving unlawful discrimination remains with the plaintiff at all times."). The reason that, under state law, denial of summary judgment upon a showing of pretext may be appropriate is because if there is evidence to suggest that the reason given by the employer for the adverse action was untrue, a jury <u>may be permitted</u> to infer that discrimination was the real reason. If pretext is proven at summary judgment, "[t]he case can then proceed to trial, at which point, 'if the fact finder is persuaded that one or more of the employer's reasons is false, <u>it may (but need not) infer</u> that the employer is covering up a discriminatory intent, motive or state of mind.'" Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 682 (2016) quoting Lipchitz, 434 Mass. at 501 (emphasis added).

> This type of case is often labeled a 'pretext case' because the plaintiff employee may defeat an employer's motion for summary judgment by showing that there are disputed issues of fact as to whether the employer's proffered reason was not the true reason, <u>which permit the inference</u> that the employer offered a pretextual reason because the true reason was discrimination on the basis of [a protected class].

Gannon, 476 Mass. 794 (emphasis added).

The summary judgment standard is akin to the standard for a directed verdict or judgment notwithstanding the verdict. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Bulwer, 473 Mass. at 682. In Lipchitz, the Court held, following a jury verdict: "Viewing the evidence in its light most favorable to the plaintiff, the evidence was sufficient to support a

finding that at least one of the reasons advanced by [the employer] was false, from which <u>the jury could have inferred</u> that the plaintiff was denied a promotion because of her [protected class]." 434 Mass. at 499 (<u>citing</u> <u>Abramian v. President & Fellows of Harvard Coll.</u>, 432 Mass. 107, 114-15 (2000)) ("The jury could have found that the treatment of [Plaintiff] was motivated by discriminatory animus rather than a legitimate employment decision."). The Court confirmed:

> [I]n an indirect evidence case, we <u>permit the fact finder to infer</u> discriminatory animus (and causation) from proof that the employer offered a false reason for the adverse employment decision. Permitting the fact finder to infer discriminatory animus from proof that the employer has advanced a false reason <u>does not, however, eliminate the plaintiff's burden to prove this essential element</u>.

<u>Lipchitz</u>, 434 Mass. at 502 (emphasis added).

Here, the Court <u>specifically concluded that a jury could make no such inference</u>, and held in its Order: "No reasonable jury could find that the Medical Group's proffered reason for terminating Dr. Desai's employment was a pretext for gender- or disability-based discrimination." Order, p. 12. It based its decision on the observation that "there are no 'specific facts' in the record from which a jury reasonably could infer that the Medical Group was motivated to terminate Dr. Desai's employment because of her gender or disability." Order, pp. 11-12.

If <u>no reasonable jury</u> could infer gender or disability discrimination based on Plaintiff's asserted basis for doubting the legitimate reason for the employment decision, then she simply cannot prevail at trial on those claims, and summary judgment must enter. To deny summary judgment "there must be evidence on which the jury <u>could reasonably find</u> for the plaintiff." <u>Anderson</u>, 477 U.S. at 252 (emphasis added). The Parties engaged in extensive discovery in this action. If Plaintiff can produce <u>no evidence</u> on which a reasonable jury could determine that she was discriminated based on gender or disability, then she cannot defeat summary judgment. <u>See</u>

Sears, Roebuck & Co. v. Goldstone & Sudalter, 128 F.3d 10, 18 (1st Cir. 1997) (holding that to successfully oppose a motion for summary judgment, the nonmoving party must "demonstrate that a trier of fact reasonably could find in his favor").

Indeed, without the ability for a reasonable jury to find in her favor, there is no genuine dispute at issue for trial. See Taite v. Bridgewater State Univ., Bd. of Trustees, 999 F.3d 86, 93 (1st Cir. 2021) ("A dispute is 'genuine' if the evidence is such that a reasonable jury could resolve the point in the favor of the non-moving party."). The very purpose of summary judgment is to make "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250-251 ("[S]ummary judgment should be granted where the evidence is such that it would require a directed verdict for the moving party."). "Rule 56(c) mandates the entry of summary judgment … against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Accordingly, Defendants understand the Court to have determined that based on the evidence, no reasonable jury could find that Defendants discriminated against Plaintiff on the basis of her gender or disability (as distinct from her claims of age discrimination) and that summary judgment was entered on those claims. Defendants respectfully request that the Court enter an Order clarifying that discrimination on the basis of age is the only remaining claim for trial under Count V.

WHEREFORE, Plaintiff, Charu Desai, M.D., and Defendants, UMass Memorial Medical Group, Inc., and Max Rosen, M.D., jointly request that the Court issue an Order clarifying its

Order on Defendants' Motion for Summary Judgment regarding the remaining claims at issue in this action.

Respectfully submitted,

| | |
|---|---|
| **CHARU DESAI** | **UMASS MEMORIAL MEDICAL GROUP, INC. and MAX ROSEN, M.D.** |
| By her attorneys, | By their attorneys, |
| */s/Timothy D. Rodden, Jr.* | */s/Reid M. Wakefield* |
| Timothy D. Rodden, Jr., Esq., BBO # 691228 | Robert L. Kilroy, Esq., BBO # 636853 |
| John B. Koury, Esq., BBO # 694088 | Reid M. Wakefield, Esq., BBO # 569026 |
| Joseph F. Comenzo, Esq., BBO # 667624 | Mirick, O'Connell, DeMallie & Lougee, LLP |
| Upper Charles Law Group, LLC | 1800 West Park Drive, Suite 400 |
| 81 Hartwell Avenue, Suite 101 | Westborough, MA  01581 |
| Lexington, MA 02421 | Phone: 508.860.1474 |
| Phone: 617-600-7170 | Fax: 508.983.6261 |
| Fax: 781-444-2461 | rkilroy@mirickoconnell.com |
| trodden@uclawgroup.com | rwakefield@mirickoconnell.com |
| jkoury@uclawgroup.com | |
| jcomenzo@uclawgroup.com | |

Timothy M. Kolman, Esq., *Pro Hac Vice*
Kolman Law, P.C.
414 Hulmeville Ave
Penndel, PA 19047
Phone: 215-750-3134
Fax: 215-750-3138
TKolman@KolmanLaw.com

Dated:  October 28, 2022

CERTIFICATE OF SERVICE

I, Reid M. Wakefield, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this day.

*/s/Reid M. Wakefield*
Reid M. Wakefield, Esq.

Dated: October 28, 2022