UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-CV-10520-TSH

CHARU DESAI,
     Plaintiff,

     v.

UMASS MEMORIAL MEDICAL
CENTER, INC., et al.,
     Defendants.

**DEFENDANTS' PROPOSED JURY
INSTRUCTIONS**

Defendants, UMass Memorial Medical Group, Inc., and Max Rosen, M.D. (collectively, the "Defendants"), request that the Court instruct the jury as follows with respect to the following applicable rules of law as to Plaintiff's claims:

**EMPLOYER DISCRETION IN DECISION MAKING**

1.   Employers are given considerable discretion in making employment decisions and are permitted to make those decisions that the employer considers to be in its own interests without second-guessing by a Court, provided their decisions are not discriminatory. Mesnick v. Gen. Elec. Co., 950 F.2d 816, 824 (1st Cir. 1991).

2.   Absent discrimination, employers may choose to make decisions or take actions that might be considered arbitrary, unwise, unsound or even absurd. Id.; Webber v. Int'l Paper Co., 417 F.3d 229, 238 (1st Cir. 2005); Fennell v. First Step Designs, Ltd., 83 F.3d 526, 537 (1st Cir. 1996).

3.   Employers need not be correct in their decisions, as long as they are not discriminating. Joyal v. Hasbro, 380 F.3d 14, 19 (1st Cir. 2004); Morgan v. Massachusetts Gen. Hosp., 901 F.2d 186, 191 (1st Cir. 1990).

4. An employer's decisions and actions may be based upon incorrect or erroneous conclusions of fact as well. Bennett v. Saint-Gobain Corp., 507 F.3d 23, 31 (1st Cir. 2007); Ronda-Perez v. Banco Bilbao Vizcaya Argentaria-Puerto Rico, 404 F.3d 42, 45 (1st Cir. 2005). Unfair decisions or actions, even callous ones, do not create an actionable legal right for a disappointed plaintiff, without more. Joyal, 380 F.3d at 19; Weber v. Community Teamwork, Inc., 434 Mass. 761, 778 (2001).

5. You may not assess the merits, or even rationality, of UMass Memorial Medical Group's or Dr. Rosen's nondiscriminatory business decisions. Mesnick, 950 F.2d at 825; Webber, 417 F.3d at 238.

6. The mere fact that an employee is a member of a protected class is insufficient to make an employer's decision legally wrong. Weber, 434 Mass. at 775-77.

## LIABILITY OF CORPORATIONS

7. The fact that UMass Memorial Medical Group, Inc., is a non-profit corporation should not affect your decisions. All persons are equal before the law, and corporations, whether large or small, are entitled to the same fair and conscientious consideration by you as any other person.

## AGE DISCRIMINATION
(against UMass Memorial Medical Group)

8. Charu Desai, M.D., has made a claim against UMass Memorial Medical Group under both the federal and state laws that prohibits age discrimination against employees who are age 40 or older. The federal statute is known as the Age Discrimination in Employment Act or "ADEA," and the state statute is known as the Fair Employment Practices Act or "Chapter 151B." Specifically, Dr. Desai claims she would not have been terminated from her employment as a Chest Radiologist with UMass Memorial Medical Group but for her age. See Gross v. FBL

Fin. Servs., Inc., 557 U.S. 167 (2009) (establishing "but-for" causation standard for ADEA claims); Lipchitz v. Raytheon Co., 434 Mass. 493, 506 (2001) (same for Chapter 151B claims).

9.   UMass Memorial Medical Group denies that Dr. Desai was discriminated against because of her age.  Further, it asserts that Dr. Desai's employment was terminated to ensure patient safety due to concerns raised regarding the quality of her work as a Chest Radiologist.

10.   To prove unlawful discrimination based on age, Dr. Desai must prove by a fair preponderance of the evidence that UMass Memorial Medical Group intentionally discriminated against her because of her age.  This means Dr. Desai must prove that her age was the determinative cause in the decision to terminate her employment.

11.   To prevail on her claim, Dr. Desai must prove:

First, that she was subject to an adverse action in the form of termination of employment by UMass Memorial Medical Group;

Second, she was 40 years or older when she was subjected to an adverse action in the form of termination of employment by UMass Memorial Medical Group; and

Third, UMass Memorial Medical Group would not have terminated Dr. Desai's employment but for her age.

12.   UMass Memorial Medical Group has provided a nondiscriminatory reason for its decision to terminate Dr. Desai's employment as a Chest Radiologist.  If you disbelieve the explanation for its decision, then you may, but need not, find that Dr. Desai has proved intentional discrimination.  In determining whether its stated reason for the employment termination decision was a pretext, or excuse, for discrimination, you may not question UMass Memorial Medical Group's business judgment.  I will instruct you as to the definition of "pretext" in a few moments.

13. You cannot find intentional discrimination simply because you disagree with the business judgment of UMass Memorial Medical Group, or because you believe it is harsh or unreasonable.  You are not to consider UMass Memorial Medical Group's wisdom as to its business judgment.  You may not consider whether UMass Memorial Medical Group or Dr. Rosen was wrong in their assessment of Dr. Desai's quality unless you find Defendants did not believe Dr. Desai's quality was substandard.  However, you may consider whether UMass Memorial Medical Group's stated reasons for its employment termination decision is merely a cover-up for discrimination.

14. Ultimately, you must decide whether Dr. Desai has proven that her age was the "but-for cause" or "determinative cause" for the decision to terminate her employment.  "Determinative cause" means that if not for Dr. Desai's age, her employment would not have been terminated. See Gross, 557 U.S. at 167; Lipchitz, 434 Mass. at 504-6.  At all times, the burden of proof remains on Dr. Desai to establish that UMass Memorial Medical Group terminated her employment because of her age.

15. Remarks by nondecisionmakers are not generally probative of an employer's intent for purposes of proving an age discrimination claim.  Conto v. Concord Hosp. Inc., 265 F.3d 79, 81 n.4 (1st Cir. 2001); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 6 n. 8 (1st Cir. 1998) (noting "'stray remarks in the workplace . . . statements by nondecisionmakers, or statements by decisionmakers unrelated to the decision process itself' normally insufficient to establish discriminatory animus").

16. If you find that UMass Memorial Medical Group would have terminated Dr. Desai's employment regardless of Dr. Desai's age, your verdict must be for Defendant UMass Memorial Medical Group as to her age discrimination claims.

17. If you find that Dr. Desai's age was the determinative cause in UMass Memorial Medical Group's decision to terminate her employment, your verdict must be for Plaintiff, Dr. Desai.

**HANDICAP DISCRIMINATION**
(against UMass Memorial Medical Group)

18. Dr. Desai has also made a claim against UMass Memorial Medical Group alleging handicap discrimination under Massachusetts state law.  Specifically, Dr. Desai claims she would not have been terminated from her employment as a Chest Radiologist with UMass Memorial Medical Group but for her handicap.  Lipchitz v. Raytheon Co., 434 Mass. 493, 506 (2001) (confirming "but for" standard for discrimination under Chapter 151B); Dartt v. Browning-Ferris Indus., Inc., 427 Mass. 1, 12 n. 18 (1998).

19. UMass Memorial Medical Group denies that Dr. Desai was handicapped as defined under state law, and further denies that her employment was terminated based on her alleged handicap. Instead, UMass Memorial Medical Group asserts that Dr. Desai's employment was terminated to ensure patient safety due to concerns raised regarding the quality of her work as a Chest Radiologist.

20. To prove unlawful discrimination based on handicap, Dr. Desai must prove by a preponderance of the evidence that UMass Memorial Medical Group intentionally discriminated against her because of her "handicap" as that term is defined under the law. This means Dr. Desai must prove that discriminatory animus based on her handicap was the determinative cause in the decision to terminate her employment.  Lipchitz v. Raytheon Co., 434 Mass. 493, 506-07 (2001).

21. To prevail on her claim, Dr. Desai must prove:

First, that she had a medical condition that substantially limited her in a major life activity;

Second, that UMass Memorial Medical Group subjected Dr. Desai to an adverse action in the form of termination of her employment;

Third, Dr. Desai is a qualified individual with a handicap, meaning she could have performed the essential functions of her job at the time of the adverse action, with or without reasonable accommodation; and

Fourth, UMass Memorial Medical Group would not have terminated Dr. Desai's employment but for her handicap.

City of New Bedford v. Mass. Comm'n Against Discrimination, 440 Mass. 450, 462 (2003); Dartt v. Browning-Ferris Indus., Inc., 427 Mass. 1, 12 n. 18 (1998).

22. The term "handicap" means (a) a physical or mental impairment which substantially limits one or more major life activities of a person; (b) a record of having such impairment; or (c) being regarded as having such impairment." M.G.L. c. 151B §1(17)

23. Not all physical or mental impairments constitute a "handicap" under the Massachusetts statute; instead, the alleged handicap must "substantially limit" one or more major life activities. It is insufficient to merely submit evidence of a medical diagnosis of an impairment; rather, Dr. Desai must offer evidence that the extent of limitations caused by the impairment in terms of her own experience is substantial. City of New Bedford, 440 Mass. at 462; Carroll v. Xerox Corp., 294 F.3d 231, 238 (1st Cir. 2002).

24. "Major life activities" is defined as "functions, including, but not limited to, caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." M.G.L. c. 151B, §1(20).

25. An impairment substantially limits a major life activity "if it prohibits or significantly restricts an individual's ability to perform a major life activity as compared to the ability of the

average person in the general population to perform the same activity." City of New Bedford, 440 Mass. at 467 n. 33; MCAD Guidelines, § II.A.6.

26. An "impairment substantially limits an individual's ability to work if it prevents or significantly restricts the individual from performing a class of jobs or a broad range of jobs in various classes." City of New Bedford, 440 Mass. at 464.  Thus, an employee, such as Dr. Desai, is only substantially limited in the major life activity of working if her handicap precludes her from performing a class of jobs or a broad range of jobs in various classes.  Id. at 466.

27. UMass Memorial Medical Group has provided a nondiscriminatory reason for the decision to terminate Dr. Desai's employment as a Chest Radiologist.  If you disbelieve the explanations for its decision, then you may, but need not, find that Dr. Desai has proved intentional discrimination.  In determining whether the stated reason for its employment termination decision was a pretext, or excuse, for discrimination, you may not question UMass Memorial Medical Group's business judgment.  I will instruct you as to the definition of "pretext" in a few moments.

28. You cannot find intentional discrimination simply because you disagree with the business judgment of UMass Memorial Medical Group, or if you believe it is harsh or unreasonable.  You are not to consider UMass Memorial Medical Group's wisdom as to its business judgment.  You may not consider whether UMass Memorial Medical Group or Dr. Rosen was wrong in their assessment of Dr. Desai's quality unless you find Defendants did not believe Dr. Desai's quality was substandard.  However, you may consider whether UMass Memorial Medical Group's stated reasons for its employment termination decision is merely a cover-up for discrimination.

29. At all times, the burden of proof remains on Dr. Desai to establish that UMass Memorial Medical Group terminated her employment because she was handicapped.

30. If you find that UMass Memorial Medical Group would have terminated Dr. Desai's employment regardless of her handicap, your verdict must be for Defendant UMass Memorial Medical Group as to Dr. Desai's handicap discrimination claim.

31. If Dr. Desai fails to prove by a fair preponderance of the evidence that she had a medical condition that substantially limited her in a major life activity, your verdict must be for Defendant UMass Memorial Medical Group as to Dr. Desai's handicap discrimination claim.

32. If Dr. Desai fails to prove by a fair preponderance of the evidence that she was a qualified individual with a handicap who was capable of performing the essential functions of her job as a Chest Radiologist, with or without reasonable accommodation, your verdict must be for Defendant UMass Memorial Medical Group as to Dr. Desai's handicap discrimination claim.

33. If you find that Dr. Desai has proved by a fair preponderance of the evidence each of the four elements I discussed, including that her handicap was the determinative cause of UMass Memorial Medical Group's decision to terminate her employment, your verdict must be for Plaintiff, Dr. Desai.

## **GENDER DISCRIMINATION**
### (against UMass Memorial Medical Group)

34. Dr. Desai has also made a claim against UMass Memorial Medical Group alleging gender discrimination under Massachusetts state law.  Specifically, Dr. Desai claims she would not have been terminated from her employment as a Chest Radiologist with UMass Memorial Medical Group but for her gender.  See Lipchitz v. Raytheon Co., 434 Mass. 493, 506 (2001) (confirming "but for" standard for discrimination under Chapter 151B).

35. UMass Memorial Medical Group denies her employment was terminated based on her gender.  Instead, UMass Memorial Medical Group asserts that Dr. Desai's employment was terminated to ensure patient safety due to concerns raised regarding the quality of her work as a Chest Radiologist.

36. To prove unlawful discrimination based on gender, Dr. Desai must prove by a preponderance of the evidence that UMass Memorial Medical Group intentionally discriminated against her because of her gender.  This means Dr. Desai must prove that discriminatory animus based on her gender was the determinative cause in the decision to terminate her employment. Lipchitz v. Raytheon Co., 434 Mass. 493, 506-07 (2001).

37. To prevail on her claim, Dr. Desai must prove:

First, she is a member of the protected class – a female;

Second, she was subject to an adverse action in the form of employment termination by UMass Memorial Medical Group;

Third, UMass Memorial Medical Group would not have terminated Dr. Desai's employment but for her gender.

Lipchitz, 434 Mass. at 501-07.

38. UMass Memorial Medical Group has provided a nondiscriminatory reason for its decision to terminate Dr. Desai's employment as a Chest Radiologist.  If you disbelieve the explanation for its decision, then you may, but need not, find that Dr. Desai has proved intentional discrimination.  In determining whether its stated reason for the employment termination decision was a pretext, or excuse, for discrimination, you may not question UMass Memorial Medical Group's business judgment.  As stated previously, I will instruct you as to the definition of "pretext" in a few moments.

39. You cannot find intentional discrimination simply because you disagree with the business judgment of UMass Memorial Medical Group, or because you believe it is harsh or unreasonable.  You are not to consider UMass Memorial Medical Group's wisdom as to its business judgment.  You may not consider whether UMass Memorial Medical Group or Dr. Rosen was wrong in their assessment of Dr. Desai's quality unless you find Defendants did not believe Dr. Desai's quality was substandard.  However, you may consider whether UMass Memorial Medical Group's stated reasons for its employment termination decision is merely a cover-up for discrimination.

40. Ultimately, you must decide whether Dr. Desai has proven that discriminatory animus based on gender was the determinative cause in the decision to terminate her employment.  At all times, the burden of proof remains on Dr. Desai to establish that UMass Memorial Medical Group terminated her employment because of her gender.

41. If you find that UMass Memorial Medical Group would have terminated Dr. Desai's employment regardless of Dr. Desai's gender, your verdict must be for Defendant UMass Memorial Medical Group as to her gender discrimination claims.

42. If you find that Dr. Desai has met her burden of proof in establishing the determinative cause for her employment termination was her gender, your verdict must be for Plaintiff, Dr. Desai.

## **PRETEXT**

43. Pretext "means more than an unusual act; it means something worse than a business error; pretext means deceit used to cover one's tracks" or "something that is put forward to conceal a true purpose or object."  Ronda-Perez v. Banco Bilbao Vizcaya Argentaria-Puerto Rico, 404 F.3d 42, 45 (1st Cir. 2005).  In assessing pretext, you must focus on the perception of

the decisionmaker and whether the employer, as decisionmaker, believed its stated reason to be true.  See Mesnick v. Gen. Elec. Co., 950 F.2d 816, 824 (1st Cir. 1991).

## AIDING AND ABETTING DISCRIMINATION
### (Against Max Rosen, M.D.)

44. Dr. Desai has made a claim against Dr. Rosen alleging that he took action to discriminate against her in violation of state law due to her age, gender, and/or handicap.

45. Under state discrimination law, a supervisor or other decision maker is not liable for discrimination against an employee based only upon a finding that their employer discriminated against the employee. The law only prohibits discriminatory employment actions taken by employers; not by their individual officers or employees. Melo v. City of Somerville, 2020 WL 6945938, at *3 (D. Mass. Nov. 25, 2020); Etienne v. Bos. Med. Ctr., 2015 WL 461924, at *2 (D. Mass. Feb. 4, 2015); Ruffino v. State St. Bank & Tr. Co., 908 F. Supp. 1019, 1048 (D. Mass. 1995); Beaupre v. Cliff Smith & Assocs., 50 Mass.App.Ct. 480, 494-95 (2000).

46. State discrimination law does prohibit an individual, who is not an employer, to aid, abet, incite, compel or coerce discrimination. M.G.L. c. 151B, § 4(5).  For a supervisor to be liable for aiding and abetting discrimination, it is not sufficient to show that he made the decision to terminate an employee, but instead, it must be proven that he acted in a manner distinct and separate from the duties and responsibilities of his position as an official of the employer. Butler v. Wellington Mgt. Co., LLP, 79 Mass. App. Ct. 1126, 2011 WL 2463446 *7 (2011); Etienne, 2015 WL 461924, at *2.

47. A claim of aiding and abetting discrimination by a supervisor can only exist if you first find that UMass Memorial Medical Group, her employer, discriminated against Dr. Desai. See Lopez v. Com., 463 Mass. 696, 713 (2012).

48. To prevail on her claim, Dr. Desai must prove:

<u>First</u>, that she was unlawfully discriminated against by UMass Memorial Medical Group on the basis of her age, gender, and/or handicap;

<u>Second</u>, that Dr. Rosen committed a wholly individual and distinct wrong, separate and apart from the claim against UMass Memorial Medical Group, by acting in a manner distinct and separate from the duties and responsibilities of his position as Chair of the Department of Radiology for UMass Memorial Medical Group;

<u>Third</u>, that Dr. Rosen shared an intent to discriminate on the same basis as UMass Memorial Medical Group; and

<u>Fourth</u>, that Dr. Rosen knowingly supported UMass Memorial Medical Group's discrimination on the basis of Dr. Desai's age, gender, and/or handicap.

<u>Saari v. Allegro Microsystems, LLC</u>, 436 F. Supp. 3d 457, 466 (D. Mass. 2020); <u>Lopez</u>, 463 Mass. at 713; <u>Butler</u>, 79 Mass. App. Ct. 1126, 2011 WL 2463446 *7.

49. If you find that UMass Memorial Medical Group did not terminate Dr. Desai's employment because of intentional discrimination because of her age, gender, or handicap, your verdict must be for Defendant, Dr. Rosen.

50. If you find that Dr. Rosen did not act in a manner distinct and separate from his duties and responsibilities as Chair of the Department of Radiology for UMass Memorial Medical Group, your verdict must be for Defendant, Dr. Rosen.

51. If Dr. Desai fails to prove by a fair preponderance of the evidence any of the four elements I discussed above, your verdict must be for Defendant, Dr. Rosen.

52. If you find that Dr. Desai's has proved by a fair preponderance of the evidence each of the four elements, your verdict must be for Plaintiff, Dr. Desai.

## **TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**
(Against Max Rosen, M.D.)

53. Dr. Desai has also made a claim against Dr. Rosen alleging that he tortiously interfered with her contractual relations by terminating her own contract with UMass Memorial Medical Group, Inc.

54. UMass Memorial Medical Group cannot unlawfully interfere with its own contract with Dr. Desai, including through its officials. Therefore, because Dr. Rosen was a corporate official acting in the scope of his corporate responsibilities, Dr. Desai must establish that Dr. Rosen was motivated in his actions by "actual malice." Blackstone v. Cashman, 448 Mass. 255, 266 (2007); Pierce v. Cotuit Fire Dist., 741 F.3d 295, 304 (1st Cir. 2014); Psy-Ed Corp. v. Klein, 459 Mass. 697, 716 (2011).

55. "Actual malice" requires a showing by Dr. Desai that Dr. Rosen acted with a "spiteful, malignant purpose, unrelated to the legitimate corporate interest" of UMass Memorial Medical Group. Welch v. Ciampa, 542 F.3d 927 (1st Cir. 2008). Mere negligence or sloppy or unfair business practices will not suffice to prove malice. Walker v. Waltham Hous. Auth., 44 F.3d 1042 (1st Cir. 1995).

56. To prevail on her claim, Dr. Desai must prove:

First, that she had a contract with UMass Memorial Medical Group;

Second, that Dr. Rosen knowingly induced UMass Memorial Medical Group to breach the contract or interfered with Dr. Desai's performance of her own contract;

Third, that the controlling factor in Dr. Rosen's interference was actual malice – that is, a spiteful, malignant purpose unrelated to a legitimate interest of UMass Memorial Medical Group; and

Fourth, that Dr. Desai was harmed by the interference.

N. Shore Pharm. Servs. v. Breslin Assocs. Consulting LLC, 491 F.Supp.2d 111, 129 (D. Mass. 2007); Wright v. Shriners Hosp. for Crippled Children, 412 Mass. 469, 476 (1992); Blackstone, 448 Mass. at 266.

57. If you find that Dr. Rosen did not induce UMass Memorial Medical Group to breach its contract with Dr. Desai and did not interfere with Dr. Desai's performance of her contract, your verdict must be for Defendant, Dr. Rosen as to Dr. Desai's tortious interference claim.

58. If you find that Dr. Rosen's actions were related to a legitimate corporate interest of UMass Memorial Medical Group, your verdict must be for Defendant, Dr. Rosen as to Dr. Desai's tortious interference claim.

59. If you find that Dr. Rosen did not act with a spiteful, malignant purpose as to Dr. Desai's employment, your verdict must be for Defendant, Dr. Rosen as to Dr. Desai's tortious interference claim.

60. If you find that Dr. Desai's has proved by a fair preponderance of the evidence each of the four elements I discussed, your verdict must be for Plaintiff, Dr. Desai as to her tortious interference claim.

## DAMAGES

61. If you find that Dr. Desai has proved that UMass Memorial Medical Group illegally discriminated against her, or that Dr. Rosen aided and abetted in that discrimination or tortiously interfered with her contractual relations, you must then determine what damages, if any, were sustained by her.  The fact that I am instructing you about the various types of potential damages and how to calculate them is not a comment on the strength of Dr. Desai's claims or an opinion from me as to whether Dr. Desai is entitled to any particular damages or any type of damages at

all.  These instructions are to be considered by you only if you have first determined that

Dr. Desai has met her burden of proving discrimination or tortious interference.

62. Dr. Desai must prove by a preponderance of the evidence any damages she claims were

caused by defendants' wrongful conduct.  In so doing, Dr. Desai must prove by a preponderance

of the evidence that she lost wages and benefits and their amount.  If she fails to do so for any

periods of time for which she seeks damages, then you may not award damages for that time

period.

63. Your award must be based on evidence and not speculation or guesswork.  Conway v.

Electro-Switch Corp., 402 Mass. 385, 388 (1988).  Dr. Desai bears the burden of proof on

damages and may not be made more than whole by your award of actual damages.  Id.

64. Any award of damages may only be based upon the evidence you have been presented

and the just and reasonable inferences that can be drawn from that evidence.  Koster v.

TransWorld Airlines, Inc., 181 F.3d 24 (1st Cir. 1999); Sanchez v. Puerto Rico Oil Co., 37 F.3d

712, 724 n. 13 (1st Cir. 1994).

65. There are several types of damages that you may consider.  As noted, the fact I am

discussing these types of damages is no indication that Dr. Desai is entitled to damages.

Similarly, the fact that I am discussing different types of damages is no indication that Dr. Desai

is entitled to damages in any or all of the categories that I will describe.

## COMPENSATORY DAMAGES

66. If Dr. Desai has proved that her employment termination was the result of age, gender or

handicap discrimination, or that Dr. Rosen aided and abetted in that discrimination or tortiously

interfered with Dr. Desai's contractual relations with UMass Memorial Medical Group, she is

entitled to recover such compensatory damages as she has proved by a preponderance of the

evidence.  Compensatory damages may include lost wages and benefits through the date of your

verdict (or "back pay"), potential lost wages for future wages and benefits (or "front pay"),[1]

emotional distress damages, or liquidated damages.  Emotional distress damages may be

awarded if Dr. Desai proved her employment termination was the result of age, gender, or

handicap discrimination, or if she proved her claim of tortious interference by Dr. Rosen.

Liquidated damages, which I will discuss in a few moments, may be awarded under certain

circumstances if Dr. Desai proved her employment termination was the result of age

discrimination.

67. If you find that the defendants wrongfully terminated Dr. Desai's employment, she is

entitled to an award of back pay.  Back pay is the amount of the earnings and benefits that she

has lost from the date of the wrongful action.

68. The time period for which you may award back pay runs from the date of Dr. Desai's

termination until the date of trial.  From that amount, you must deduct all earnings and benefits

received by Dr. Desai from another employer since the date of her discharge.  Conway v. Electro

Switch Corp., 402 Mass. 385, 388-89 (1988); Black v. School Comm. of Malden, 369 Mass. 657,

661-62 (1976).

69. You must also offset any back pay award to Dr. Desai by whatever amounts she received

in unemployment compensation benefits.  New York & Mass. Motor Serv. v. Mass. Comm., 401

Mass. 566, 582 (1988).

---

[1]   Front pay is an equitable remedy to be provided by the Court and is at the discretion of the trial judge. See Lussier v. Runyon, 50 F.3d 1103, 1108 (1st Cir. 1995); Powers v. Grinnell Corp., 915 F.2d 34, 43 (1st Cir. 1990). In the event the Court permits the jury to consider an award of front pay, Defendants request the inclusion of paragraphs 71, 72, and 73, below.

**[ONLY INSTRUCT AS TO PARAGRAPHS 71-73**
**IF FRONT PAY WILL BE DECIDED BY THE JURY]**

70. Dr. Desai may also be awarded front pay if she has proved by a fair preponderance of the evidence that she would have continued to be employed by UMass Memorial Medical Group from and after the date of this trial.  Front pay is calculated by determining what amount she would have earned at UMass Memorial Medical Group over the period of time that she would continue to have been employed.  It is Dr. Desai's burden to prove by a fair preponderance of the evidence that she would continue to be employed.  It is also her burden to prove by a fair preponderance of the evidence the period of time that she would continue to be so employed.  From any award of front pay, you are required to offset all future earnings and benefits that she is likely to receive from other employment.  Flesner v. Technical Communications Corp., 410 Mass. 805, 813 n.7 & n.8 (1991); Hobson v. McLean Hosp. Corp., 402 Mass. 413, 416 n.3 (1988); DeRose v. Putnam Management Co., 398 Mass. 205, 212 n. 4 (1986).

71. Any award of front pay, like any award of damages, may not be determined by speculation or guess.  Conway v. Electro-Switch Corp., 402 Mass. 385, 388 (1988).

72. If you find Dr. Desai is entitled to damages for losses that will occur in the future, you will have to reduce this amount, whatever it may be, to its present worth.  The reason for this is that a sum of money received today is worth more than the same money paid out in installments over a period of time, since a lump sum today, such as any amount you might award in your verdict, can be invested and earn interest in the years ahead.

73. Dr. Desai has a duty to mitigate or limit her damages.  It is the defendants' burden to prove to you that Dr. Desai failed in her duty to mitigate damages by seeking or maintaining other employment.  The defendants meet this burden if they have proved to you that (1) one or more discoverable opportunities for comparable employment were available in a location at least

as convenient as the place of former employment, (2) Dr. Desai unreasonably made no attempt to apply for or, if she had obtained such a position, to maintain employment at any such job, and (3) it was reasonably likely that Dr. Desai would have obtained or continued in the comparable job. If you find that defendants proved by a preponderance of the evidence that Dr. Desai unreasonably failed to take advantage of any opportunity to lessen her damages, you should deny her recovery of those damages that she could have avoided had she taken advantage of the opportunity. Johnson v. Spencer Press of Me., 364 F.3d 368, 379 (1st Cir. 2004).

74. You are the sole judge of whether Dr. Desai acted reasonably in avoiding or minimizing her damages. A plaintiff may not sit idly by when presented with an opportunity to reduce her damages.

75. Emotional distress may be awarded as to her claims, but only if Dr. Desai has proved by a fair preponderance of the evidence that she has suffered emotional distress as a result of the alleged discrimination and/or tortious interference. Merely finding that discrimination or tortious interference has occurred, however, is not sufficient for you to award emotional distress damages. Any award for emotional distress must be limited to an amount that is reasonably related to the level of distress actually suffered as a result of the alleged discrimination. Any emotional distress you consider must be separate and distinct from any distress the plaintiff may have endured because of other factors in the plaintiff's life or environment not directly arising from the alleged discrimination or tortious interference. Labonte v. Hutchins & Wheeler, 424 Mass. 813, 824 (1997); Franklin Publishing Co. v. Mass. Comm'n Against Discrimination, 25 Mass. App. Ct. 974, 975 (1988) (rescript opinion); Buckley Nursing Home v. Mass. Comm'n Against Discrimination, 20 Mass. App. Ct. 172, 182 (1985); Stonehill v. Mass. Comm'n Against Discrimination, 441 Mass. 549, 575-576 (2004). Emotional distress arising from her

participation in this lawsuit – that is, litigation-induced stress – may not be awarded as damages. Zimmerman v. Direct Fed. Credit Union, 262 F.3d 70, 79 (1st Cir. 2001) ("the heavy weight of authority holds that litigation-induced stress is not ordinarily recoverable as an element of damages").

76. As with all other aspects of Dr. Desai's claims, it is her burden to prove both the emotional distress suffered and the causal relationship between the illegal discrimination and/or tortious interference and that emotional distress.  Lipchitz v. Raytheon Co., 434 Mass. 493, 501-4 (2001); Sullivan v. Liberty Mutual Ins. Co., 444 Mass. 34, 55 (2005); Coady v. Wellfleet Marine Corp., 62 Mass.App.Ct. 237, 245 (2004); Hopkins v. Liberty Mut. Ins. Co., 434 Mass. 556, 565 (2001).

77. No evidence of the monetary value of intangible things like emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses is available and there is no standard I can give you for fixing any compensation to be awarded for these injuries.  Even though it is obviously difficult to establish a standard of measurement for these damages, that difficulty is not grounds for denying a recovery on this element of damages. You must, therefore, make the best and most reasonable estimate you can, not from a personal point of view, but from a fair and impartial point of view, of the amount of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses you find that Dr. Desai has undergone as a result of defendants' conduct.  And you must place a money value on this, attempting to come to a conclusion that will be fair and just to all parties.  This will be difficult to measure in terms of dollars and cents, but there is no other rule I can give you for assessing this element of damages.  If you find that Dr. Desai's claimed emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other

noneconomic losses for emotional distress was caused by other factors or stressors in her life, then you must not award emotional distress damages to her.  If you find that Dr. Desai's claimed emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses for emotional distress was caused, in part, by other factors or stressors in her life, then you must reduce any award of emotional distress damages to reflect the amount of damages attributable to defendants' conduct only.

78. An award of damages for emotional distress may only be based on the evidence that Dr. Desai has presented to you.  In determining the amount of any award, your consideration may include: (1) the nature and character of the alleged harm; (2) the severity of the harm; (3) the length of time Dr. Desai has proved she has suffered such harm; and (4) whether Dr. Desai attempted to mitigate the harm.  Stonehill v. Mass. Comm'n Against Discrimination, 441 Mass. 549, 576 (2004); Massasoit Indus. v. Mass. Comm'n Against Discrimination, 91 Mass.App.Ct. 208, 214-15 (2017).

## LIQUIDATED DAMAGES

79. If you find UMass Memorial Medical Group liable for age discrimination in violation of the Age Discrimination in Employment Act,[2] you must then determine whether its conduct was "willful."  If you find that UMass Memorial Medical Group willfully violated the law, then you must award Dr. Desai double the amount of damages for lost wages and benefits that you have found.  "Willful" means that the defendant knew that it was violating the Age Discrimination in Employment Act, or it showed reckless disregard that its conduct was prohibited by statute. Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993); 29 U.S.C. § 2617(a)(1)(A)(iii).  To establish willfulness, it is not enough to show that defendants acted negligently.

---

[2]    Under state law, an award of liquidated damages is within the discretion of the trial judge.  See M.G.L. c. 151B, § 9; Fontaine v. Ebtec Corp., 415 Mass. 309, 311 (1993); Koster v. Trans World Airlines, Inc., 181 F.3d 24, 36 (1st Cir. 1999).

80. If UMass Memorial Medical Group believed, in good faith, that its conduct was legal, then its conduct was not "willful."  Moreover, if you determine that UMass Memorial Medical Group made a reasonable, good faith effort to comply with the law forbidding age discrimination, then its conduct was not "willful."  On the issue of good faith, UMass Memorial Medical Group bears the burden of proof.

81. If you find that UMass Memorial Medical Group did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by law, then its conduct was not willful and you cannot award double the amount of damages for lost wages and benefits.

## **PUNITIVE DAMAGES**

82. If you find that the defendants have intentionally discriminated on the basis of gender or handicap against Dr. Desai in their decision to terminate her employment, you may consider whether Dr. Desai proved by a fair preponderance of the evidence that an award of punitive damages should be made.  You may not award punitive damages based on a finding of age discrimination or for tortious interference.

83. Punitive damages are different from compensatory damages.  Unlike compensatory damages, which compensate the victim for the harm she has suffered, the purpose of punitive damages is to punish the defendants and to deter future acts of illegal discrimination.  You are not to consider any actual damages Dr. Desai alleges as a component or factor of any punitive damages that may be available under the law.

84. Under Massachusetts law, you can only award punitive damages if you find that Dr. Desai proved by a fair preponderance of the evidence that the defendants acted in an outrageous manner and with an "evil motive" or in reckless indifference to the rights of others.

Even if you find that the defendants' actions were discriminatory, unless you find such additional evidence of outrageousness, evil motive or reckless indifference, you may not award punitive damages.  Dartt v. Browning-Ferris Industries, 427 Mass. 1, 17 (1998).

85. "Reckless indifference" is defined as intentional discrimination against the plaintiff with the knowledge that the conduct was in violation of discrimination laws.  Marcano-Rivera v. Pueblo Int'l Inc., 232 F.3d 245, 253-54 (1st Cir. 2000).

86. In determining the amount of a punitive damage award, if any, you should consider: (1) the degree of reprehensibility of the defendants' conduct; (2) the actual harm inflicted upon the plaintiff; (3) the magnitude of any potential harm to other victims if similar future behavior is not deterred; and (4) any profit that the defendants have made from the wrongful conduct. Labonte v. Hutchins & Wheeler, 424 Mass. 813, 827 (1997).

## ATTORNEY'S FEES, COSTS AND INTEREST

87. You also must not consider attorney's fees or the costs of litigating this case.  Attorney's fees and costs, if relevant at all, are for the Court, and not the jury, to determine.  Therefore, attorney's fees and costs should play no part in your calculation of damages.  29 U.S.C. § 2617; Collazo v. Nicholson, 535 F.3d 41, 44 (1st Cir. 2008); Vazquez v. Eastern Air Lines, Inc., 579 F.2d 107, 112 (1st Cir. 1978).  You are also directed not to consider interest on any damages, as determination of interest on any award is for the Court, and not the jury, to determine.  Powers v. Grinnell Corp., 915 F.2d 34, 41 (1st Cir. 1990).

Respectfully submitted,

**UMASS MEMORIAL MEDICAL
GROUP, INC., and MAX ROSEN, M.D.,**

By their attorneys,


/s/Robert L. Kilroy
Robert L. Kilroy, Esq., BBO #636853
Reid M. Wakefield, Esq., BBO #569029
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581-3926
Phone: (508) 860-1464
Email: rkilroy@mirickoconnell.com
        rwakefield@mirickoconnell.com

Dated:  November 21, 2022


CERTIFICATE OF SERVICE

I, Robert L. Kilroy, Esq., hereby certify that this document, filed through the ECF system
will be sent electronically to the registered participants as identified on the Notice of Electronic
Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on
this date.


/s/ Robert L. Kilroy
Robert L. Kilroy, Esq.

Dated:  November 21, 2022