UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARU DESAI,
        Plaintiff,

        v.

UMASS MEMORIAL MEDICAL CENTER,
INC., et al.,
        Defendants.

CIVIL ACTION NO. 4:19-CV-10520-
HHH

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Cheru Desai M.D.,  hereby submits, pursuant to Federal Rules of Civil Procedure

51, the following proposed jury instructions.  Plaintiff reserves the right to modify, amend or

supplement these requests depending on developments and the evidence adduced at trial.

Respectfully submitted,

CHARU DESAI

By her attorneys,

*/s/ Timothy M. Kolman*
Timothy M. Kolman, Esq., Pro Hac Vice
Kolman Law, P.C.
414 Hulmeville Ave
Penndel, PA 19047
Phone: 215-750-3134
Fax: 215-750-3138
TKolman@KolmanLaw.com


Timothy D. Rodden, Jr., Esq., BBO # 691228
John B. Koury, Esq., BBO # 694088
Joseph F. Comenzo, Esq., BBO # 667624
Upper Charles Law Group, LLC

**JURY INSTRUCTION NO. 1**

**Duty of Jury**

Now that you have been sworn in, I have the following preliminary instructions for your guidance as jurors in the case.

It is your duty to find what the facts are, and you alone are the judges of the facts.   You must apply those facts to the law that I will give to you, whether you agree with it or not.

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I, as the Judge, may instruct you to take as true.

The following things are not evidence:

- Statements, arguments, and questions by lawyers are not evidence.  The lawyers are not witnesses.

- Objections to questions or exhibits are not evidence.  Lawyers have an obligation to their clients to make objections when they believe the evidence being offered is improper under the rules of evidence.   Do not be influenced by the objection or by my ruling on it.   If the objection is sustained, ignore the question or exhibit.   If it is overruled, treat the answer or exhibit like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

- Testimony that I have excluded or told you to disregard is not evidence, and you must not consider it.

- Anything you may see or hear outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

Direct evidence is direct proof of a fact, such as the testimony of an eyewitness.

Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  You may consider both kinds of evidence.

It is up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.   I will give you some suggestions for assessing the credibility of witnesses at the end of the case.

You must not look outside of the Court for information about the issues the case presents or for information about the parties, lawyers, or witnesses - whether that be through the internet, television, social media, newspapers, magazines, or books.  If you do, it will be a violation of your oath  as a juror.  Fundamental fairness requires that you base your decision only on the evidence presented in open Court, where testimony is presented under oath, and all evidence is subject to challenge for its reliability.  The parties are entitled to know all the evidence upon which the jury bases its decision. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.  My role is to be the Judge of the law.  I make whatever legal decisions have to be made during the course of the trial, and I will explain to you  the legal principles that must guide you in your decisions.   You must follow that law whether you agree with it or not.

## **AUTHORITY:**

- U.S. District of Maine, Civil Jury Notebook, Preliminary Jury Instructions (modified)
- 3rd Circuit Pattern Instructions, 1.1 (modified)


GRANTED:                    _____
DENIED:                       _____
WITHDRAWN:              _____
GIVEN AS AMENDED:    _____

## PROPOSED JURY INSTRUCTION NO. 2

### Conduct of the Jury

Do not discuss the case with anyone or permit anyone to discuss it with you until you retire to the jury room at the end of the case to deliberate on your verdict.   That includes sending emails or tweets, blogging, texting, posting to websites such as Facebook, Instagram, or LinkedIn, or any other kind of communication.

Do not read or listen to anything bearing on the case in any way.   If anyone should try to talk to you about it, bring it to my attention promptly.

Do not do any research or investigate the case or the parties on your own.

Keep your minds open until all the evidence is in and I have given you final instructions on the law and until you start your deliberations at the end of the case.

You are permitted to take notes in the case, and the courtroom deputy clerk will distribute pencils and pads for your use.   Do not allow your note-taking to distract you from listening carefully to the testimony that is being presented.   If you would prefer not to take notes at all but simply to listen, please feel free to do so.   Please remember that it is possible to make an error in note-taking. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in Court.   Instead, it is your collective memory that must control as you deliberate upon the verdict.   Please take your notes to the jury room at every recess.   The courtroom deputy clerk will collect them at the end of each day.   They will then be returned to you the next morning.   When the case is over, your notes will be destroyed.   These steps are in line with the earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

**<u>AUTHORITY</u>:**

- U.S. District of Maine, Civil Jury Notebook, Preliminary Jury Instructions.

GRANTED: _____
DENIED: _____
WITHDRAWN: _____
GIVEN AS AMENDED: _____

## JURY INSTRUCTION NO. 3

### Course of the Trial

The trial begins with each side making an opening statement.  An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence.

Next, Dr. Desai presents her witnesses, and the University of Massachusetts Medical Center and Dr. Rosen may cross-examine them.

Then the University of Massachusetts Medical Center and Dr Rosen will present their witnesses, and Dr. Desai may cross-examine them.

After that, the attorneys make their closing arguments to summarize and interpret the evidence for you, and then I will give you final instructions on the law.

You then retire to deliberate on your verdict.

**AUTHORITY:**

- U.S. District of Maine, Civil Jury Notebook, Preliminary Jury Instructions.

GRANTED:                          _____
DENIED:                           _____
WITHDRAWN:                        _____
GIVEN AS AMENDED:                 _____

## PROPOSED JURY INSTRUCTION NO. 4

## LIABILITY OF HOSPITALS

The fact that the University of Massachusetts Medical Center is a hospital and Dr. Rosen is a physician should not affect your decision.  You should consider the case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.   University of Massachusetts Medical Center is entitled to the same fair trial as a private individual.  All persons, including corporations, stand equal before the law and are to be treated as equals.

The University of Massachusetts Medical Center, as a hospital, can act only through its agents and employees.  The University of Massachusetts Medical Center is responsible for the acts of its agents and employees when they are acting within their authority.

**AUTHORITY:**

- 3 Fed.  Jury Prac. & Instr. § 108:01 (6th ed.) (modified)
- 3 Fed.  Jury Prac. & Instr. § 103:12 (6th ed.) (modified)

GRANTED:                    _____
DENIED:                        _____
WITHDRAWN:              _____
GIVEN AS AMENDED:    _____

**PROPOSED JURY INSTRUCTION NO. 5**

**CREDIBILITY OF**
**WITNESSES**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about, the quality of the witness's memory, the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence.   The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**AUTHORITY:**

- 3 Fed.  Jury Prac. & Instr. § 101:43 (6th ed.)

GRANTED:              _____
DENIED:                _____
WITHDRAWN:       _____
GIVEN AS AMENDED:   _____

## PROPOSED JURY INSTRUCTION NO. 6

## STRAY REMARKS

You have heard evidence during the course of the trial regarding certain allegedly discriminatory remarks.  Age-related comments referring directly to the Plaintiff may support an inference of discrimination even if the comments were not made in the context of Defendants' adverse employment action.  However, isolated or ambiguous comments may be too abstract or remote to support a finding of discrimination.

In order to prove discrimination by reference to comments in the workplace, a Plaintiff must demonstrate that a connection exists between the comments made and the Defendants' decision to treat her differently.

**Notes on Use**:

This instruction may not be appropriate where the court has already addressed stray remarks at the summary judgment stage.  Additionally, this instruction should be given only when warranted by the evidence, and may not be appropriate in a hostile work environment case.  This instruction may be modified as appropriate in cases involving other protected classifications such as age or disability.

**Authority**:

Plotke v. White, 405 F.3d 1092, 1107 (10th Cir. 2005) ("The Supreme Court has emphasized that courts should not reject a Plaintiff's evidence of additional circumstantial gender-based comments and treatment simply because they 'were not made in the direct context of [the Plaintiff's] termination.'") citing Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 151-53 (2000); Tomsic v. State Farm Mut. Auto. Ins. Co., 85 F.3d 1472, 1479 (10th Cir. 1996); Cone v.

Longmont United Hospital Association, 14 F.3d 526, 531 (10th Cir. 1994); Rea v. Martin

Marietta Corp., 29 F.3d 1450, 1457 (10th Cir. 1994).


GRANTED:               _____
DENIED:                _____
WITHDRAWN:             _____
GIVEN AS AMENDED:      _____

### PROPOSED JURY INSTRUCTION NO. 7

## **AGE DISCRIMINATION IN EMPLOYMENT ACT  ("ADEA") – STATUTE INVOLVED**

The Plaintiff has brought this lawsuit under the Age Discrimination in Employment Act, also called the ADEA.  The purpose of the ADEA is to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals who are 40 years of age or older based on their age.

The ADEA makes it unlawful for an employer to discriminate against an individual who is 40 years of age or older, with respect to his or her compensation, terms, conditions, or privileges of employment, because of his or her age.

The Plaintiff has brought this lawsuit under the Age Discrimination in Employment Act, also called the ADEA.  The purpose of the ADEA is to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals who are 40 years of age or older based on their age.

The ADEA makes it unlawful for an employer to discriminate against an individual who is 40 years of age or older, with respect to his or her compensation, terms, conditions, or privileges of employment, because of her age.

**Authority**:

29 U.S.C. § 623(a)(1)-(2); Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009); Jones v. Okla. City Pub. Schs., 617 F.3d 1273, 1277 (10th Cir. 2010); O'Conner v. Consolidated Coin Caterers Corp., 517 U.S. 308, 311 (1996); Hazen Paper Co. v. Biggins, 507 U.S. 604, 609 (1993).


GRANTED:                    _____
DENIED:                        _____
WITHDRAWN:            _____
GIVEN AS AMENDED:    _____

**PROPOSED JURY INSTRUCTION NO. 8**

## ADEA – ELEMENTS

In order for the Plaintiff to establish a claim of age discrimination, she must prove by a preponderance of the evidence that her employer took the challenged employment action because of Plaintiff's age. Plaintiff may establish her claim through direct or indirect evidence of discrimination. In the absence of direct evidence of discrimination, Plaintiff must prove by a preponderance of the indirect or circumstantial evidence the following four elements:

1. That The University of Massachusetts Medical Center took an adverse employment action against Doctor Desai;

2. That at the time of the adverse action, Doctor Desai was at least 40 years old;

3. That The University of Massachusetts Medical Center continued to need the services of the position Doctor Desai occupied; and,

4. That Doctor Desai's age was the determinative cause of the challenged adverse action.

In other words, Plaintiff must prove by a preponderance of the evidence that her employer would not have taken the challenged employment action but for the Plaintiff's age. This standard does not require Plaintiff to show that age was the sole motivating factor in the employment decision. In other words, an employer may be held liable under the ADEA even if other factors contributed to the employer making the challenged decision, so long as age was the factor that made a difference.

**Authority**:

29 U.S.C. § 623(a); Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009) ("mixed-motive" theory, whereby plaintiff may establish discrimination by showing that age was simply a motivating factor in adverse employment action, does not extend to ADEA cases); Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993); Diaz v. Jiten Hotel Management, Inc., 671 F.3d 78 (1st

Cir. 2012); <u>Jones v. Okla. City Pub. Schs.</u>, 617 F.3d 1273, 1277-78 (10th Cir. 2010).


GRANTED:                       _____

DENIED:                         _____

WITHDRAWN:                 _____

GIVEN AS AMENDED:     _____

_____

**PROPOSED JURY INSTRUCTION NO. 9**

**ADEA – AGE OF REPLACEMENT**

Where the Plaintiff has been replaced in her employment position following termination of her employment, the fact that the Plaintiff was replaced by another person age 40 or over is irrelevant to the determination of whether discrimination occurred, so long as the Plaintiff's employment was terminated because of her age. For example, a sixty-year-old may be discriminated against in favor of a fifty-five-year-old. Such discrimination is just as illegal as if the sixty-year-old was discriminated against in favor of a twenty-year-old.

**Notes on Use**:

This instruction should be used only where evidence exists that the replacement employee is over 40 years of age and protected by the ADEA.

**Authority**:

*Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1138 (10th Cir. 2000); Brennan v. GTE Gov't Sys. Corp., 150 F.3d 21 (1st Cir. 1998); Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1167 (10th Cir. 1998); O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312 (1996); Greene v. Safeway Stores, Inc., 98 F.3d 554, 560 (10th Cir. 1996).

GRANTED:             _____
DENIED:              _____
WITHDRAWN:           _____
GIVEN AS AMENDED:    _____

**PROPOSED JURY INSTRUCTION NO. 10**

## ADEA – WILLFUL – DEFINED

If you find that the Defendant discriminated against the Plaintiff on the basis of her age, you must now determine whether Defendant's violation was "willful."  If you find that the Defendant's violation of the ADEA was "willful," the Court may award additional damages under the law.

A Defendant acts "willfully" if it either knew or showed reckless disregard for whether its conduct was prohibited by the ADEA.

**Authority**:


29 U.S.C. § 626(b)(7)(b); Hazen Paper v. Biggins, 507 U.S. 604, 616 (1993); Minshall v. McGraw Hill Broadcasting Co., Inc., 323 F.3d 1273, 1283 (10th Cir. 2003); Linn v. Andover Newton Theological Sch., 874 F.2d 1 (1st Cir. 1989)


GRANTED:                      _____
DENIED:                        _____
WITHDRAWN:                _____
GIVEN AS AMENDED:    _____

## JURY INSTRUCTION NO. 11

## GENERAL INSTRUCTIONS
## INSTRUCTION NO. 1 – BURDEN OF PROOF

This is a civil case, a lawsuit in which one party has sued another party or parties.  In a civil case, the Plaintiff must prove her case by a preponderance of the evidence.  This is a less-stringent standard than is applied in a criminal case, where the prosecution must prove its case beyond a reasonable doubt.

Simply stated, a matter has been proved by a preponderance of the evidence if you determine, after you have weighted all of the evidence, that that matter is more probably true than not true.  To say this another way: the Plaintiff must present proof that is convincing enough to tip the scale, however slightly, toward its version of the facts.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you must consider all of the evidence as a whole.  Do not concern yourselves with the identity of the party who offered any particular piece of evidence, or with who called more witnesses, or whose case took longer to present.  Rather, look at all of the evidence, make your judgments about weight and credibility, and then decide whether that evidence persuades you that the elements the Plaintiff must prove are more likely true than not.

Plaintiff must prove by a preponderance of the evidence that the discriminatory animus was the determinative cause of the adverse employment action.  Put another way, this means that Plaintiff must show that "but for" the intent to discriminate because of her age she would not have been terminated.[1]

The Plaintiff may meet her burden of proof that the adverse employment actions were a

---

[1] DiBenedetto v. Commonwealth, 398 Mass 395, 401 (1986).

result of discrimination due to her age through either direct evidence or indirect evidence.[2] Courts in Massachusetts have recognized that it is rare for direct evidence of discriminatory animus to exist.[3] Therefore, indirect evidence may be used in order to prevail in an age discrimination matter in Massachusetts.  This means that the Plaintiff does not need to disprove every explanation the Defendant gives for the adverse employment action, such as a termination, or that is otherwise suggested in the evidence.[4] In other words, the Plaintiff's burden of proof can be met if you believe that it was more likely than not that only one reason that was provided by the Defendants was false.  If you do find that any one of the Defendants' stated reasons for the adverse employment action was false, you may infer that Defendants' had the requisite discriminatory intent, motive, or state of mind that was the determinative cause for the adverse employment action against Plaintiff.[5]

GRANTED: _____
DENIED: _____
WITHDRAWN: _____
GIVEN AS AMENDED: _____

---

[2] Lipchitz v. Raytheon, 434 Mass. 493 (2001).

[3] Wheelock College v. Massachusetts Comm'n Against Discrimination, 371 Mass. 130, 137 (1976).

[4] Lipchitz v. Raytheon, 434 Mass. 493 (2001).

[5] Id.

**<u>SPECIFIC INSTRUCTIONS</u>**

**INSTRUCTION NO. 1 – DISCRIMINATION ON THE BASIS OF AGE,
<u>M.G.L. C.  151B §4.</u>**

In this matter, the Plaintiff has alleged that the Defendant discriminated against her on the basis of her age.  Age discrimination is when a person is treated differently in the workplace, usually less favorably, based on their age.

In order to succeed in this claim, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. That she was a member of a protected class at the time she alleges that she was harmed by The University of Massachusetts Medical Center;

2. That she suffered harm as a result of an adverse employment action made by the University of Massachusetts Medical Center;

3. That the University of Massachusetts Medical Center acted with discriminatory animus in its actions towards Doctor Desai; AND

4. That the discriminatory animus was the cause of the University of Massachusetts Medical Center's adverse employment actions.[6]

For purposes of this matter, the terms identified in the elements I listed above are defined as follows.  A person in a protected class in an age discrimination matter is any individual who is over the age of 40 years old.[7]  An adverse employment action is a change in working conditions that materially disadvantages the employee.[8]  Examples of this can include but are not limited to, a termination, refusal to promote, or unwarranted negative job evaluation.[9]  Discriminatory

---

[6] <u>Sullivan v. Liberty Mut. Co.</u>, 444 Mass. 34, 39, 825 N.E.2d 522 (2005).
[7] M.G.L. c. 151B.
[8] <u>MacCormack v. Boston Edison Co.</u>, 423 Mass. 652, 662, 672 N.E.2d 1 (1996).
[9] <u>Hernandez-Torres v. Intercontinental Trading, Inc.</u>, 158 F.3d 43, 47 (1st Cir. 1998).

animus can be defined as conduct by the employer that demonstrates an intent to discriminate against the employee.   A plaintiff in an employment discrimination case may establish discriminatory intent through indirect or circumstantial evidence.[10] With respect to the element of causation, you must believe that it is more likely than not that the intent to discriminate contributed significantly to the adverse employment actions and was an important ingredient in causing the adverse employment actions.[11]

GRANTED:                        _____
DENIED:                          _____
WITHDRAWN:                 _____
GIVEN AS AMENDED:     _____

---

[10] Hernandez-Torres v. Intercontinental Trading, Inc., 158 F.3d 43, 47 (1st Cir. 1998).

[11] Lipchitz v. Raytheon, 434 Mass. 493 (2001).

## PROPOSED JURY INSTRUCTION NO. 12

## EXPERT WITNESSES

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  There is an exception to the rule for "expert witnesses."  An expert witness is a person who, by education and experience, has become an expert in some art, science, profession, or calling.  Expert witnesses state their opinions as to matters in which they profess to be expert and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in the case and give it such weight as you think it deserves.

## AUTHORITY:

- 3 Fed.  Jury Prac. & Instr. § 104:40 (6th ed.)

GRANTED: _____
DENIED: _____
WITHDRAWN: _____
GIVEN AS AMENDED: _____

**PROPOSED JURY INSTRUCTION NO. 13**
**DAMAGES GENERALLY**

If you find Plaintiff met her burden of proving that she was a member of a protected class, that she suffered harm as a result of adverse employment actions, that the Defendants acted with the intent to discriminate, and that the intent to discriminate was the cause of the adverse employment actions, you must determine the amount of damages caused by the Defendants to the Plaintiff.

You may award damages to Plaintiff for the following: (i) lost wages from the date of her firing to the time of trial (referred to as "back pay"); (ii) damages for lost wages from the time of trial to the time of her expected retirement (referred to as "front pay"); and (iii) damages for emotional distress.[12]

In determining the amount of front pay, you may consider the following factors:

(1)    the amount of earnings, including salary and benefits, that the Plaintiff would have received between the time of trial and the Plaintiff's projected retirement date; (2) the Plaintiff's probable retirement date; (3) the amount of earnings that the Plaintiff would probably have received from another employer until her retirement, which would reduce any front pay award; (4) the availability of other employment opportunities; and (5) the possibility of future wage increases and inflation.[13]

In determining the amount of damages to be awarded for back pay, you may consider the amount the Plaintiff would have earned from the time of wrongful discharge to the time of trial, less any amounts actually earned during that period.[14]

---

[12] Fontaine v. Ebtec Corp., 415 Mass. 309, 326 (1993)
[13] Haddad v. Wal-Mart Stores, Inc., 455 Mass. 91, 102-103 (2009)
[14] Cariglia v. Hertz Equip. Rental Corp., 343 F. Supp. 2d 50, 56 (D. Mass. 2004)

In determining the amount of damages to be awarded for emotional distress, you may take into account: "(1) the nature and character of the alleged harm; (2) the severity of the harm; (3) the length of time the complainant has suffered and reasonably expects to suffer; and (4) whether the complainant has attempted to mitigate the harm."[15]

The multiplication of damages for Plaintiff's combined front pay, back pay, and emotional distress is available for up to three, but no less than two, times the combined amount if you find that the Defendant(s) committed the violations knowingly.[16]

---

[15] Stonehill College v. Massachusetts Com'n Against Discrimination, 441 Mass. 549, 576 (2004)

[16] Kelley v. Airborne Freight Corp., 140 F.3d 335, 356 (1st Cir. 1998)

**PROPOSED JURY INSTRUCTION NO. 14.1**

**TORTIOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONS**

The Plaintiff has also brought a claim for tortious interference with advantageous relations. The claim is that the individual Defendant, Dr. Rosen, tortiously interfered with Plaintiff's contractual relations with third parties, including other hospitals and medical centers where Plaintiff performed services.

In order for the Plaintiff to establish a claim of tortious interference with advantageous relations, she must prove by a preponderance of the evidence the following four elements:

1. Plaintiff had an advantageous relationship with a third party or parties with the probability of future economic benefit;

2. Defendant, Dr. Rosen, had knowledge of Plaintiff's advantageous relationships and intentionally induced or caused the third party or parties not to enter into or continue the advantageous relationship with Plaintiff, or prevented Plaintiff from acquiring or continuing the advantageous relationship;

3. Defendants' interference with the relationship, in addition to being intentional, was done with improper motive or means; and,

4. Plaintiff suffered harm by loss of the advantageous relationship.

For purposes of this matter, the "improper motive or means" required to be proved is actual malice, which includes any spiteful, malignant purpose, unrelated to any legitimate corporate interest of the employer.

**AUTHORITY:**

Blackstone v. Cashman, 448 Mass. 255, 260, 860 N.E.2d 7, 12-13 (2007); Cacciola v. Nellhaus, 49 Mass. App. Ct. 746, 755, 733 N.E.2d 133, 140 (2000).

GRANTED:             _____
DENIED:              _____
WITHDRAWN:           _____
GIVEN AS AMENDED:    _____

## PROPOSED JURY INSTRUCTION NO. 15
## DUTY TO DELIBERATE

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson.  The foreperson will preside over your discussions and speak for you here in Court.

Second, it is your duty, as jurors, to discuss the case with one another in the jury and try to reach agreement.  Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.  Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not make a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.   I will respond as soon as possible, either in writing or orally in open Court.  Remember, you should not tell anyone - including me - how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in the case.

*[EXPLAIN VERDICT FORM]*

You will take the form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

**<u>AUTHORITY</u>:**

- 3 Fed.  Jury Prac. & Instr. § 103:50 (6th ed.)

GRANTED:                       _____
DENIED:                          _____
WITHDRAWN:                _____
GIVEN AS AMENDED:    _____

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I served a true copy of the above document on all counsel of record by the Electronic Court Filing System (ECF) of the United States District Court for the District of Massachusetts.

*/s/ Timothy M. Kolman*
Timothy M. Kolman, Esquire