UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-CV-10520-TSH

CHARU DESAI,
    Plaintiff,

v.

UMASS MEMORIAL MEDICAL CENTER, INC., et al.,
    Defendants.

**DEFENDANTS' REVISED PROPOSED SPECIAL VERDICT FORM**

Based on Plaintiff's waiver of claims for gender and handicap discrimination during the motion hearing on November 22, 2022, Defendants, UMass Memorial Medical Group, Inc. and Max Rosen, M.D. (collectively, the "Defendants"), hereby propose the following Revised Special Verdict Form for the Jury (with the prior questions related to those claims removed):

## I. AGE DISCRIMINATION

1. Do you find based on a preponderance of the evidence that Plaintiff, Dr. Charu Desai's age was the determinative cause of UMass Memorial Medical Group's decision to terminate Dr. Desai's employment?

    ANSWER:  Yes or No   _____

## II. AIDING AND ABETTING DISCRIMINATION

If you answered "No" in response to Question 1 in Section I, skip to Section III below; otherwise proceed to the questions below.

Do you find based on a preponderance of the evidence:

1. That Dr. Rosen committed a wholly individual and distinct wrong from UMass Memorial Medical Group's termination of Dr. Desai, by acting in a manner distinct and separate

from his duties and responsibilities as Chair of the Department of Radiology for UMass Memorial Medical Group?

ANSWER:  Yes or No          _____

If you answered "No," proceed to Section III; otherwise, proceed to Question 2 below.

2. That Dr. Rosen shared an intent to discriminate on the same basis as UMass Memorial Medical Group?

   ANSWER:  Yes or No          _____

   If you answered "No," proceed to Question 3 below; otherwise proceed to Section III.

3. That Dr. Rosen knowingly supported UMass Memorial Medical Group's discrimination on the basis of Dr. Desai's age?

   ANSWER:  Yes or No          _____

### III. TORTIOUS INTERFERENCE

Based on a preponderance of the evidence:

1. Did Dr. Rosen induce UMass Memorial Medical Group to breach its contract with Dr. Desai or interfere with Dr. Desai's performance of her contract?

   ANSWER:  Yes or No          _____

   If you answered "No," proceed to Section IV; otherwise, proceed to Question 2 below.

2. Was Dr. Rosen's decision to terminate Dr. Desai's employment related to a legitimate interest of UMass Memorial Medical Group?

   ANSWER:  Yes or No          _____

   If you answered "No," proceed to Question 3 below; otherwise proceed to Section IV.

3. Did Dr. Rosen act with a spiteful, malignant purpose when terminating Dr. Desai's employment?

ANSWER:  Yes or No   _____

## IV. DAMAGES

**Only answer further questions below if you had answered "Yes" to one or more of the following questions: Question 1 in Section I; Question 3 in Section II; or Question 3 in Section III;** otherwise, this ends your deliberations, and you should STOP and your foreperson should sign and date the last page of this Special Verdict Form.

If you are not required to STOP, answer the below questions related to damages to award:

### A. Back Pay Damages

1. What sum of money, if paid now in cash, would fairly and reasonably compensate Dr. Desai for the loss of pay and/or benefits, if any, you have found were caused by Defendants' conduct incurred through the date of your verdict?

   ANSWER in Dollars and Cents:   _____

2. What sum of money, if paid now in cash, is the amount by which Dr. Desai's loss of pay and/or benefits, if any, could have been reduced through Dr. Desai's reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment?

   ANSWER in Dollars and Cents:   _____

3. Calculate the back pay damages award by subtracting the amount in Question 2 above from the amount in Question 1.

   ANSWER in Dollars and Cents:   _____

### B. Compensatory Damages

1. Was Dr. Desai's claimed emotional distress (1) caused by Defendants; (2) caused by other factors or stressors in her life, including litigation-induced stress; or (3) caused

by a combination of actions by Defendants and other factors or stressors? (Please place a check mark below).

CAUSED BY DEFENDANTS  _____

CAUSED BY OTHER FACTORS OR STRESSORS  _____

CAUSED BY A COMBINATION OF FACTORS  _____

If you checked "Caused by Other Factors or Stressors," STOP.

2. If you checked, "Caused by Defendants" or "Caused by a Combination of Factors," what sum of money, if paid now in cash, would fairly and reasonably compensate Dr. Desai for that portion of her claimed emotional distress solely attributable to Defendants?

    ANSWER in Dollars and Cents  _____

**C. Liquidated Damages**

**You will only answer the questions in this section if you answered "Yes" to Question 1 in Section I.**

1. Was Defendants' action in terminating Dr. Desai's employment "willful" as that term has been defined by the Court in the Jury Instructions?

    ANSWER: Yes or No _____

2. If you answered "Yes" to Question 1 above, you are to double the amount listed in your response to Question A.3 in Section IV.

    ANSWER in Dollars and Cents _____

    *PLEASE SIGN THIS FORM AND NOTIFY THE COURT OFFICER.*

_____
Jury Foreperson

Respectfully submitted,

**UMASS MEMORIAL MEDICAL GROUP, INC., and MAX ROSEN, M.D.**

By their attorneys,

*/s/ Robert L. Kilroy*
Robert L. Kilroy, BBO #636853
Reid M. Wakefield, BBO #569029
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581-3926
Phone: (508) 860-1464
Email: rkilroy@mirickoconnell.com
         rwakefield@mirickoconnell.com

Dated:   November 22, 2022

**CERTIFICATE OF SERVICE**

I, Robert L. Kilroy, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

*/s/ Robert L. Kilroy*
Robert L. Kilroy

Dated: November 22, 2022