UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-cv-10520-TSH

| | |
|---|---|
| CHARU DESAI,<br>    Plaintiff,<br><br>    v.<br><br>UMASS MEMORIAL MEDICAL<br>CENTER, INC., et al.,<br>    Defendants. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF ELLA A. KAZEROONI, M.D.** |

Defendants, UMass Memorial Medical Group, Inc. (the "Medical Group"), and Max Rosen, M.D., hereby oppose Plaintiff's Motion in Limine to Exclude Expert Testimony of Ella A. Kazerooni, M.D. (doc. 145), and respectfully request that Plaintiff's Motion be denied. In support of their Opposition, Defendants submit the following Memorandum of Law.

## MEMORANDUM OF LAW

### I.   Introduction

Plaintiff's supervisor, Max Rosen, M.D., in an effort to obtain an unbiased evaluation of Plaintiff's performance, retained Diana Litmanovich, M.D., a chest radiologist from outside of UMass Memorial, to conduct a blinded and controlled review of the quality of Plaintiff's CT reads. The results of that independent review, when unblinded by Dr. Rosen, confirmed that Plaintiff's quality was unacceptably poor, thereby corroborating the complaints Dr. Rosen had received from referring physicians and from the Chest Radiology Division Chief as to Dr. Desai's quality. Based on these prior complaints, as confirmed by the independent review, Dr. Rosen made the decision to terminate Plaintiff's employment.

Plaintiff hired an expert witness, James Gruden, M.D., to testify that in his opinion, based on full knowledge of which reviews were performed by Plaintiff and which were not, Plaintiff's reads were not deficient and Dr. Litmanovich was wrong. Plaintiff intends to offer testimony on this subject by Dr. Gruden notwithstanding the fact that his opinions as to whether Dr. Litmanovich was right or wrong could not possibly be relevant, because it is undisputed that 1) her review was blinded and could not have been discriminatory, and that 2) Dr. Rosen relied on the unbiased results of her review in combination with prior complaints as to Dr. Desai's quality.

In direct response to the disclosure of Dr. Gruden's opinions, Defendants hired an expert in chest radiology, Ella A. Kazerooni, M.D., to perform a blinded review of the reads opined on by Dr. Gruden, compare her findings to his, and to provide an opinion on whether Dr. Gruden's second-guessing has any merit. Based on her blinded evaluation, Dr. Kazerooni determined that Dr. Gruden's unblinded opinions were in fact almost entirely without support. Defendants intend to call Dr. Kazerooni to testify at trial that Dr. Gruden's review was flawed and his opinions meritless.

## II. Dr. Kazerooni's Expert Opinion is Limited to the Rebuttal of Plaintiff's Expert's Opinion and is Relevant for that Purpose.

Plaintiff argues that Dr. Kazerooni's opinions are irrelevant because "Defendants did not in any way consult or rely upon Dr. Kazerooni in deciding to terminate Plaintiff's employment." Memorandum, p. 1. Defendants agree that the opinions of experts based on after-the-fact evaluations of the facts which led to termination of Plaintiff's employment are not relevant to Dr. Rosen's motives in making that decision, i.e., whether his decision was based on his belief that Plaintiff's quality was deficient or whether it was made because of age discrimination. However, in response to the irrelevant opinions offered by Dr. Gruden, Defendants have been

forced to call their own expert to testify that, based on her own blinded review of the reads opined on by Dr. Gruden, his opinions are inaccurate and flawed, and thus should not be given weight by the jury.

If Dr. Gruden is permitted to testify as to his opinions related to Dr. Litmanovich's review, then certainly Dr. Kazerooni's opinions that Dr. Gruden's analysis was flawed and his findings are incorrect are relevant. Her testimony in this respect directly relates to whether it is more or less probable that Dr. Litmanovich's review was correct, and it will directly assist the jury in understanding the evidence presented by Plaintiff through Dr. Gruden and to make a determination as to this fact. See Fed. R. Evid. 401; Fed. R. Evid. 702.

Plaintiff contends that at trial "the jury will be asked to consider the reliability of Dr. Litmanovich's independent, expert review, and Dr. Rosen's decision to terminate Dr. Desai's employment based on Dr. Litmanovich's expert review," and "[o]n these issues, the jury will glean minimal to no benefit from Dr. Kazerooni's expert opinion." Memorandum, p. 6. It is hard to comprehend the reason why Plaintiff believes Dr. Gruden's opinion on these subjects to be relevant, but contends that Dr. Kazerooni's opinion is not, as they relate to the identical issue.

Plaintiff's Motion is based in large part on a mischaracterization of the subject matter of Dr. Kazerooni's proposed testimony. While Plaintiff failed to submit Dr. Kazerooni's Expert Report so that the Court can confirm these inaccuracies, Dr. Kazerooni is not being called to offer "opinions of the 25 CT scan interpretations Plaintiff performed and the 25 CT scan interpretations other radiologists performed," as recounted by Plaintiff in her Motion. See Memorandum, p. 6. Instead, as a review of Dr. Kazerooni's opinions outlined in her Expert Report makes clear, Dr. Kazerooni does not opine on all 50 CT studies included in Dr. Litmanovich's review, and her testimony is being offered specifically to rebut the opinions of

Dr. Gruden on a limited number of studies included in the review. In her Expert Report, Dr. Kazerooni summarizes her opinions to be offered as follows:

> In summary, I disagree with most but not all of the assessments provided by Dr. Gruden of the cases listed in Part I. These examinations, which I now understand were read by Dr. Desai, include missed findings, inaccurate and incomplete description of abnormalities, and lack of reporting in accordance with professional society consensus recommendations and nomenclature used by thoracic radiologists, which were not mentioned by Dr. Gruden. For the cases listed in Part II, which I now understand were also reviewed by Dr. Desai, Dr. Gruden did not provide any findings at all, although they contain major errors and/or errors which may affect patient care. For the cases listed in Part III, I now understand that these were read by "control" radiologists, and disagree with Dr. Gruden's assessments in all three cases. In 2 of the 3 cases there were minor errors which would not impact patient care, and in the third there was a major finding missed by the reader which is not the missed finding described by Dr. Gruden. Two of these three cases suffered from lack of proof reading, as stated by Dr. Gruden, but none reach the level of a report leading to "immediate disciplinary action" as a stand-alone exam as described by Dr. Gruden.
>
> The standard of care applied by Dr. Gruden in the cases listed in Part I is a lower standard than was applied in the 3 cases of Part III. Since my initial review was blinded as to the interpreting radiologist and which were read by Dr. Desai, this raises the question of bias in the reviews performed by Dr. Gruden, as it is clear from his own review report that he knew which cases were read by Dr. Desai and which were read by the other "control" radiologists.

**Exhibit A**, Expert Report of Ella A. Kazerooni, M.D., M.S., Section III, Statement of Opinions (emphasis supplied). If Dr. Gruden's opinions are relevant, it is beyond question that Dr. Kazerooni's testimony that completely undercuts the validity of his opinions must also be relevant.

### III. Dr. Kazerooni's Expert Opinion is Not Cumulative or Otherwise Inappropriate.

Plaintiff argues that Dr. Kazerooni's proposed testimony is cumulative and designed only to bolster the testimony of other witnesses. Initially, Plaintiff's position is based on the false claim that Defendants are offering Dr. Litmanovich to testify as an expert witness, and on the

same subject matter at that.¹ In fact, Dr. Litmanovich <u>is not</u> being called by Defendants as an expert witness. Dr. Litmanovich has not provided, cannot provide, and will not provide an opinion on the quality of Plaintiff's reads versus the control group, nor will she offer her <u>opinion</u> on any other subject at trial. Instead, Dr. Litmanovich is being called as a fact witness related to actions she took in response to Dr. Rosen's request for an independent review. Dr. Litmanovich was never informed which, if any, Chest CT reads belonged to Dr. Desai and therefore will not be offering any opinion as to Dr. Desai's quality.

Dr. Kazerooni's proposed testimony is not cumulative, and Defendants are not calling Dr. Kazerooni to bolster any other witness's testimony, fact or expert. Defendants' fact witnesses will testify as to the facts of what occurred, i.e., how the review was performed, the results of the review, and the actions taken by Defendants in response to those results. Dr. Kazerooni will testify to <u>none</u> of these subjects. Instead, Dr. Kazerooni is being called specifically to rebut Dr. Gruden's opinions, and to point out their inaccuracy, biases, and flaws. Defendants do not intend to offer the testimony of <u>any other witness</u> at trial to opine on the merits of Dr. Litmanovich's review or to provide opinions about the individual reads included in that review, including by Dr. Litmanovich or Dr. Rosen. Indeed, should Dr. Gruden not be called to testify, Defendants will have no need to call Dr. Kazerooni as a witness. Defendants do not intend to offer Dr. Kazerooni's testimony for any inappropriate purpose, and she must be permitted to testify in the event that Dr. Gruden testifies at trial.

---

¹ Indeed, Plaintiff's strategy to limit all evidence at trial as to the propriety of the independent review is laid bare by their attempt to also exclude Dr. Litmanovich as a witness altogether (doc. 142, Plaintiff's Motion in Limine to Exclude Testimony of Dr. Litmanovich), hoping that Plaintiff will succeed in excluding all testimony about the blinded independent review except her own expert's biased opinions.

WHEREFORE, Defendants, UMass Memorial Medical Group, Inc., and Max Rosen, M.D., respectfully request that the Court deny Plaintiff's Motion in Limine to Exclude Expert Testimony of Ella A. Kazerooni, M.D.

Respectfully submitted,

**UMASS MEMORIAL MEDICAL GROUP, INC., AND MAX ROSEN, M.D.**

By their attorneys,

*/s/Reid M. Wakefield*
Robert L. Kilroy, Esq., BBO # 636853
Reid M. Wakefield, Esq., BBO # 569026
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone 508.860.1474
Fax 508.983.6261
rkilroy@mirickoconnell.com
rwakefield@mirickoconnell.com

Dated:  November 28, 2022

## CERTIFICATE OF SERVICE

I, Reid M. Wakefield, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this day.

*/s/Reid M. Wakefield*
Reid M. Wakefield, Esq.

Dated:  November 28, 2022