UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-cv-10520-TSH

| | |
|---|---|
| CHARU DESAI,<br>    Plaintiff,<br><br>v.<br><br>UMASS MEMORIAL MEDICAL<br>CENTER, INC., et al.,<br>    Defendants. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. LITMANOVICH** |

Defendants, UMass Memorial Medical Group, Inc. (the "Medical Group"), and Max Rosen, M.D., hereby oppose Plaintiff's Motion in Limine to Exclude Testimony of Dr. Litmanovich (doc. 142), and respectfully request that Plaintiff's Motion be denied. In support of their Opposition, Defendants submit the following Memorandum of Law.

## MEMORANDUM OF LAW

### I. Introduction

Plaintiff's supervisor, Max Rosen, M.D., had received various reports of concerns with the quality of Plaintiff's chest CT reads. In an effort to obtain a fair evaluation of Plaintiff's performance that he could be sure was free from any bias, Dr. Rosen retained Diana Litmanovich, M.D., a chest radiologist from outside of UMass Memorial, to conduct a blinded and controlled clinical review of the quality of Plaintiff's CT reads. The results of that independent review, when unblinded by Dr. Rosen, confirmed the reports that Plaintiff's quality was unacceptably poor, and on that basis, Dr. Rosen made the decision to terminate Plaintiff's employment.

Dr. Rosen designed all of the parameters of the review. Dr. Litmanovich had no involvement in establishing the methodology of the review and indeed had no knowledge of the methodology of the review. Dr. Litmanovich was provided with only de-identified images and corresponding reports for 50 CT studies. She was asked to conduct a clinical review of these materials and complete a spreadsheet indicating whether she agreed with the reviewing radiologist, and if she disagreed, to indicate whether it was minor or major disagreement and whether or not the disagreement would have an impact on patient care. Dr. Litmanovich performed this review completely blind and had no idea the number of radiologists who performed the reads included in the review, their identities, or any information about them. In fact, she had no idea whether all 50 CT studies were from a single radiologist or multiple radiologists. See **Exhibit A**, Affidavit of Diana Litmanovich, M.D., ¶¶ 4-11; Excerpts, Deposition Transcript of Max Rosen, M.D., pp. 158-159, attached as Exhibit C to Plaintiff's Motion.

Because this review played a key role in Dr. Rosen forming a belief about Dr. Desai's job performance and his resulting decision to terminate her employment, the details related to how the review was performed and the fact that it was conducted completely blinded and without bias will be a major fact issue at trial. Defendants have identified Dr. Litmanovich as a fact witness and intend to call her to testify at trial as to facts related to the information she was provided about the review, the materials she reviewed, the fact that the review was blinded and unbiased, and her qualifications as a chest radiologist and the reasonableness of selecting her to perform the review and relying on her findings.

## II.     Defendants are not Calling Dr. Litmanovich to Testify as an Expert Witness.

Plaintiff contends that Defendants "have falsely designated [Dr. Litmanovich] as a 'fact witness' when Defendants have her testifying as an expert," and, because Defendants have not designated Dr. Litmanovich as an expert witness, she should therefore be excluded from testifying at all. However, Defendants do not intend to offer Dr. Litmanovich to testify at trial as an expert witness. Defendants will not to seek to have her qualified as an expert witness, will not refer to her as an expert witness, and will not offer expert opinions of Dr. Litmanovich. Indeed, Defendants will not offer the opinion of Dr. Litmanovich at all, as an expert or a lay witness.

Instead, Defendants intend to offer Dr. Litmanovich as a fact witness to testify entirely as to facts within her own personal knowledge related to her role as a direct participant in the facts of this case, as outlined above. Dr. Rosen made his decision to terminate Dr. Desai's employment after the results of the independent review confirmed prior reports from multiple physicians that Dr. Desai's CT quality was woefully deficient. Plaintiff claims that Dr. Rosen's decision was made, not because of her poor quality, but because of age discrimination. A pivotal question at trial will be whether there could have been any bias in the performance of the independent review. Presumably, at trial, Plaintiff will contend that Dr. Litmanovich's review was somehow unfair or biased. Defendants intend to call Dr. Litmanovich to testify to facts to show that there was no bias in her review.

Defendants will not call Dr. Litmanovich to testify as to her opinion about Dr. Desai's quality, the methodology of the review as it relates to the comparison of Dr. Desai's reads to a control group, or as to her findings with respect to any of the studies she reviewed. In fact, Dr. Litmanovich cannot testify as to the methodology or structure of the review as established by

Dr. Rosen or as to her opinions of Dr. Desai's quality, because <u>she does not have knowledge of these subjects</u>.

The true reason Plaintiff seeks to exclude Dr. Litmanovich's testimony is to prevent Defendants from offering evidence to demonstrate to the jury that her review was entirely blinded, fair, and completely free from any bias or influence whatsoever. Plaintiff hopes that by excluding Dr. Litmanovich, they may use their expert witness, James Gruden, M.D., to assault the facts related to Dr. Litmanovich's review without Defendant having the ability to present the actual facts of that review. Indeed, Plaintiff also seeks to exclude the testimony of Defendants' actual expert witness on the subject matter of the findings of the independent review. <u>See</u> Plaintiff's Motion in Limine to Exclude Expert Testimony of Ella A. Kazerooni, M.D. (doc. 145).

The primary basis of Plaintiff's contention that Dr. Litmanovich should be considered an expert witness is not related to the proposed subject matter of her testimony, but the fact that Dr. Rosen has expressed a belief that he considers Dr. Litmanovich to be an expert in chest CT studies and that he requested her opinion based on a review of the reads included in the review. Of course, the fact that a witness may have expertise in a particular area or has provided a clinical opinion does not make one an expert witness for the purposes of trial. Neither <u>Dr. Rosen's belief</u> that Dr. Litmanovich is an expert in chest CT nor the fact that he requested that she provide him with her clinical opinion of reads from his Department relates to the question of whether Dr. Litmanovich's trial testimony constitutes expert opinion.

The fact that Dr. Litmanovich is a trained medical doctor and acted in that capacity does not make her testimony expert opinion. Dr. Litmanovich is no more an expert witness than any of the other of <u>eight</u> medical doctors listed by the parties as fact witnesses for trial, all of whom

undoubtedly have scientific expertise in their fields and hold opinions based on that expertise, including Dr. Desai herself. The fact that Dr. Litmanovich performed a clinical review of certain CT studies and formed a clinical opinion based on her review does not make her any different from Dr. Rosen, Dr. Dill, or Dr. Desai, who each formed opinions on the quality of Dr. Desai's reads based on their medical expertise. Notably, among these witnesses, it is <u>only</u> Dr. Litmanovich who will <u>not</u> be offering an opinion on Dr. Desai's quality. Further, the fact that Dr. Rosen chose to have a clinician from outside of the organization to conduct a review instead of someone internal, for example Dr. Dill, for the purpose of protecting against any bias does not change the analysis. Certainly, had Dr. Dill, as the Division Chief for Chest Radiologist (or Dr. Rosen, as Chair) performed the review, Plaintiff would not contend that she (or he) is an expert witness.

      Instead, the relevant question is whether a witness will offer expert opinions, as defined by the Federal Rules of Evidence, at trial. A party may offer an expert witness to testify in the form of an opinion if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Quite simply, Defendants are not offering Dr. Litmanovich to testify in the form of expert opinion.

      Plaintiff's alternative argument that, if Dr. Litmanovich is offered as an expert, she should be excluded because "the methodology used for her findings is fundamentally flawed," exposes the flaws in Plaintiff's position that Dr. Litmanovich is an expert witness. Indeed, Plaintiff spends the majority of her Motion attacking the reliability of an opinion that

Dr. Litmanovich <u>has never held and cannot offer</u>. Plaintiff contends that the methodology of comparing 25 of Dr. Desai's CT reads to 25 of a control group "was fundamentally flawed" and unreliable and that "Dr. Litmanovich has not explained how the comparison between 25 CT scans from Dr. Desai and 25 CT scans from other radiologists is a reliable methodology for determining the competence of Dr. Desai." Memorandum, pp. 5-6. However, Dr. Litmanovich <u>will not and cannot</u> testify as to the methodology of comparing 25 of Dr. Desai's CT reads to 25 of a control group. This is for the simple reason that Dr. Litmanovich <u>does not know that this comparison was ever done</u>. Dr. Litmanovich indeed has <u>no idea at all</u> how many reads were performed by how many radiologists. She does not know that Dr. Desai's reads were even included in the review. She has never opined and will not opine anything about Dr. Desai's reads or how Dr. Desai compares to any other radiologists. She quite simply never conducted this analysis.[1]

As Plaintiff well-knows, it was Dr. Desai's supervisor and the individual responsible for her performance, Dr. Rosen, who conducted this analysis, not Dr. Litmanovich. Dr. Litmanovich was simply the individual who performed the clinical review of the reads given to her by Dr. Rosen, so that instead of himself, Dr. Dill, or someone else within UMass Memorial performing the quality review of the reads, it was done by an unbiased clinician from outside of the organization.

### III. Dr. Litmanovich's Testimony will Not Prejudice Plaintiff in Any Way, but Excluding her Testimony will Significantly Prejudice Defendants.

Plaintiff herself has made the determination that Dr. Litmanovich is an expert witness, and because she was not disclosed as such, Plaintiff feigns prejudice to support her position that Dr. Litmanovich should therefore be excluded from testifying at all. This is a disingenuous tactic

---

[1] Plaintiff chose not to depose Dr. Litmanovich in discovery to explore her knowledge or subject matter of her testimony.

designed simply to exclude one of Defendants' witnesses from testifying at trial in an effort to gain an advantage. Indeed, Plaintiff can identify no prejudice, by her own definition.

Plaintiff contends that "[t]he purpose of [Rule 26(a)(2)(A)] is so that 'opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses'" and that "[i]f a party's expert disclosure is untimely, the party is not allowed to use that witness or relevant expert information 'to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless,'" citing Fed. R. Civ. P. 37(c)(1). Memorandum, p. 4. However, Plaintiff ignores the facts that 1) Dr. Litmanovich, the subject matter of her knowledge, and all documents related to her involvement were disclosed to Plaintiff <u>well over two years ago</u>, 2) Plaintiff chose, for whatever reason, <u>not to ever depose</u> Dr. Litmanovich, and 3) Plaintiff has <u>in fact retained an expert witness</u> in direct response to Dr. Litmanovich's review with full knowledge of her involvement. Any claim of unfair prejudice is specious.

Defendants disclosed Dr. Litmanovich in their Initial Disclosures on March 13, 2020. <u>See</u> **Exhibit B**, UMass Memorial Defendants' Initial Disclosures, p. 2. On June 5, 2020, <u>Plaintiff herself disclosed</u> Dr. Litmanovich in her Answers to Interrogatories as a "person[] who ha[s] knowledge of an[] occurrence, event, fact, or circumstance referenced in the Charges and/or the Complaint and/or in any way relevant to this Action." <u>See</u> **Exhibit C**, Excerpts, Plaintiff's Answers to Interrogatories, ¶ 2, No. 31. On March 20, 2020, before any request by Plaintiff, Defendants voluntarily produced every document in their possession related to the review performed by Dr. Litmanovich, including the documents she was provided, all communications with her by Defendants, and all documents concerning the results of her clinical review. <u>See</u> **Exhibit D**, Correspondence from R. Wakefield to P. Washienko, March 20, 2020, enclosing

documents identified as UMM 00545-705. On May 7, 2020, Dr. Rosen testified at deposition regarding the details of Dr. Litmanovich's involvement in the review. <u>See</u> Exhibit C to Plaintiff's Motion. Nevertheless, Plaintiff chose not to ever take the deposition of Dr. Litmanovich or to ever seek any other discovery from Dr. Litmanovich. Then, with full knowledge of the details of Dr. Litmanovich's review and involvement, Plaintiff chose to retain an expert witness, Dr. Gruden, for the <u>specific purpose</u> of opining on her review. Now, Plaintiff claims to be prejudiced because Defendants disclosed Dr. Litmanovich as a fact witness when Plaintiff recently decided that she believes her to be an expert witness. The reality is that Plaintiff has suffered no such prejudice, nor have they identified any prejudice.

Indeed, it is Defendants who would be prejudiced by the exclusion of Dr. Litmanovich's (fact) testimony at trial. As set forth above, whether there was bias or discrimination in her review is a pivotal fact at issue for trial, and should Defendants be prevented from offering Dr. Litmanovich to testify as to facts of her review, particularly in the face of Plaintiff suggesting that the review was biased or otherwise inappropriate, they would be significantly and unfairly prejudiced.

In the event the Court determines that Dr. Litmanovich should have been identified as an expert witness, Plaintiff has suffered no prejudice at all, and excluding Dr. Litmanovich's testimony from trial would be inappropriate and prejudicial to Defendants.

WHEREFORE, Defendants, UMass Memorial Medical Group, Inc., and Max Rosen, M.D., respectfully request that the Court deny Plaintiff's Motion in Limine to Exclude Testimony of Dr. Litmanovich.

Respectfully submitted,

**UMASS MEMORIAL MEDICAL GROUP, INC., AND MAX ROSEN, M.D.**

By their attorneys,

/s/Reid M. Wakefield
Robert L. Kilroy, Esq., BBO # 636853
Reid M. Wakefield, Esq., BBO # 569026
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone 508.860.1474
Fax 508.983.6261
rkilroy@mirickoconnell.com
rwakefield@mirickoconnell.com

Dated:  November 28, 2022

## CERTIFICATE OF SERVICE

I, Reid M. Wakefield, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this day.

/s/Reid M. Wakefield
Reid M. Wakefield, Esq.

Dated:  November 28, 2022