UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-CV-10520-TSH

| | |
|---|---|
| CHARU DESAI,<br>    Plaintiff,<br><br>v.<br><br>UMASS MEMORIAL MEDICAL<br>CENTER, INC., et al.,<br>    Defendants. | **RENEWED MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF JAMES F. GRUDEN, M.D., IN LIGHT OF TRIAL TESTIMONY** |

Defendants, UMass Memorial Medical Group, Inc. (the "Medical Group" or "UMass Memorial") and Max Rosen, M.D., renew their prior Motion in Limine to Exclude Expert Testimony of James F. Gruden, M.D., based on unequivocal and unrebutted trial testimony establishing as a matter of fact and law that Dr. Gruden's after-the-fact, un-blinded review of Chest CTs is wholly irrelevant to the motive and intent of Dr. Max Rosen, who made the decision to terminate the employment of Dr. Charu Desai when the blinded, independent review of Dr. Litmanovich confirmed reports Dr. Rosen had been receiving of substandard quality of Chest CT reads by Dr. Desai.

## CONTROLLING LAW

First Circuit case law is clear that in a discrimination case, the motive of the accused decision maker for the adverse action is the material question at issue. See Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009) (establishing "but-for" causation standard for ADEA claims); Lipchitz v. Raytheon Co., 434 Mass. 493, 506 (2001) (same for M.G.L. c. 151B claims of age discrimination). When assessing the decision maker's motive, controlling law makes clear that the jury may not assess the merits, or even rationality, of an employer's nondiscriminatory

business decisions.  Mesnick v. Gen. Elec. Co., 950 F.2d 816, 824-25 (1st Cir. 1991) ("[A] court's focus must be on the perception of the decisionmaker, that is, whether the employer believed its stated reason [for its decision] to be credible.").  In fact, absent discrimination, employers may choose to make decisions or take actions that might be considered arbitrary, unwise, unsound or even absurd.  Id.; Webber v. Int'l Paper Co., 417 F.3d 229, 238 (1st Cir. 2005).  Importantly, employers are not required to be correct in their decisions.  Joyal v. Hasbro, 380 F.3d 14, 19 (1st Cir. 2004); Morgan v. Mass. Gen. Hosp., 901 F.2d 186, 191 (1st Cir. 1990).  Thus, the decision by Dr. Rosen and his reliance of Dr. Litmanovich's independent review of 50 Chest CTs may be based on incorrect or erroneous conclusions of fact.  Bennett v. Saint-Gobain Corp., 507 F.3d 23, 31 (1st Cir. 2007); Ronda-Perez v. Banco Bilboa Vizcaya Argentaria-Puerto Rico, 404 F.3d 42, 45 (1st Cir. 2005).  Unfair decisions, without more, do not create an actionable legal right for a disappointed plaintiff.  Joyal, 380 F.3d at 19; Weber v. Community Teamwork, Inc., 434 Mass. 761, 778 (2001).

Based on the above controlling law, it is clear Dr. Rosen's reliance on the independent review by Dr. Litmanovich, even if such review contained errors according to Plaintiff's expert, Dr. Gruden, is not subject to challenge, unless Plaintiff is able to link any such alleged errors in Dr. Litmanovich's review with evidence that Dr. Rosen was aware of such errors.  The below-recited testimony makes clear this is a burden Plaintiff has not met and cannot meet.

Accordingly, the only purpose Dr. Gruden's testimony can possibly serve is to cause unfair prejudice to Defendants by misleading the jury and confusing the relevant question that the jury will be tasked with answering, not whether Dr. Litmanovich's review was entirely without fault, but whether Dr. Rosen relied upon it in making his decision.

**RELEVANT TRIAL TESTIMONY**

Based on the trial testimony of Charu Desai, M.D., and Max Rosen, M.D., the following evidence has been unrebutted:

1. Dr. Rosen sent images and reports for 50 Chest CTs to Dr. Litmanovich, a Chest Radiologist at Beth Israel Deaconess Medical Center, to conduct a quality review of the Chest CTs.

2. Dr. Rosen had removed all identifying information of the patients and the reading radiologists in the 50 Chest CTs sent to Dr. Litmanovich for review.

3. Dr. Litmanovich could not have been aware of the identities of any of the reading radiologists for the 50 Chest CTs being reviewed and could not have been aware of the age of any of the reading radiologists.

4. Dr. Rosen is not qualified as a Chest Radiologist to conduct a quality review of Chest CTs himself.

5. Dr. Rosen received from Dr. Litmanovich a report of her review of the 50 Chest CTs.

6. Dr. Rosen relied on the report of Dr. Litmanovich's review as accurate.

7. When un-blinded, the results of the review revealed that Dr. Desai's reads had several major errors that could affect patient safety and that the quality of the reads conducted by Dr. Desai were substantially worse than those of the control group.

8. Dr. Rosen determined, once he had the report from Dr. Litmanovich un-blinded, that Dr Desai's quality of Chest CT reads was substandard and could pose a risk to patient safety.

9. Dr. Rosen determined that the results of the independent review corroborated reports he had received from Dr. Karin Dill, the Division Chief for Cardiothoracic Radiology, and

from Dr. Kim Robinson, an Acute Care Pulmonologist and President of the Marlborough Hospital Medical Staff, that Dr. Desai's Chest CT reads were substandard and could not be trusted to be accurate.

10. Dr. Rosen did not seek the opinion of Dr. James Gruden as to Dr. Desai's quality and, therefore, could not possibly have relied upon Dr. Gruden's after-the-fact, un-blinded review of certain of the Chest CTs reviewed by Dr. Litmanovich.

11. The Plaintiff, Dr. Desai, has admitted that Dr. Rosen's decision to have 25 of her Chest CTs reviewed by an outside reviewer for quality purposes has nothing to do with her age.

12. Dr. Desai has admitted Dr. Rosen's decision to not speak with her about his quality concerns before seeking an independent review was not based on her age.

13. Dr. Desai has admitted the independent review has no relation to her age whatsoever.

14. Dr. Desai admitted she is not claiming Dr. Litmanovich's review was discriminatory based on age.

15. Dr. Desai admitted that Dr. Rosen's decision to terminate her employment without cause was based on his assessment that her quality was substandard.

## ARGUMENT

### I.     Dr. Gruden's After-The-Fact, Un-Blinded Review and Second Guessing of Dr. Litmanovich's Blinded Review Is Irrelevant To Dr. Rosen's Decision Making

Expert testimony must be relevant in order to be admitted at trial. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "[E]xpert testimony must be relevant not only in the sense that all evidence must be relevant, but also in the incremental sense that the expert's proposed opinion, if admitted, likely would assist the trier of fact to understand or determine a fact in issue." United States v. Diaz, 300 F.3d 66, 73

(1st Cir. 2002). Accordingly, the Court must determine that the expert testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue," a condition which "goes primarily to relevance." See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 591 (1993); Smith v. Jenkins, 732 F.3d 51, 64 (1st Cir. 2013). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." Daubert, 509 U.S. at 591, citing United States v. Downing, 753 F.2d 1224, 1242 (3d Cir. 1985) (Relevance includes "whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute").

As established through the testimony at trial, nothing Dr. Gruden could testify to at trial could have any relevance to the issue of Dr. Rosen's motive or intent in deciding to have an independent review conducted. Likewise, nothing Dr. Gruden could testify to at trial could have any relevance to the issue of whether Dr. Litmanovich's review was blind as to the reading radiologist's ages.[1] Further, Dr. Gruden's testimony could not alter Dr. Desai's testimonial admissions that 1) Dr. Litmanovich's review was blinded and therefore could not be age biased, and 2) Dr. Rosen's decision to terminate Dr. Desai's employment was based on his determination that her quality was substandard.

In light of the above, there can be no possible relevance to Dr. Gruden testifying in a manner designed to second guess Dr. Litmanovich's blinded review. Indeed, his testimony will only cause unfair prejudice to Defendants by misleading the jury and confusing the relevant question, and will further result in considerable wasting of the resources of the Court and of the parties. See Fed. R. Evid. 403.

---

[1] To the extent Plaintiff contends that Dr. Gruden's testimony is relevant as to the methodology of the review, Defendants rely on their previously filed papers which include unequivocal deposition testimony by Dr. Gruden that demonstrates conclusively that Dr. Gruden has no knowledge of this subject.

{Client Matter 15602/00540/A8117934.DOCX}     5

WHEREFORE, Defendants respectfully request that the Court ORDER that Plaintiff's expert, Dr. James F. Gruden, not be permitted to testify at trial.

Respectfully submitted,

**UMASS MEMORIAL MEDICAL GROUP, INC., and MAX ROSEN, M.D.**

By their attorneys,

*/s/ Robert L. Kilroy*
Robert L. Kilroy, Esq., BBO # 636853
Reid M. Wakefield, Esq., BBO # 569026
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone 508.860.1474
Fax 508.983.6261
rkilroy@mirickoconnell.com
rwakefield@mirickoconnell.com

Dated:  December 9, 2022

CERTIFICATE OF SERVICE

I, Robert L. Kilroy, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Robert L. Kilroy*
Robert L. Kilroy, Esq.

Dated: December 9, 2022