UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARU DESAI,<br>*Plaintiff*,<br><br>v.<br><br>UMASS MEMORIAL MEDICAL GROUP, INC., et al.,<br>*Defendants*. | CIVIL ACTION NO. 4:19-cv-10520-TSH<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S RENEWED MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF JAMES GRUDEN, M.D., IN LIGHT OF TRIAL TESTIMONY** |

**NOW COMES** Plaintiff Charu Desai (also referred to as "Plaintiff" or "Dr. Desai"), by and through her attorneys, Kolman Law, P.C., and the Upper Charles Legal Group, and files this Opposition to Defendants' Renewed Motion in Limine to Exclude the Testimony of James Gruden, M.D., in Light of Trial Testimony.

I. **INTRODUCTION**

If, perhaps, Dr. Rosen's trial testimony had been that the *only* evidence he had, and the only evidence upon which he relied in arriving at his determination to terminate Dr. Desai for quality issues, was the report of Dr. Litmanovich, then Defendants' third attempt to exclude Dr. Gruden would warrant more consideration. However, that is not the case before this Court—and certainly not the defense Defendants have offered thus far.

II. **DEFENDANTS' OVERLY NARROW AND SELF-SERVING FRAMING OF THE ISSUE OF FACT BEFORE THE JURY IS DISINGENUOUS WHERE DEFENDANTS HAVE RAISED AS A MATERIAL ISSUE DR. DESAI'S COMPETENCY AND WHERE PLAINTIFF HAS RAISED AS A**

1

## MATERIAL ISSUE THE METHODOLOGY OF THE INDEPENDENT REVIEW.

The Defendants have raised the question of Dr. Desai's general competence as a chest radiologist based on her alleged inability to accurately and consistently read chest CTs. Dr. Gruden's review of Dr. Desai's reads within the Dr. Litmanovich report—particularly as compared to other radiologists within the radiology department—speaks to that very question.

In his expert report, Dr. Gruden states that he provided "[s]pecific analysis of cases interpreted by Dr. Desai, which the over-reviewer claimed were misreads[.]" Expert Report of James F. Gruden, M.D., p. 2. Based on his review of the scans and reports read by Dr. Desai, Dr. Gruden opined that "Dr. Desai made no significant errors of interpretation and no errors in reporting and certainly there are, therefore, no errors that affect immediate patient management or outcome." Id. By comparison, Dr. Gruden states that the "CT scan images and corresponding reports… [that were] read by radiologists other than Dr. Desai…contain numerous, significant, and inexplicable typographical errors and several significant interpretative errors." Id. at p. 8. Dr. Gruden further opined that "[t]he reports of those studies conducted by other radiologists fell outside a reasonable standard [of care]." Id.

The jury will be asked to determine whether Dr. Desai was competent at reading chest CT scans. As discussed above, Dr. Gruden's testimony is directly relevant and helpful to the jury on that issue. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591 (1993) ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.") (citations omitted).

The jury will also be asked to determine whether Dr. Rosen's *method* for determining Dr. Desai's competency—i.e., by comparing 25 of Dr. Desai's CT scan reads with 25 CT scan reads

performed by various other radiologists—was reasonable, fair, and objective. On this issue, Dr. Gruden again will offer testimony that is both relevant and helpful to the jury. See id. In his report, Dr. Gruden states that "the apparent methodology of the instant review (i.e., that all of the cases were submitted in a small window in early 2017)…[led him to opine] that the method of peer review used in this case does not conform to any appropriate or well-known guidelines for a fair peer review process." Expert Report of James F. Gruden, M.D., p. 8.

In his deposition, Dr. Gruden further opines that the allegedly independent review did not involve a "representative group of cases." Deposition of James F. Gruden, M.D. ("Gruden Dep."), p. 196:15-197:6. At trial, Dr. Desai testified on re-direct that Dr. Rosen's motive for initiating the independent review was based on her age. Accordingly, Dr. Gruden's testimony as to the *method* of the independent review will speak directly to a material issue the jury will be asked to consider. See Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009).

Contrary to the Defendants' representations, Dr. Gruden's testimony can serve a purpose other than "misleading the jury and confusing the relevant question that the jury will be tasked with answering, not whether Dr. Litmanovich's review was entirely without fault, but whether Dr. Rosen relied upon it in making his decision." See Defendants' Renewed Motion in Limine to Exclude Expert Testimony of James F. Gruden, M.D., in Light of Trial Testimony ("Defendants' Renewed Motion"), p. 2. As discussed above, the relevant questions are whether Dr. Desai was competent at reading chest CT scans and whether Dr. Rosen's motive behind initiating the independent review was ageist. On both questions, Dr. Gruden will offer testimony that is both relevant and helpful to the jury. See Daubert, 509 U.S. at 591.

### III. CONCLUSION

Therefore, in light of the foregoing, the Plaintiff respectfully requests that Defendants' renewed Motion in limine be denied and the testimony of Dr. Gruden be admitted.

                                          Respectfully submitted,
                                          CHARU DESAI
                                          By her attorneys,

                                          */s/ Cromwell Johnson*
                                          _____
                                          D. Cromwell Johnson, Jr., Esq., BBO# 699414
                                          Joseph F. Comenzo, Esq., BBO# 667624
                                          Timothy D. Rodden, Jr., Esq., BBO# 691228
                                          Upper Charles Law Group, LLC
                                          81 Hartwell Avenue, Suite 101
                                          Lexington, MA 02421
                                          Phone: 617-600-7170
                                          Fax: 781-444-2461
                                          cjohnson@uclawgroup.com
                                          jcomenzo@uclawgroup.com
                                          trodden@uclawgroup.com

                                          And,

                                          Timothy M. Kolman, Esq., Pro Hac Vice
                                          Kolman Law, P.C.


### CERTIFICATION OF SERVICE

I, Cromwell Johnson, hereby certify that this document, filed through the ECF system has been sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                          */s/ Cromwell Johnson*
                                          _____
                                          Cromwell Johnson

Dated: December 11, 2022