UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-CV-10520-TSH

| | |
|---|---|
| CHARU DESAI,<br>    Plaintiff,<br><br>v.<br><br>UMASS MEMORIAL MEDICAL GROUP, INC., et al.,<br>    Defendants. | **DEFENDANTS' MEMORANDUM REGARDING JURY VERDICT FORM** |

Defendants, UMass Memorial Medical Group, Inc., and Max Rosen, M.D. (collectively, the "Defendants"), hereby submit the following memorandum regarding the Jury Verdict Form:

The law is well-settled in the First Circuit that in order for a plaintiff to demonstrate a *prima facie* case of age discrimination, the plaintiff must meet her burden to show that her performance met her employer's legitimate expectations.

> The framework is by now a familiar one. The plaintiff must initially make a *prima facie* showing of discrimination.
> …
> In an age discrimination case, this requires a demonstration that (i) the plaintiff was over the age of forty, (ii) **his work was sufficient to meet his employer's legitimate expectations**, (iii) his employer took adverse action against him, and (iv) the employer sought a replacement with roughly equivalent job qualifications, thus revealing a continued need for the same services and skills. See, e.g., Hebert v. Mohawk Rubber Co., 872 F.2d 1104, 1110 (1st Cir.1989); Menzel v. Western Auto Supply Co., 848 F.2d 327, 328 (1st Cir.1988). This showing gives rise to an inference that the employer discriminated due to the plaintiff's advanced years.

Mesnick v. Gen. Elec. Co., 950 F.2d 816, 823 (1st Cir. 1991) (internal citations omitted; emphasis supplied).

> [The burden-shifting] framework requires the employee, in the first instance, to make out a prima facie case. To accomplish this modest task, the plaintiff must adduce evidence showing four facts: (i) that he is a member of the protected group; that is, that he was at least forty years of age when dismissed from his

> employment; (ii) **that his job performance met or exceeded his employer's legitimate expectations**; (iii) that his employer actually or constructively discharged him; and (iv) that his employer had a continuing need for the services that he had been rendering. See Dávila, 498 F.3d at 15; Velázquez–Fernández v. NCE Foods, Inc., 476 F.3d 6, 11 (1st Cir.2007).

Bennett v. Saint-Gobain Corp., 507 F.3d 23, 30 (1st Cir. 2007) (emphasis supplied).

> The initial burden lies with the plaintiff to demonstrate a prima facie case of discrimination. See, e.g., Velázquez–Fernández v. NCE Foods, Inc., 476 F.3d 6, 11 (1st Cir.2007). To satisfy this burden, the plaintiff must produce evidence showing four facts: (i) that he was at least forty years old when shown the door; (ii) **that his job performance met or exceeded the employer's legitimate expectations**; (iii) that his employer actually or constructively discharged him; and (iv) that his employer had a continuing need for the services he formerly furnished. *See id.; Suárez,* 229 F.3d at 53.

Davila v. Corporacion De Puerto Rico Para La Difusion Publica, 498 F.3d 9, 15 (1st Cir. 2007) (emphasis supplied).

> Under [the burden-shifting] analysis, a plaintiff establishes a *prima facie* claim of age discrimination by showing that: (1) he was at least 40 years old; (2) **he met the employer's legitimate job performance expectations**; (3) he experienced an adverse employment action; and (4) the employer had a continuing need for the services provided previously by the plaintiff. See, e.g., Suárez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir.2000).

Velazquez-Fernandez v. NCE Foods, Inc., 476 F.3d 6, 10-11 (1st Cir. 2007) (emphasis supplied).

> The first step in [the burden-shifting] progression involves the employee's *prima facie* case. To climb this step, an employee suing under the ADEA for termination of employment must adduce evidence which, if believed, suffices to prove four facts: (1) that he was at least forty years old when he and his employer parted company; (2) **that his job performance met the employer's legitimate expectations**; (3) that he lost his position through an adverse employment action attributable to the employer (typically, a firing); and (4) that the employer had a continuing need for the services that he had been rendering. See, e.g., id.; Freeman v. Package Mach. Co., 865 F.2d 1331, 1335 (1st Cir.1988); Menzel v. Western Auto Supply Co., 848 F.2d 327, 328 (1st Cir.1988).

Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000) (emphasis supplied).

The Massachusetts Supreme Judicial Court instead characterizes this element as requiring a plaintiff to demonstrate that she was performing her job at an acceptable level, which is an equivalent standard.

> In the first stage, the plaintiff has the burden to show by a preponderance of the evidence a *prima facie* case of discrimination. Since our decision in Wheelock College, supra, a plaintiff carries the burden of a *prima facie* case of discrimination with evidence that: (1) he is a member of a class protected by G.L. c. 151B; (2) **he performed his job at an acceptable level**; (3) he was terminated; and (4) his employer sought to fill the plaintiff's position by hiring another individual with qualifications similar to the plaintiff's.

Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 441 (1995) (emphasis supplied).

> In the first stage of [the burden-shifting] paradigm, the plaintiff has the burden to show a prima facie case of discrimination. To do so, a plaintiff must provide evidence that: (1) he [or she] is a member of a class protected by G.L. c. 151B; (2) **he [or she] performed his [or her] job at an acceptable level**; [and] (3) he [or she] was terminated.

Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 681 (2016) (quoting Blare, 419 Mass. at 441) (emphasis supplied).

> [The Court] instructed the jury of the elements of a prima facie case of age discrimination, as set forth by the Appeals Court, see Mitchell v. TAC Tech. Servs., Inc., 50 Mass.App.Ct. 90, 92, 734 N.E.2d 1198 (2000); Tardanico v. Aetna Life & Cas. Co., 41 Mass.App.Ct. 443, 447 n. 4, 671 N.E.2d 510 (1996), requiring the plaintiff to demonstrate that she (1) was a member of the class protected by G.L. c. 151B (that is, over forty years of age); (2) **had performed her job at an acceptable level**; (3) was terminated; and (4) was replaced by a similarly or less qualified younger person.

Knight v. Avon Products, Inc., 438 Mass. 413, 420-21 (2003) (emphasis supplied).

Clearly, in order for a plaintiff to perform her job at an acceptable level, she must meet the expectations of her employer.

Accordingly, Defendants propose that the Court re-issue the Verdict Form, with revisions to Questions 1(a), 2(a), and 3(a), so that they read as follows:

Do you find by a preponderance of the evidence that plaintiff Dr. Charu Desai's job performance met the legitimate expectations of UMass Memorial at the time of her termination, she was at least 40 years old at the time of her termination, and that she was replaced?

> Respectfully submitted,
>
> **UMASS MEMORIAL MEDICAL GROUP, INC., and MAX ROSEN, M.D.**
>
> By their attorneys,
>
> */s/ Reid M. Wakefield*
> Robert L. Kilroy, Esq., BBO # 636853
> Reid M. Wakefield, Esq., BBO # 569026
> Mirick, O'Connell, DeMallie & Lougee, LLP
> 1800 West Park Drive, Suite 400
> Westborough, MA 01581
> Phone 508.860.1474
> Fax 508.983.6261
> rkilroy@mirickoconnell.com
> rwakefield@mirickoconnell.com

Dated: December 15, 2022

## CERTIFICATE OF SERVICE

I, Reid M. Wakefield, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this day.

> */s/ Reid M. Wakefield*
> Reid M. Wakefield

Dated: December 15, 2022