UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARU DESAI,<br>*Plaintiff*,<br><br>v.<br><br>UMASS MEMORIAL MEDICAL GROUP, INC., et al.,<br>*Defendants*. | CIVIL ACTION NO. 4:19-cv-10520-TSH<br><br>PLAINTIFF'S MEMORANDUM REGARDING JURY INSTRUCTIONS AND VERDICT FORM |

Plaintiff, Charu Desai ("Dr. Desai"), hereby submits the following memorandum regarding the Jury Instructions and Jury Verdict Form:

Contrary to Defendants' Memorandum Regarding Jury Verdict Form, and *consistent with Defendants' Proposed Jury Instructions*, the Plaintiff need not show as part of her *prima facie* case that she satisfied the legitimate expectations prong where Defendants have produced, as a legitimate, nondiscriminatory reason for Plaintiff's termination, that she failed to satisfy Defendants' legitimate expectations of a Radiologist. Therefore, the Jury Instructions and Jury Verdict Form should be amended accordingly.

 I. **THE FIRST CIRCUIT'S DECISION IN *MELENDEZ* MAKES CLEAR THAT PLAINTIFF NEED NOT PROVE THE LEGITIMATE EXPECTATIONS PRONG OF THE PRIMA FACIE CASE WHERE DEFENDANTS HAVE ASSERTED THAT HER FAILURE TO MEET THEIR LEGITIMATE EXPECTATIONS IS A NONDISCRIMINATORY REASON WARRANTING TERMINATION.**

In *Melendez v. Autogermana, Inc.*, the First Circuit was presented with an action in which an employer allegedly terminated an employee for failing to meet the employer's legitimate expectations of job performance. See 622 F.3d 46 (2010), citing Wexler v. White's Fine

1

Furniture, Inc., 317 F.3d 564, 574 (6th Cir. 2003); see also Dusel v. Factory Mutual Insurance Company, 52 F.4th 495, (1st Cir. Nov. 1, 2022) ("A [c. 151B] plaintiff is not required, at the prima facie stage, to disprove the defendant's proffered nondiscriminatory reason for taking an adverse employment action"). In analyzing whether the employee had satisfied his burden of proving a *prima facie* case, the Court stated that "we cannot 'consider the employer's alleged discriminatory reason for taking an adverse action[.]'" Melendez, 622 F.3d at 51. The Court explained that "because Autogermana invoked Melendez's failure to meet the sales quota in arguing that Melendez was dismissed for non-discriminatory reasons, we cannot rely on Melendez's poor sales performance in assessing whether he satisfied the legitimate expectations prong of the *prima facie* case." Id. In particular, the Court pointed out that "[i]f we were to consider Autogermana's stated reason for firing Melendez as evidence that he was not meeting the company's expectations, we would 'bypass the burden-shifting analysis and deprive the plaintiff of the opportunity to show that the nondiscriminatory reason was in actuality a pretext designed to mask discrimination.'" Melendez, 622 F.3d at 51, citing Wexler, 317 F.3d at 574.

Here, the Final Jury Instructions state that "defendants argue that Dr. Desai's employment was terminated to ensure patient safety due to concerns raised regarding the quality of her work as a chest radiologist." In other words, Defendants assert as nondiscriminatory reasons for terminating Dr. Desai's employment that Dr. Desai failed to meet the *legitimate expectations* of a chest radiologist. Accordingly, in analyzing whether Dr. Desai has satisfied her burden of proving a *prima facie* case, it is improper for the jury to consider whether Dr. Desai met Defendants' legitimate expectations of a chest radiologist at the time of her termination. Melendez, 622 F.3d at 51. Requiring Dr. Desai to meet this onerous burden would "bypass the burden-shifting analysis and deprive [her] of the opportunity to show that [Defendants']

nondiscriminatory reason was in actuality a pretext designed to mask discrimination." Melendez, 622 F.3d at 51, citing Wexler, 317 F.3d at 574.

## II. DEFENDANTS' PROPOSED JURY INSTRUCTIONS ARE IN ACCORDANCE WITH THE RULE SET FORTH IN *MELENDEZ*.

In Defendants' Proposed Jury Instructions, they make no mention of "legitimate [performance] expectations" in the context of Dr. Desai's burden of proving a *prima facie* case. See Defendants' Proposed Jury Instructions, dated November 21, 2022, ¶¶ 8-17. Indeed, Defendants propose that "[t]o prevail on her claim, Dr. Desai must prove:

> First, that she was subjected to an adverse action in the form of termination of employment by UMass Memorial Medical Group;
> Second, she was 40 years or older when she was subjected to an adverse action in the form of termination of employment by UMass Memorial Medical Group; and
> Third, UMass Memorial Medical Group would not have terminated Dr. Desai's employment but for her age.

Id. at ¶ 11. Separately, Defendants discuss that they have provided a nondiscriminatory reason for Dr. Desai's termination, and that the burden remains with Dr. Desai to prove Defendants' stated reason for her termination was a pretext. Id. at ¶ 12. Clearly, then, Defendants' Proposed Jury Instructions anticipated the proper form of instruction in the instant action as set forth in *Melendez*. See 622 F.3d at 51.

## III. IF THE COURT IS INCLINED TO INCLUDE IN ITS JURY INSTRUCTION THE ISSUE OF DR. DESAI'S PERFORMANCE, AS A PRONG OF HER PRIMA FACIE CASE, THE APPROPRIATE TERMINOLOGY IS WHETHER SHE WAS "QUALIFIED" FOR HER JOB.

At summary judgement, this Court stated that in order to make out a *prima facie* case of age discrimination, Dr. Desai must "show that (1) she belongs to a protected class, (2) she is qualified for her job, (3) the Medical Group subjected her to an adverse employment action, and (4) the Medical Group treated her differently tha[n] other comparably qualified individuals."

3

Desai v. University of Massachusetts Memorial Medical Center et al., 2022 WL 1746782, at *4 (D. Mass. 2022), citing Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 54 (1st Cir. 2000). This is also the same burden that the First Circuit in *Bonefont-Igaravidez v. International Shipping Corp.* applied at the *prima facie* stage in an ADEA claim. See 659 F.3d 120, 124 (1st Cir. 2011) (at the *prima facie* stage, a terminated employee bears the initial burden of proving "he was qualified for the position that he had held"). Accordingly, at the *prima facie* stage, Dr. Desai need only prove by a preponderance of the evidence that she was "qualified" for her job—not that she "met her employer's expectations."

## IV. PROPOSED REVISIONS TO JURY INSTRUCTIONS

Accordingly, Plaintiff proposes that the Court re-issue the Jury Instructions, with revisions to page 16 as follows:

(1) The plaintiff must prove, by a preponderance of the evidence, that she was subject to an adverse employment action, she was at least 40 years old at the time, and she was replaced after the adverse action.

Additionally, Plaintiff proposes that the Court re-issue the Jury Verdict Form, with revisions to 1(a), 2(a), and 3(a), as follows:

Do you find by a preponderance of the evidence that plaintiff Dr. Charu Desai was at least 40 years old at the time of her termination, and that she was replaced?

Alternatively, Plaintiff proposes that the Court re-issue the Jury Instructions, as follows:

(1) The plaintiff must prove, by a preponderance of the evidence, that she was subject to an adverse employment action, she was at least 40 years old at the time, she was qualified for the position of Radiologist, and she was replaced after the adverse action.[1]

---

[1] If the Court is inclined to re-issue the Jury Instructions consistent with Plaintiff's proposal here, then there will be no need to re-issue 1(a), 2(a), and 3(a) of the Jury Verdict Form.

4

        Respectfully submitted,
        CHARU DESAI
        By her attorneys,


/s/ D. Cromwell Johnson, Jr.
D. Cromwell Johnson, Jr., Esq. BBO # 699414
Timothy D. Rodden, Jr., Esq., BBO # 691228
John B. Koury, Esq., BBO # 694088
Joseph F. Comenzo, Esq., BBO # 667624
Upper Charles Law Group, LLC
81 Hartwell Avenue, Suite 101
Lexington, MA 02421
Phone: 617-600-7170
Fax: 781-444-2461
trodden@uclawgroup.com
jkoury@uclawgroup.com
jcomenzo@uclawgroup.com

And,

Timothy M. Kolman, Esq., Pro Hac Vice
Kolman Law, P.C.

Dated: December 15, 2022

## CERTIFICATION OF SERVICE

I, Cromwell Johnson, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

        /s/ D. Cromwell Johnson
        D. Cromwell Johnson